IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
_____ DIVISION

| | |
|---|---|
| Catlin Syndicate Limited, | * |
| Plaintiff, | * |
| v. | *   CIVIL ACTION NO. _____ |
| RAMUJI, LLC DBA BUDGET INN AND PEOPLES INDEPENDENT BANK, | * |
| Defendant. | * |

COMPLAINT FOR DECLARATORY JUDGMENT

This is an action for Declaratory Judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28. U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of an actual and immediate controversy that presently exists among Plaintiff Catlin Syndicate Limited ("Plaintiff" and/or "Catlin") and Defendants Ramuji, LLC dba Budget Inn ("Ramuji") and Peoples Independent Bank ("PIB").

Specifically, Catlin asks the Court to declare that (1) commercial insurance policy no. ULL20018 issued to Ramuji (the "Policy") is void *ab initio* due to material misrepresentations in its application and (2), with respect to Ramuji's April 2, 2016 fire loss, PIB has no standing as a named mortgagee on the Policy. In the alternative, Catlin asks the Court to declare that no coverage is afforded to Ramuji under the Policy due to one or more violations of the Policy's "Protective Safeguards" provision and "Representations and Warranties" endorsement. In support of the relief requested herein, Catlin alleges as follows:

PARTIES AND JURISDICTION

1.  Plaintiff Catlin is the sole capital provider to Syndicate 2003, which is one of many syndicates that transact business in the marketplace known as Lloyd's of London. Catlin

underwrote 45% of the Policy and thus subscribed to 45% of the risk on that policy. Catlin is a corporation organized and existing under the laws of England, with its registered office and principal place of business in London, England. Catlin is therefore deemed to be a citizen or subject of a foreign state pursuant to 28 U.S.C. §1332. Catlin is entitled to maintain this action without joining the other subscribers to the policy and without regard to their citizenship. See Corfield v. Dallas Glen Hills, LP, 355 F.3d 853, 864 (5th Cir. 2003); Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1091-92 (11th Cir. 2010) (*dicta* agreeing with and endorsing holdings in Corfield and similar cases).

2. Defendant Ramuji, LLC is and was at all times relevant hereto a single-member limited liability company. Its sole member is and was at all times relevant hereto Suresh Desai, who is an Alabama citizen and resident. Therefore, for purposes of diversity, Ramuji, LLC is deemed to be a citizen of the State of Alabama. See Rolling Greens MHP, L.P. v. Comast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant Ramuji is also an Alabama Limited Liability Company with its principal place of business in Gadsden, Alabama. This complaint may be served on Ramuji through its registered agent, Suresh B. Desai, located at 2704 W. Meighan Blvd., Gadsden, AL 35904.

3. Defendant PIB is an Alabama corporation with its principal place of business in Boaz, Alabama. PIB is therefore deemed to be a citizen of the State of Alabama pursuant to 28 U.S.C. §1332 (c)(1). This complaint may be served on PIB through its registered agent, David L. Jones, located at 2305 Worth Street, Guntersville, Alabama 35976.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

PD.19841682.1

5. The Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(2), because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and because the action is between a citizen(s) of a state and a citizen or subject of a foreign state.

6. Venue in this action is proper under 28 U.S.C. §1391.

7. This Court has personal jurisdiction over Ramuji.

8. This Court has personal jurisdiction over PIB.

## FACTS

9. On or about May 16, 2011, Days Inns Worldwide, Inc. obtained a judgment in the amount of $95,651.56 against Ramuji, its Managing Member, Mr. Shresh Desai ("Desai") and Sudha Desai. A Notice of Filing of Foreign Judgment was thereafter filed in the Circuit Court of Etowah County, Alabama. A true, correct and complete copy of the Notice and Judgment are attached collectively hereto as Exhibit "A." As of July 8, 2016, the judgment lien had not been satisfied or released.

10. On or about November 26, 2012, Knights Franchise Systems, Inc. obtained a judgment in the amount of $93,327.28 against Ramuji and Mr. Desai, in the Superior Court of New Jersey Law Division, Morris County. A Notice of Filing of Foreign Judgment was thereafter filed in the Circuit Court of Jefferson County, Alabama. A true, correct and complete copy of the Notice and Judgment are attached collectively hereto as Exhibit "B." As of July 8, 2016, the judgment lien had not been satisfied or released.

11. On or about May 8, 2015, Ramuji, through its retail insurance agent, Randy Jones & Associates, and with the assistance of a wholesale/surplus lines broker, Johnson & Johnson, Inc., submitted a signed Commercial Insurance Application for commercial property coverage for its motel, located at 12960 Highway 431 South, Boaz, Alabama, as well as for business

3

personal property, business income with extra expense and an outdoor sign. A true, correct and complete copy of Ramuji's Signed Application is attached as Exhibit "C."

12. Ramuji, in its application, intentionally concealed the material fact that at the time of the application, it had at least two unsatisfied and unreleased judgment liens filed against it. Specifically, Question no. 10 in the application asked whether Ramuji "HAD A JUDGMENT OR LIEN DURING THE LAST FIVE (5) YEARS." Ramuji's response in the application was "N," or no. See, Ex. "C."

13. Without knowledge of the existence of the unsatisfied and unreleased judgment liens, Certain Underwriters at Lloyd's, London ("Underwriters") issued the Policy to Ramuji, effective May 9, 2015 through May 9, 2016. A true, correct and complete copy of the Policy is attached as Exhibit "D." The Policy provided $1,732,136 in building coverage for Ramuji's motel located at 12960 Highway 431 South, Boaz, Alabama in addition to $150,000.00 in business personal property coverage, $200,000.00 in business income with extra expense coverage and $15,000.00 in coverage for an outdoor sign for total insurance limits of $2,097,136.00. Catlin subscribed to 45% of the risk on the Policy. Underwriters would not in good faith have underwritten the Policy had they known that Ramuji had two unsatisfied and unreleased judgment liens pending against it in the previous five (5) years or it would have underwritten it at a much higher premium.

14. The Policy includes a "Statements, Warranties and Representations" provision, which provides:

> *By accepting this policy, you agree that:*
>
> a. *The application(s) for insurance completed by you or any agent acting on your behalf will be considered a part of this policy including all statements, warranties and representations;*

      b.    The statements, warranties and representations are accurate and complete;

      c.    We have issued this policy in reliance upon your statements, warranties and representations; and

      d.    Except as otherwise provided by law, this policy is void in any case of fraud or if any insured (or any agent or person acting on behalf of or for the benefit of any insured) conceals or misrepresents, either intentionally or unintentionally, any material fact or circumstance relating to this insurance.

15.    The Policy contains a "Representations and Warranties" endorsement (the "Endorsement"), which provides:

*This endorsement modifies insurance provided under the following:*

**SPECIAL COVERAGE PART**
**NAMED PERILS COVERAGE**

A.    *The Named Insured understands and agrees that the following representations and warranties are material and that the Company is relying on the truthfulness of these representations and warranties, which are made the basis of and a condition for the Company' acceptance of the risks covered by this insurance. The Named Insured further understands and agrees that if any of the following material representations and warranties are false, or if the Named Insured fails to comply with any of the following representations and warranties at any time during the "policy period", the Named Insured shall be deemed to have breached this insurance policy. A breach of any of the following representations and warranties will result in this policy not applying to any claim or suit brought hereunder.*

B.    *The Named Insured hereby represents and warrants that the following statements are true and correct as of the inception date of the policy:*

    1.    *The information contained in the Application(s) is a just, full and true exposition of all the facts and circumstances with regard to the risk to be insured.*

    2.    *No claims have been made nor have any suits been filed against you or any other insured in the past five (5) years other than as disclosed in the Application(s) submitted to us.*

    3.    *There have been no losses in the past five (5) years other than as disclosed in the Application(s) submitted to us.*

    4.    *There are no facts, acts, incidents, injuries or other circumstances which may result in a Claim or Suit against you or any other insureds.*

5

> C.  *The Named Insured further represents and warrants that the following statements are true and correct as of the inception date of the policy <u>AND</u> will remain so at all times during the "policy period":*
>
> *The following apply to ALL location(s):*
>
> 1. *The insured premises, including but not limited to all buildings, structures and parking lots, are in compliance with all federal, national, state and local codes and/or requirements as respects fires, life safety (including, but not limited to: the National Fire Protection Association Life Safety Code Standard 101), occupancy, and building construction, maintenance, reconstruction, restoration and/or repair.*
>
> 2. *There are operable smoke detectors in each unit, office, utility/laundry room and storage area.*
>
> 3. *No commercial cooking is done on any insured premises.*
>
> *ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.*

16. In conjunction with the Representations and Warranties endorsement, the Policy also contains a "Protective Safeguards" provision, which provides:

> *It is a condition of this insurance that the Named Insured shall maintain so far as within his control such protective safeguards set forth in this policy or by endorsement hereto.*
>
> *Failure to maintain such protective safeguards shall void this insurance for the time of such discontinuance and we will not be obligated to make payments hereunder.*

17. A fire loss occurred at the insured motel on April 2, 2016. Underwriters timely acknowledged Ramuji's claim, commenced a good-faith investigation and, by letter dated April 7, 2016, reserved their rights under the Policy.

18. Three weeks after the fire loss, on April 25, 2016, Ramuji, through its retail agent, requested that PIB be added to the Policy as a mortgagee "effective at inception." Ramuji was advised that PIB could not be retroactively added as a mortgagee but that it could be added effective the day of the request.

19. Underwriters issued Endorsement No. 1, adding PIB as a mortgagee effective April 25, 2016. See, Ex. "D." PIB was not listed as a mortgagee on the Policy on the date of loss, April 2, 2016, and thus is, at most, an equitable lienholder to any proceeds to which Ramuji may be entitled under the Policy.

20. PIB has made a verbal request for coverage under the Policy as a mortgagee. However, no written claim or Proof of Loss has been tendered by it to date.

21. By letter dated May 19, 2016, Underwriters, in conjunction with their ongoing reservation of rights under the Policy, requested Ramuji's Examination Under Oath, as well as the production of relevant books and records.

22. The examination was conducted on July 8, 2016. During the examination, Ramuji, through its Managing Member, Mr. Desai, testified to facts, which constitute numerous violations of national, state and local codes and/or requirements.

23. At its EUO, Ramuji also testified that one or more judgment liens filed against it remained outstanding and had not been released or otherwise satisfied.

24. Based on their investigation and Ramuji's testimony, Underwriters determined that the Policy was subject to rescission based upon material misrepresentations in its application, namely, its failure to disclose two unsatisfied and unreleased liens against it.

25. In the alternative, Underwriters determined no coverage was available to Ramuji based upon the following violations of the Protective Safeguards provision and/or Representations and Warranties endorsement in the Policy:

    a. Failing to inspect and/or maintain the fire alarm system, as required by the Rules of the Alabama State Board of Health, Bureau of Environmental

7

        Services, Chapter 420-3-11 and the National Fire Protection Association (NFPA 72) Fire and Signaling Code.

b. Failing to equip each guest room with an operational and compliant smoke detector as required by the Rules of the Alabama State Board of Health, Bureau of Environmental Services, Chapter 420-3-11 and the National Fire Protection Association (NFPA 101) Life Safety Code.

c. Failure to inspect fire extinguishers on an annual basis or record monthly visual inspections. The fire extinguishers were last inspected in December 2014. Further, there was no record of monthly visual inspections, and at least two of the fire extinguishers did not have sufficient pressure to activate the extinguishers. National Fire Protection Association (NFPA 10) Standard for Portable Fire Extinguishers.

d. Failure to maintain continuous supervision of manual alarm station, in violation of NFPA 101 Life Safety Code.

e. The electrical conditions that were observed were not in compliance with the National Electrical Code.

    (1) The electrical circuit breaker panels are required to be unobstructed within 35 inches of the front of the panel.

    (2) The electrical conducts are required to be routed within electrical conduit and all of the electrical connections are required to be in an approved electrical junction box.

      (3)     Electrical switches shall not be installed within wet locations in tub or shower spaces unless installed as part of a listed tub or shower assembly.

    f.     The remodeling and renovations to the motel were completed without the approval of plans by the Alabama State Board of Health, in violation of the State of Alabama Architectural law, Public Health Regulations, and Building Commission building codes.

    g.     The use of a rain downspout for the kitchen's exhaust system was not an approved ventilation system.

    h.     Failing to disclose the judgments and liens filed against it.

26. By letter dated August 16, 2016, Underwriters advised Ramuji that the Policy was subject to rescission based on material misrepresentations in the application for coverage, and they refunded Ramuji's premium, with interest, in the amount of $11,398.67. Underwriters advised Ramuji, in the alternative, that no coverage is afforded for the fire loss under the Policy due to the aforementioned violations of the Protective Safeguards provision and/or Representations and Warranties endorsement.

COUNT I

THE POLICY IS SUBJECT TO RESCISSION <em>AB INITIO</em> DUE TO MATERIAL MISREPRESENTATIONS IN THE APPLICATION

27. The allegations contained in paragraphs 1 through 26 of Catlin's Complaint are incorporated herein by reference as if fully set forth herein.

28. At the time Ramuji sought insurance coverage with Underwriters, it had two unsatisfied, unreleased judgment liens filed against it in 2011 and 2012, respectively.

29. Ramuji failed to disclose the liens to Underwriters in its Policy application.

30. The Policy contained a Statements, Warranties and Representations provision, which provides the statements, warranties and representations made in the application are accurate and complete.

31. By failing to disclose the unsatisfied judgment liens in its application, Ramuji committed one or more breaches of the Statements, Warranties and Representations provision.

32. The Statements, Warranties and Representations provision was a promissory warranty and was a condition precedent to payment of any claim under the Policy.

33. The Statements, Warranties and Representations promissory warranty was breached, and any breach renders the coverage provided under the Policy null and void.

34. Ramuji intentionally concealed, intentionally misrepresented and fraudulently failed to disclose the judgment liens to Underwriters.

35. Underwriters would not have underwritten the Policy had it known of the two judgment liens or would have underwritten it at a much higher premium.

36. Under 28 U.S.C. §2201, there exists an actual and immediate controversy concerning Underwriters' right to rescind coverage under the subject Policy, and Catlin asks this Court to declare its rights under the Policy.

WHEREFORE, the premises considered, Catlin prays that the Court will issue a declaratory judgment that the Policy is subject to rescission *ab initio* based on material misrepresentations in the application for coverage.

## COUNT II

## PIB DOES NOT HAVE STANDING AS A NAMED MORTGAGEE FOR THE APRIL 2, 2016 FIRE LOSS

37. The allegations contained in paragraphs 1 through 36 of Catlin's Complaint are incorporated herein by reference as if fully set forth herein

38. On the date of loss, April 2, 2016, there was no named mortgagee listed on the Policy.

39. Ramuji's first request to include PIB as a named mortgagee on the Policy came more than three (3) weeks after the fire loss.

40. An endorsement was issued to include PIB as a named mortgagee on the Policy effective *after* the fire loss, on April 25, 2016.

41. Under 28 U.S.C. §2201, there exists an actual and immediate controversy concerning PIB's standing to present a claim under the Policy for the April 2, 2016 fire loss as a named mortgagee, and Catlin asks this Court to declare its rights under the Policy.

WHEREFORE, the premises considered, Catlin prays that the Court will issue a declaratory judgment that PIB does not have standing as a named mortgagee for the April 2, 2016 fire loss.

## COUNT III

### IN THE ALTERNATIVE, NO COVERAGE IS PROVIDED TO RAMUJI FOR THE APRIL 2, 2016 FIRE LOSS DUE TO ONE OR MORE BREACHES OF THE PROTECTIVE SAFEGUARDS PROVISION

42. The allegations contained in paragraphs 1 through 41 of Catlin's Complaint are incorporated herein by reference as if fully set forth herein

43. The Policy contained a Protective Safeguards provision, which provides that Ramuji must maintain all protective safeguards set forth in the Policy and any endorsement.

44. It is believed that Ramuji failed to maintain one or more protective safeguards, as set forth herein above.

45. The Protective Safeguards provision was a promissory warranty and was a condition precedent to payment of any claim under the Policy.

46. The Protective Safeguard promissory warranty was breached, and any breach renders the coverage provided under the Policy null and void.

47. Under 28 U.S.C. §2201, there exists an actual and immediate controversy concerning whether coverage may be afforded to Ramuji due to one or more breaches of the Protective Safeguards provision in the Policy.

WHEREFORE, the premises considered, Catlin prays that the Court will issue a declaratory judgment that no coverage is afforded to Ramuji under the Policy for the April 2, 2016 fire loss due to one or more breaches of the Protective Safeguards provision in the Policy.

### COUNT IV

### IN THE ALTERNATIVE, NO COVERAGE IS PROVIDED TO RAMUJI FOR THE APRIL 2, 2016 FIRE LOSS DUE TO ONE OR MORE VIOLATIONS OF THE REPRESENTATIONS AND WARRANTIES ENDORSEMENT

48. The allegations contained in paragraphs 1 through 47 of Catlin's Complaint are incorporated herein by reference as if fully set forth herein

49. The Policy contained a Representations and Warranties endorsement, which provides that Ramuji must maintain operable smoke detectors in all sleeping areas and comply with applicable codes, as set forth therein.

50. It is believed that Ramuji failed to maintain one or more protective safeguards and/or comply with applicable code requirements, as set forth herein above.

51. The Representations and Warranties endorsement was a promissory warranty and was a condition precedent to payment of any claim under the Policy.

52. The Representations and Warranties promissory warranty was breached, and any breach renders the coverage provided under the Policy null and void.

53.    Under 28 U.S.C. §2201, there exists an actual and immediate controversy concerning whether coverage may be afforded to Ramuji due to one or more violations of the Representations and Warranties endorsement in the Policy.

WHEREFORE, the premises considered, Catlin prays that the Court will issue a declaratory judgment that no coverage is afforded to Ramuji under the Policy for the April 2, 2016 fire loss due to one or more violations of the Representations and Warranties endorsement in the Policy.

/s/ A. Grady Williams IV
A. GRADY "BO" WILLIAMS IV
BRADLEY SANDERS
Attorneys for Plaintiffs

OF COUNSEL:

PHELPS DUNBAR LLP
P. O. Box 2727
Mobile, AL 36652
(251) 432-4481

**DEFENDANTS ARE TO BE SERVED BY PROCESS SERVER OR BY CERTIFIED MAIL AS FOLLOWS:**

**Ramuji, LLC**
c/o Suresh B. Desai
2704 W. Meighan Blvd.
Gadsden, Alabama 35904

**Peoples Independent Bank**
David L. Jones
2305 Worth Street
Guntersville, Alabama 35976