FILED
2017 Jan-24  PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **CATLIN SYNDICATE LIMITED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **16 - CV- 01331-VEH** |
| **RAMUJI, LLC d/b/a BUDGET** | ) | |
| **INN and PEOPLES** | ) | |
| **INDEPENDENT BANK** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PEOPLES INDEPENDENT BANK'S AMENDED COUNTERCLAIM AND THIRD PARTY COMPLAINT

COMES NOW, the Defendant, Peoples Independent Bank ("PIB"), in the above-styled case and offers these amended counterclaims and amended third party claims as follows:

## COUNTERCLAIMS AND THIRD PARTY CLAIMS/ADDITION OF NEW THIRD PARTY DEFENDANTS

The Defendant/Counterclaim  PIB here sets forth facts common to both the Counterclaims and the Third-party Claims, followed by the Counterclaims and then the Third-party Claims against the Plaintiff/Counterclaim Defendant Catlin Syndicate Limited and Thirty-party Defendant Jon Pair, an individual, and Third-party Defendant Randy Jones & Associates, Inc., to which certain Additional Third

1

Party Defendants are added herein: namely, Syndicate 1414 at Lloyd's (Ascot Underwriting Limited),  Syndicate 5820 at Lloyd's (ANV Syndicates Limited), Syndicate 727 at Lloyd's (S.A. Meacoch & Company Limited), and Syndicate 1861 at Lloyd's (ANV Syndicates Limited), as Certain Underwriters at Lloyd's London Subscribing to Policy No. ULL 20018 (these four third party Defendants are collectively referred to as the "Additional Syndicates" or "Underwriters").

Ascot, ANV Jubilee, S.A, Meacoch, ANV, and Plaintiff Catlin Syndicate Limited ("Catlin") are all syndicates that transact business in the marketplace known as Lloyd's of London. Upon present information and belief, the aforementioned entities are corporations organized and existing under the laws of England, and principally located in England. All are therefore deemed to be citizens or subjects of a foreign state pursuant to 28 U.S.C. § 1332. Catlin, Ascot, ANV Jubilee, S.A. Meacock, and ANV underwrote and subscribed to risk on the commercial insurance policy issued to Ramuji by Lloyd's of London (the "Lloyd's Policy"), which is made the basis of this litigation. Catlin, Ascot, ANV Jubilee, S.A. Meacock, and ANV are hereinafter sometimes collectively referred to as "Lloyd's" and/or "Underwriters."

Syndicate 1414 at Lloyd's (Ascot Underwriting Limited),  Syndicate 5820 at Lloyd's (ANV Syndicates Limited), Syndicate 727 at Lloyd's (S.A. Meacoch & Company Limited), and Syndicate 1861 at Lloyd's (ANV Syndicates Limited), are

all necessary parties to this action. The Lloyd's entities all underwrote and subscribed to risk on the policy made the basis of this lawsuit. Pursuant to Rule 19 of the Federal Rules of Civil Procedure, they must be joined as parties because in their absence, this Honorable Court cannot accord complete relief among the existing parties as any judgment against Catlin would not result in full payment under the Lloyd's Policy by all of the Lloyd's entities. *See* Fed. R. Civ. P. 19(a)(1)(A). Such a result may impair or impede the parties' ability to protect their interests, or could leave all parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B).

## COMMON FACTS

1.     PIB is an Alabama corporation headquartered and doing business in Marshall County, Alabama.

2.     In 2004, PIB extended a loan to Ramuji, LLC and Ramuji executed a mortgage in favor of the Bank on the real property at issue in this case, the motel at 12960 Highway 431 South, Boaz, Alabama (the "Property").  At all relevant times, PIB has been the mortgagee on the Property and is the equitable title holder to the Property.  See, Exhibit 1.

3.     Ramuji has maintained insurance on the Property since the mortgage was executed by PIB.  At all times, Ramuji has insured the Property and listed PIB

as an additional insured.  At least as of August 8, 2014, PIB was listed as "Additional Interest… Mortgagee" on a standard "Evidence of Property Insurance" (copy attached as Exhibit 2) form prepared, upon information and belief, by or on behalf of Randy Jones & Associates, Inc. ("Randy Jones" or "Jones Agency"). The Jones Agency is an Alabama corporation doing business in Marshall County, Alabama, and with a registered agent in Marshall County at 401 Main Street, Albertville, Alabama 35950.

4.     On June 5, 2015, an "Evidence of Property Insurance" form again listed PIB as an "Additional Interest… Mortgagee" on policy number 582015 from Lloyds of London (the "Policy").  The coverage period states: "Effective Date 05/05/15/Expiration Date 05/09/16".  The amount of coverage indicated is more than sufficient to cover the Bank's loss in this case.  A copy of this form is attached as Exhibit 3.

5.     As of the date of the fire loss, PIB was listed as an Additional Interest-Mortgagee. At the time of the loss, PIB was the equitable title owner of the Property.

6.     After the fire, PIB contacted Defendant Pair at the Jones Agency and was told that a Proof of Claim had been filed.  Defendant Pair nor anyone at the Jones Agency told PIB that it needed to file a Proof of Claim.  Defendant Pair nor

anyone at the Jones Agency ever indicated to PIB that there was any problem with the claim.

7.    On August 16, 2016, a letter from Promont Advisers, LLC, "on behalf of Certain Underwriters at Lloyd's London" informed Ramuji, with a formal copy being sent to PIB, that insurance coverage for the loss was denied.

8.    Plaintiff Catlin Syndicate filed this lawsuit against PIB and other Defendants; however, Catlin only underwrites 45% of the Policy.  Other syndicates and the percentage of the Policy they underwrite are Syndicate 1414 at Lloyd's (Ascot Underwriting Limited), 25%;  Syndicate 5820 at Lloyd's (ANV Syndicates Limited), 10%; Syndicate 727 at Lloyd's (S.A. Meacoch & Company Limited), 10%, and Syndicate 1861 at Lloyd's (ANV Syndicates Limited), 10%.

## COUNTERCLAIMS

### COUNT I
### DECLARATORY RELIEF

9.    Defendant/Counterclaim Plaintiff PIB hereby reincorporates the foregoing paragraphs by reference.

10.    PIB holds a mortgage on the real property at 12960 Highway 431 South in Boaz, Alabama, which is on record in the Probate Court of Etowah County, Alabama.  See Exhibit 1.  PIB is the equitable title owner to the Property.

11.     PIB has received confirmation of its status as an Additional Interest-Mortgagee on the Evidence of Property Insurance from Plaintiff/Counterclaim Defendant's agent, Third-party Defendants Pair and/or the Jones Agency, since the date of the mortgage and prior to the fire loss.  See Exhibits 2-4.

12.     Now, in the Complaint, Plaintiff/Counterclaim Defendant has claimed that PIB was issued an endorsement as a named mortgagee only after the fire loss on April 2, 2016.

13.     Under 28 U.S.C. §2201, there exists an actual and immediate controversy concerning PIB's standing to present a claim under the Policy for the fire loss as a named mortgagee, and PIB asks this Court to declare its rights under the Policy.

14.     WHEREFORE, premises considered, PIB prays that this Court will issue a declaratory judgment that PIB is the owner of equitable title to the Property and is indeed a named mortgagee under the Plaintiff/Counterclaim Defendant's and Additional Syndicates' policy of insurance on the Property for the April 2, 2016, fire loss, and will direct Plaintiff/Counterclaim Defendant and the Additional Syndicates to pay PIB for its loss.

## COUNT II
## BREACH OF CONTRACT/THIRD-PARTY BENEFICIARY

15.     PIB realleges and reincorporates the foregoing paragraphs by reference.

16.     At all relevant times, PIB has been the owner of the equitable title to the property. PIB was a named insured under the Policy on the Property.  See, Exhibits 2-4.  This coverage, extended by Plaintiff/Counterclaim Defendant and the Additional Syndicates, was intended to cover the interests of the mortgagee, PIB.  As such, PIB had rights under the contract of insurance, the Policy.  In the alternative, PIB is a third-party beneficiary to the contract of insurance, the Policy. Plaintiff/Counterclaim Defendant and the Additional Syndicates have breached that contract by denying coverage and payment for any amount due caused by the fire loss to the Property on April 2, 2016.

17.     WHEREFORE, PIB seeks compensatory damages for its loss as a result of the Plaintiff/Counterclaim Defendant's and the Additional Syndicates' breach of contract, together with attorney's fees, interest, costs, and any other relief this Court deems appropriate.


## COUNT III
## NEGLIGENT PROCUREMENT OF INSURANCE

18.     PIB realleges and reincorporates the foregoing paragraphs by reference.

19.    At all relevant times, PIB has been the owner of the equitable title to the Property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016.  See, Exhibits 2-4. After the fire loss on April 2, 2016, PIB received notification that it was not an additional insured under the Policy.  If it was not indeed an additional insured, then Plaintiff/Counterclaim Defendant and the Additional Syndicates directly, or acting through its agent the Jones Agency and/or Jon Pair, is guilty of negligent procurement of insurance.

20.    WHEREFORE, PIB seeks compensatory damages for its loss as a result of the Plaintiff/Counterclaim Defendant's and the Additional Syndicates' failure to procure insurance coverage for defendant for PIB, together with attorney's fees, interest, costs, and any other relief this Court deems appropriate.

## COUNT IV
## WANTONNESS

21.    PIB realleges and reincorporates the foregoing paragraphs by reference.

22.    At all relevant times, PIB has been the owner of the equitable title to the Property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016.  See, Exhibits 2-4.  After the fire loss on April 2, 2016, PIB received notification that it was not an additional insured under the Policy.  If it was not indeed an additional insured, then Plaintiff/Counterclaim

Defendant and the Additional Syndicates directly, or acting through their agent the Jones Agency and/or Jon Pair, is guilty of negligent procurement of insurance. Defendant/Counterclaim Plaintiff and the Additional Syndicates, either directly or acting through their agent, Third-party Defendants Pair and/or the Jones Agency, acted with recklessness and wantonness in failing to obtain the insurance and/or in failing to properly add PIB as an additional insured, and/or in representing PIB to be an additional insured when in fact it was not.

23.    WHEREFORE, PIB seeks compensatory and punitive damages for its loss as a result of the Plaintiff/Counterclaim Defendant's and the Additional Syndicates' wanton failure to procure insurance coverage for defendant for PIB and/or its failure to add PIB as an additional insured, and/or its representing that PIB was an additional insured, together with attorney's fees, interest, costs, and any other relief this Court deems appropriate.

## COUNT V
## BAD FAITH

24.    PIB realleges and reincorporates the foregoing paragraphs by reference.

25.    PIB was a named insured under the Policy on the Property.  See, Exhibits 2-4.  This coverage, extended by Plaintiff/Counterclaim Defendant, and the Additional Syndicates, was intended to cover the interests of the mortgagee,

PIB.  As such, PIB had rights under the contract of insurance, the Policy.  In the alternative, PIB is a third-party beneficiary to the contract of insurance, the Policy. Without any reasonable, arguable, or legitimate reason to do so, Plaintiff/Counterclaim Defendant and the Additional Syndicates breached that contract by denying, without justification, coverage and payment for any amount due caused by the fire loss to the Property on April 2, 2016.

26.    WHEREFORE, PIB seeks compensatory and punitive damages for its loss as a result of the Plaintiff/Counterclaim Defendant's and the Additional Syndicates' bad faith, together with attorney's fees, interest, costs, and any other relief this Court deems appropriate.

## COUNT VI
## FRAUD

27.    PIB realleges and reincorporates the foregoing paragraphs by reference.

28.    At all relevant times, PIB has been the owner of the equitable title to the Property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016.  See, Exhibits 2-4.  After the fire loss on April 2, 2016, PIB received notification that it was not an additional insured under the Policy.  If it was not indeed an additional insured, then Plaintiff/Counterclaim Defendant and the Additional Syndicates directly, or acting through their agent the

10

Jones Agency and/or Jon Pair, are guilty of fraud, misrepresentation, suppression, reckless indifference, and/or innocent misrepresentation.

29.    Due to the nature of their relationship, Plaintiff/Counterclaim Defendant and the Additional Syndicates were obligated to disclose all material facts to PIB related to its status as an additional insured/party with interest under Plaintiff's insurance policy.  Plaintiff/Counterclaim Defendant and the Additional Syndicates through their agent, Third-party Defendants Pair and/or the Jones Agency, with full knowledge of PIB's insurance needs and its status as a mortgagee, had a duty to disclose the correct nature and extent of the coverage, and misrepresented or suppressed the true information, and/or was recklessly indifferent to the truth of their representations, and/or innocently misrepresented the truth when, among other things, they supplied the Acord statements attached hereto as Exhibits 2-4, listing PIB as an Additional Interest-Mortgagee.

30.    These facts were material facts and PIB relied upon them and acted upon them in that it would have taken different actions if it had been made aware of the true facts, including directly instructing Ramuji to obtain insurance on the Property, obtaining coverage for Ramuji on the Property, or taking some other action to protect its interest.

31.    As a direct and proximate result of Plaintiff/Counterclaim Defendant's and the Additional Syndicates' fraud, fraudulent misrepresentation and/or

suppression, reckless indifference, or innocent misrepresentation, PIB was caused to incur damage by failing to receive insurance coverage from Plaintiff/Counterclaim Defendant and the Additional Syndicates for its mortgage loss on the property.

32.     WHEREFORE, PIB seeks compensatory and punitive damages from Plaintiff/Counterclaim Defendant and the Additional Syndicates for their fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation together with interest, costs, attorney's fees, and any other relief to which PIB may be entitled.

## <u>COUNT VII</u>
## CONSPIRACY TO COMMIT FRAUD

33.     PIB realleges and reincorporates the foregoing paragraphs by reference.

34.     At all relevant times, PIB has been the owner of the equitable title to the Property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016.  See, Exhibits 2-4.  After the fire loss on April 2, 2016, PIB received notification that it was not an additional insured under the Policy.  If it was not indeed an additional insured, then Plaintiff/Counterclaim Defendant and the Additional Syndicates directly, or acting through its agent the Jones Agency and/or Jon Pair, are guilty of conspiracy to commit fraud,

misrepresentation, suppression, reckless indifference, and/or innocent misrepresentation.

35.    Due to the nature of their relationship, Plaintiff/Counterclaim Defendant and the Additional Syndicates were obligated to disclose all material facts to PIB related to its status as an additional insured/party with interest under Plaintiff's insurance policy.  Plaintiff/Counterclaim Defendant and the Additional Syndicates through its agent, Third-party Defendants Pair and/or the Jones Agency, with full knowledge of PIB's insurance needs and its status as a mortgagee, had a duty to disclose the correct nature and extent of the coverage, and misrepresented or suppressed the true information, and/or was recklessly indifferent to the truth of their representations, and/or innocently misrepresented the truth when, among other things, they supplied the Acord statements attached hereto as Exhibits 2-4, listing PIB as an Additional Interest-Mortgagee.

36.    In addition, the Underwriters' non-renewal letter set up the situation for Ramuji to turn to Pair and/or Jones for assistance. Pair and/or Jones then continued the conspiracy by representing they would procure replacement insurance from a different company. However, Pair, Jones, and/or Underwriters then used the situation they had conspired to create so they actually procured and/or provided coverage to Ramuji in the same amount for an increased premium. While doing so, and in furtherance of this conspiracy, Pair and/or Jones provided

information in the Application which Underwriters would use at a later time to deny coverage in the event a claim became necessary. Pair, Jones, and/or Underwriters benefited from this conspiracy in that they received, used, and financially benefited from Ramuji's higher premiums yet they actually never ran any risk because they set up the basis for denying coverage by answering the Application questions in the manner they chose. These actions were taken by these Defendant with knowledge that they would have an adverse impact on PIB, the mortgagee, as well as Ramuji.

37.    The actions and representations of counterclaim Defendant and the Third Party Defendant's were relied upon by PIB in that it would have taken different actions if it had been made aware of the true facts, including directly instructing Ramuji to obtain its own insurance on the Property, obtaining coverage for Ramuji on the Property, or taking some other action to protect its interest.

38.    As a direct and proximate result of Plaintiff/Counterclaim Defendant's and the Additional Syndicates and Third Party Defendants' conspiracy to commit fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation, PIB was caused to incur damage by failing to receive insurance coverage for its mortgage loss on the property.

14

39.     WHEREFORE, PIB seeks compensatory and punitive damages from Plaintiff/Counterclaim Defendant and Third Party Defendants for their fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation together with interest, costs, attorney's fees, and any other relief to which PIB may be entitled.

## THIRD-PARTY CLAIMS

### COUNT I
### DECLARATORY RELIEF

40.     Defendant/Counterclaim   Third-party   Plaintiff   PIB   hereby reincorporates the foregoing paragraphs by reference.

41.     PIB holds a mortgage on the real property at 12960 Highway 431 South in Boaz, Alabama, which is on record in the Probate Court of Etowah County, Alabama.  See Exhibit 1.  At all relevant times, PIB has been the owner of equitable title to the Property.

42.     PIB has received confirmation of its status as an Additional Interest-Mortgagee on the Evidence of Property Insurance from Plaintiff/Counterclaim/Defendant's and the Additional Syndicates' agent, Third-party Defendants Pair and/or the Jones Agency, since the date of the mortgage. See Exhibits 2-4.

15

43.     Now, in the Complaint, Plaintiff/Counterclaim Defendant has claimed that PIB was issued an endorsement as a named mortgagee only after the fire loss on April 2, 2016.

44.     Under 28 U.S.C. §2201, there exists an actual and immediate controversy concerning PIB's standing to present a claim under the Policy for the fire loss as a named mortgagee, and PIB asks this Court to declare its rights under the Policy.

45.     WHEREFORE, premises considered, PIB prays that this Court will issue a declaratory judgment that PIB is indeed a named mortgagee under the Plaintiff/Counterclaim Defendant's and the Additional Syndicates' policy of insurance on the Property for the April 2, 2016, fire loss, and will direct Plaintiff/Counterclaim Defendant and the Additional Syndicates to pay PIB for its loss, or in the alternative, will hold Third-party Defendants Pair and/or the Jones Agency and/or the Additional Syndicates responsible to PIB under contractual or equitable principles, and will direct these Third-Party Defendants to pay PIB for its loss.

## COUNT II
### BREACH OF CONTRACT/THIRD-PARTY BENEFICIARY

46.     PIB realleges and reincorporates the foregoing paragraphs by reference.

47.    At all relevant times, PIB has been the owner of equitable title to the Property. PIB was a named insured under the Policy on the Property.  See, Exhibits 2-4.   This coverage, extended by Plaintiff/Counterclaim Defendant and the Additional Syndicates, or, under contractual and/or equitable principles, extended by Third-party Defendants Pair and/or the Jones Agency, was intended to cover the interests of the mortgagee, PIB.  As such, PIB had rights under the contract of insurance, the Policy.  In the alternative, PIB is a third-party beneficiary to the contract of insurance, the Policy.  Plaintiff/Counterclaim Defendant and the Additional Syndicates and/or Third-Party Defendants Pair and/or the Jones Agency, have breached that contract by denying coverage and payment for any amount due caused by the fire loss to the Property on April 2, 2016.

48.    WHEREFORE, PIB seeks compensatory damages for its loss as a result of the Third-Party Defendants' breach of contract, together with attorney's fees, interest, costs, and any other relief this Court deems appropriate.

## COUNT III
## NEGLIGENT PROCUREMENT OF INSURANCE

49.    PIB realleges and reincorporates the foregoing paragraphs by reference.

50.    At all relevant times, PIB has been the owner of equitable title to the Property. PIB received notification that it was an additional insured under the

17

Policy prior to April 1, 2016.  See, Exhibits 2-4.  After the fire loss on April 2, 2016, PIB received notification that it was not an additional insured under the Policy.  If it was not indeed an additional insured, then Third-Party Defendants the Jones Agency and/or Jon Pair, are guilty of negligent procurement of insurance, either as independent brokers or as agents of Lloyd's and the Additional Syndicates under the doctrine of respondent superior.

51.     WHEREFORE, PIB seeks compensatory damages for its loss as a result of the Third-Party Defendants' failure to procure insurance coverage for defendant for PIB, together with attorney's fees, interest, costs, and any other relief this Court deems appropriate.

## COUNT IV
## WANTONNESS

52.     PIB realleges and reincorporates the foregoing paragraphs by reference.

53.     At all relevant times, PIB has been the owner of equitable title to the property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016.  See, Exhibits 2-4.  After the fire loss on April 2, 2016, PIB received notification that it was not an additional insured under the Policy.  If it was not indeed an additional insured, then Third-Party Defendants Pair and/or the Jones Agency are guilty of negligent procurement of insurance.  By

committing such a glaring omission, Third-party Defendants Pair and/or the Jones Agency acted with recklessness and wantonness in failing to obtain the insurance and/or in failing to properly add PIB as an additional insured, and/or in representing PIB to be an additional insured when in fact it was not.

54.     WHEREFORE, PIB seeks compensatory and punitive damages for its loss as a result of the Third-Party Defendants' wanton failure to procure insurance coverage for defendant for PIB and/or their failure to add PIB as an additional insured, and/or its representing that PIB was an additional insured together with attorney's fees, interest, costs, and any other relief this Court deems appropriate.

## COUNT V
## FRAUD

55.     PIB realleges and reincorporates the foregoing paragraphs by reference.

56.     At all relevant times, PIB has been the owner of equitable title to the Property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016.  See, Exhibits 2-4.  After the fire loss on April 2, 2016, PIB received notification that it was not an additional insured under the Policy.  If it was not indeed an additional insured, then Third-party Defendants, the Jones Agency and/or Jon Pair, are guilty of fraud, misrepresentation, suppression, reckless indifference, and/or innocent misrepresentation.

57.     Due to the nature of their relationship, these Third-party Defendants were obligated to disclose all material facts to PIB related to its status as an additional insured/party with interest under Plaintiff's insurance policy.  Third-party Defendants Pair and/or the Jones Agency, with full knowledge of PIB's insurance needs and its status as a mortgagee, had a duty to disclose the correct nature and extent of the coverage, but misrepresented or suppressed the true information, and/or were recklessly indifferent to the truth of their representations, and/or innocently misrepresented the truth when, among other things, they supplied the Acord statements attached hereto as Exhibits 2-4, listing PIB as an Additional Interest-Mortgagee.

58.     These facts were material facts and PIB relied upon them and acted upon them in that it would have taken different actions if it had been made aware of the true facts, including directly instructing Ramuji to obtain insurance on the Property, obtaining coverage for Ramuji on the Property, or taking some other action to protect its interest.

59.     As a direct and proximate result of these Third-party Defendants' fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation, PIB was caused to incur damage by failing to receive insurance coverage for its mortgage loss on the Property.

60.    WHEREFORE, PIB seeks compensatory and punitive damages from these Third-party Defendants for fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation together with interest, costs, attorney's fees, and any other relief to which PIB may be entitled.

## COUNT VI
## FRAUD

61.    PIB realleges and reincorporates the foregoing paragraphs by reference.

62.    At all relevant times, PIB has been the owner of equitable title to the Property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016.  See, Exhibits 2-4.  After the fire loss on April 2, 2016, PIB received notification that it was not an additional insured under the Policy.  If it was not indeed an additional insured, then Third-party Defendants, the Additional Syndicates and/or Jones Agency and/or Jon Pair, are guilty of fraud, misrepresentation, suppression, reckless indifference, and/or innocent misrepresentation.

63.    Due to the nature of their relationship, Third-party Defendants were obligated to disclose all material facts to PIB related to its status as an additional insured/party with interest under Plaintiff's insurance policy.   Third-party Defendants, with full knowledge of PIB's insurance needs and its status as a mortgagee, had a duty to disclose the correct nature and extent of the coverage, but

21

misrepresented or suppressed the true information, and/or were recklessly indifferent to the truth of their representations, and/or innocently misrepresented the truth when, among other things, they supplied the Acord statements attached hereto as Exhibits 2-4, listing PIB as an Additional Interest-Mortgagee.

64.     These facts were material facts and PIB relied upon them and acted upon them in that it would have taken different actions if it had been made aware of the true facts, including directly instructing Ramuji to obtain insurance on the Property, obtaining coverage for Ramuji on the Property, or taking some other action to protect its interest.

65.     As a direct and proximate result of Third-party Defendants' fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation, PIB was caused to incur damage by failing to receive insurance coverage for its mortgage loss on the Property.

66.     WHEREFORE, PIB seeks compensatory and punitive damages from all Third-party Defendants for fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation together with interest, costs, attorney's fees, and any other relief to which PIB may be entitled.

## COUNT VII
## CONSPIRACY TO COMMIT FRAUD

67.     PIB realleges and reincorporates the foregoing paragraphs by reference.

68.     At all relevant times, PIB has been the owner of equitable title to the Property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016.  See, Exhibits 2-4.  After the fire loss on April 2, 2016, PIB received notification that it was not an additional insured under the Policy.  If it was not indeed an additional insured, then Third-party Defendants, the Additional Syndicates, and the Jones Agency and/or Jon Pair, are guilty of conspiracy to commit fraud, misrepresentation, suppression, reckless indifference, and/or innocent misrepresentation.

69.     Due to the nature of their relationship, Third-party Defendants were obligated to disclose all material facts to PIB related to its status as an additional insured/party with interest under Plaintiff's insurance policy.   Third-party Defendants the Additional Syndicates, Pair and/or the Jones Agency, with full knowledge of PIB's insurance needs and its status as a mortgagee, had a duty to disclose the correct nature and extent of the coverage, but misrepresented or suppressed the true information, and/or were recklessly indifferent to the truth of their representations, and/or innocently misrepresented the truth when, among other things, they supplied the Acord statements attached hereto as Exhibits 2-4, listing PIB as an Additional Interest-Mortgagee.

70.     In addition, the Underwriters' non-renewal letter set up the situation for Ramuji to turn to Pair and/or Jones for assistance. Pair and/or Jones then

continued the conspiracy by representing they would procure replacement insurance from a different company. However, Pair, Jones, and/or Underwriters then used the situation they had conspired to create so they actually procured and/or provided coverage to Ramuji in the same amount for an increased premium. While doing so, and in furtherance of this conspiracy, Pair and/or Jones provided information in the Application which Underwriters would use at a later time to deny coverage in the event a claim became necessary. Pair, Jones, and/or Underwriters benefited from this conspiracy in that they received, used, and financially benefited from Ramuji's higher premiums yet they actually never ran any risk because they set up the basis for denying coverage by answering the Application questions in the manner they chose. These actions were taken by these Defendants with knowledge that they would have an adverse impact on PIB, the mortgagee, as well as Ramuji.

71.     PIB relied upon the actions and representations of these Third Party Defendants in that it would have taken different actions if it had been made aware of the true facts, including directly instructing Ramuji to obtain insurance on the Property, obtaining its own coverage for Ramuji on the Property, or taking some other action to protect its interest.

72.     As a direct and proximate result of Third-party Defendants' conspiracy to commit fraud, fraudulent misrepresentation and/or suppression,

reckless indifference, or innocent misrepresentation, PIB was caused to incur damage by failing to receive insurance coverage for its mortgage loss on the Property.

73.    WHEREFORE, PIB seeks compensatory and punitive damages from Third-party Defendants for their conspiracy to commit fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation together with interest, costs, attorney's fees, and any other relief to which PIB may be entitled.

Respectfully submitted this the 24th day of January, 2017.

*/s/ Jeffrey McLaughlin*
Jeffrey McLaughlin (MCL022)

*/s/ Lea Mosley Hicks*
Lea Mosley Hicks (MOS037)

Of Counsel:
McLAUGHLIN & EDMONDSON, LLC
321 Blount Avenue
Guntersville, Alabama  35976
(256) 582-2520
(256) 582-2667 facsimile
lhicks@mcedlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served upon:

Mr. Gary Conchin                    Mr. Mike Pennington
Mr. Kenneth Cole                    Mr. Slates Veazey
Conchin, King & Cole                Bradley Arant Boult & Cummings PC
2404 Commerce Court                 1819 5th Avenue North
Huntsville, AL 35801                Birmingham, AL 35203
*Attorneys for Ramuji, LLC*         *Attorneys for Great American*


A. Grady "Bo" Williams, IV, Esq.    Mr. Robert Ronnlund
Bradley Sanders, Esq.               Scott, Sullivan, Streetman, Fox, PC
PHELPS DUNBAR LLP                   2450 Valleydale Road
P. O. Box 2727                      Birmingham, Alabama 35244
Mobile, AL 36652                    *Attorney for Jones Agency/Pair*
*Attorney for Catlin/Underwriters*

by filing the same with the Clerk of Court for the United States District Court for the Northern District of Alabama, using the CM/ECF system which will send electronic notification of such filing to all counsel of record on this the 24th day of January, 2017.

/s/ Jeffrey McLaughlin
OF COUNSEL

26

Doc. #: M-2004-3787, Year: 2004, Day: 240

| Fees: | | STATE OF AL, ETOWAH COUNTY |
|---|---|---|
| Mental Health | $2.00 | I Certify This |
| Probate Judge | $3.00 | Instrument Was Filed |
| Certification | $3.00 | |
| Recording | $12.00 | AUG 27, 2004, 12:13 PM |
| Charter | $0.00 | |
| Index | $0.00 | U.C.C. File Number or |
| Deed Tax | $0.00 | Doc. # as Shown Above |
| Mtg. Tax | $1098.00 | |
| Assignment | $0.00 | BOBBY JUNKINS |
| Release | $0.00 | Judge of Probate |
| Scanning | $5.00 | |
| Other Fee | $0.00 | |
| Total Fees | $1123.00 | |
| Secretary State | $0.00 | |

THIS INSTRUMENT WAS PREPARED BY
PEOPLES INDEPENDENT BANK, P.O. BOX 669
BOAZ, AL 35957
PHONE: (256) 593-8844

SCANNED

STATE OF ALABAMA - ETOWAH COUNTY

MORTGAGE DEED
DUE ON SALE

**THIS DOES NOT CONSTITUTE ANY PORTION OF THE BORROWERS HOMESTEAD

---

KNOW ALL MEN BY THESE PRESENTS: That Whereas, **RAMUJI, LLC, an Alabama Limited Liability Company** (hereinafter called "Mortgagors", whether one or more) are justly indebted to **PEOPLES INDEPENDENT BANK, a banking corporation**, whose address is 107 Billy Dyar Boulevard (P.O. Box 669), Boaz,Al 35957, (hereinafter called "Mortgagee"), in the sum of **Seven Hundred Thirty-One Thousand Nine Hundred Fifty Dollars and 00/100 DOLLARS ($731,950.00)**,evidenced by promissory note, dated August 26,2004, which note matures on August 26,2014.

And Whereas, Mortgagors agreed, in incurring said indebtedness, that this mortgage should be given to secure the prompt payment thereof together with payment of indebtedness recited hereinafter.

NOW THEREFORE, in consideration of the premises, and in order to secure the repayment of the promissory note recited above together with all renewal and extensions of the same, the Mortgagors do hereby grant, bargain, sell and convey unto the Mortgagee, its successors and assigns forever, the following described real estate situated in **ETOWAH** County, State of Alabama, to-wit:

SEE ATTACHED EXHIBIT "A".

Together with all rents and other revenues thereof and all rights, privileges, easements, tenements, improvements and appurtenances thereunto belonging or in any wise appertaining, including any after acquired title and easements and all rights, title and interest, now or hereafter owned by the Mortgagors in and to all buildings and improvements, storm and screen windows and doors, gas, steam, electric and other heating, lighting, ventilating, air conditioning, refrigerating and cooking apparatus, elevators, plumbing, sprinkling, and other equipment and fixtures attached or appertaining to said premises, all of which (hereinafter designated as the mortgaged property) shall be deemed realty and conveyed by this mortgage.

TO HAVE AND TO HOLD the above granted property unto the Mortgagee, as aforesaid.

The Mortgagors, for themselves and their heirs, covenant to the Mortgagee, and assigns, that the Mortgagors is/are lawfully seized in fee simple of the property conveyed herein; that the property is free from all encumbrances, unless otherwise noted; that the Mortgagors have a good right to sell, convey and mortgage the same and the Mortgagors will warrant and defend the same to the Mortgagee, and assigns, against the lawful claims of all persons.

The following shall govern the terms of this Mortgage:

1.    The Mortgagors agree to pay all taxes or assessments when imposed legally upon said premises, and should default be made in the payment of the same, the said Mortgagee may at Mortgagee's option pay the same.  The Mortgagors agree to keep the improvements on said real estate insured against loss or damage by fire, lightning and tornado for the fair and reasonable insurance value thereof, in companies satisfactory to the Mortgagee, with loss payable to Mortgagee, as Mortgagee's interest may appear, and to promptly deliver said policies, or any renewal of said policies to Mortgagee.  If the Mortgagors fail to keep said property insured as above specified, or fails to deliver said insurance policies to Mortgagee, then Mortgagee, or assigns, may at Mortgagee's option insure said property for said sum, for Mortgagee's own benefit, the policy if collected, to be credited on said indebtedness, less cost of collecting same; all amounts so expended by Mortgagee for taxes, assessments or insurance, shall become a debt to the Mortgagee, additional to

the debt hereby specially secured, and shall be covered by this Mortgage, and bear interest at the rate stated on the promissory note secured hereby, from date of payment by Mortgagee and shall be at once due and payable.

2.    Upon condition, however, that if the Mortgagors pay said indebtedness secured herein, and reimburses the Mortgagee or assigns for any amounts the Mortgagee may have expended for taxes, assessments, and insurance, and interest thereon, then this conveyance to be null and void; but should default be made in the payment of any sum expended by Mortgagee or should said indebtedness hereby secured, or any part thereof, or the interest thereon, remain unpaid at maturity or for any reason go into default, or should the interest of Mortgagee in said property become endangered by reason of the enforcement of any prior lien or encumbrance thereon, so as to endanger the debt hereby secured, then any one of said events, the whole of said indebtedness hereby secured shall at once become due and payable, and this mortgage be subject to foreclosure as now provided by law in case of past due mortgages, and Mortgagee shall be authorized to take possession of the premises hereby conveyed, and with or without first taking possession, after giving notice, by publishing once a week for three consecutive weeks, the time, place and terms of  sale, by publication in some newspaper of general circulation in the County and State in which the property lies, sell the same in lots or parcels or en masse as Mortgagee deems best, in front of the Court House door of said County, (or the division thereof) where said property is located, at public outcry, to the highest bidder for cash, and apply the proceeds of the sale; First, to the expense of advertising, selling and conveying, including a reasonable attorney's fee; Second, to the payment of any amounts that may have been expended, or that it may then be necessary to expend, in paying insurance, taxes or other encumbrances, with interest thereon; Third, to the payment of said indebtedness in full, whether the same shall or shall not have fully matured at the date of said sale; and Fourth, the balance, if any, to be turned over to the Mortgagors.  The Mortgagors further agree that Mortgagee may bid at said sale and purchase said property as if the highest bidder thereof; and Mortgagors further agree to pay a reasonable attorney's fee to Mortgagee or assigns for the foreclosure of this mortgagee, whether it be pursuant to the power of sale contained herein or through Judicial foreclosure, said fee to be a part of the debt hereby secured.

3.    By virtue of the terms of this Note secured by this Mortgage, in the event of a sale of the property described herein prior to the retirement of the indebtedness herein secured, then this Mortgage shall be subject to foreclosure.

4.    The Mortgagors agree and covenant to the Mortgagee to keep all improvements, if any, on the property in a state of repair and not to damage or commit any act that would result in a reduction of value of the property described in this mortgage, normal wear and tear accepted.

5.    All references in the Mortgage to the Mortgagee shall apply equally to any successors in interest or assigns of the Mortgagee.

6.  In additional to the warranties of title contained herein, the Mortgagor does hereby warrant to the Mortgagee, successors and assigns, that the Mortgagor knows of no fact or circumstance resulting from the prior use of the property described herein that would make said property, or any portion thereof, environmentally unsafe or which may lead to the acquiring of certain liability for clean up under any local, state of federal statutes, regulations or ordinances.


7.    Should the Mortgagors fail to comply with any of the terms and conditions herein, including but not limited to, the duty to insure, the duty not to commit waste, the duty to pay ad valorem taxes and the duty to provide the Mortgagee adequate evidence of such insurance, then this Mortgage shall be considered in default and the Mortgagee shall have those rights as enumerated in Paragraph 2 hereinabove for the foreclosure as now provided by law in case of past due mortgages.

IN WITNESS WHEREOF, the undersigned have hereunto set their hand(s) and seal(s)this the 26th day of Auguust,2004.

_____         _____
SURESH B. DESAI, OPERATING MANAGER       ARVINDBHAI B. PATEL, MEMBER

STATE OF ALABAMA)
         )      CORPORATE ACKNOWLEDGMENT
ETOWAH COUNTY)

I, the undersigned, a Notary Public in and for said County and said State, hereby certify that **Suresh B. Desai** whose name as **Operating Manager** of **RAMUJI, LLC**, **an Alabama Limited Liability Company**, is signed to the foregoing, and who is known to me, acknowledged before me on this day that, being informed of the contents of same, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

GIVEN under my hand and seal on this the 26th day of August 2004.

                             Notary Public
                             My commission expires: _11-7-06_


STATE OF ALABAMA)
         )      CORPORATE ACKNOWLEDGMENT
ETOWAH COUNTY)

I, the undersigned, a Notary Public in and for said County and said State, hereby certify that **Arvindbhai B. Patel** whose name as **Member** of **RAMUJI, LLC**, **an Alabama Limited Liability Company**, is signed to the foregoing, and who is known to me, acknowledged before me on this day that, being informed of the contents of same, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

GIVEN under my hand and seal on this the 26th day of August 2004.

                             Notary Public
                             My commission expires: _11-7-02_

EXHIBIT "A"
TO MORTGAGE IN THE NAME OF RAMUJI, LLC
DATED 08/26/2004, IN THE AMOUNT OF $731,950.00

A tract or parcel of land containing 2.03 acres located in Fractional Section 8, Township 10 South, Range 5 East Huntsville Meridian, Etowah County, Alabama, and containing Lots 6, 7, and part of Lot 5 of *Commercial Park. Sardis City, Ala.* as recorded in Plat Book I, Page 132. Probate Office, Etowah County, Alabama, and more particularly described as follows:

Commence at a ¾ inch diameter pipe at the northwest corner of Lot 8 of said *Commercial Park. Sardis City. Ala* thence S14°04'54"E 105.42 feet to an iron set (this iron and all irons referred to as "set" are 5/8 inch diameter with yellow cap stamped "CDG CA-0026-LS") at the northwest corner of said Lot 7, the true point of beginning; thence N75°55'OO"E 436.76 feet to a ½ inch diameter rebar on the west right-of-way limit of Stardust Drive; thence along said west right-of-way limit S15°35'OO"E 197.24 feet to an iron set; thence along said west right-of-way limit along a curve to the left having a radius of 539.46 feet, an arc length of 4.40 feet, and a chord bearing and distance of S15°49'OO"E 4.40 feet to an iron set; thence leaving said right-of-way limit S75°52'27"W 442.07 feet to an iron set on the northeast right-of-way limit of U. S. Highway No. 431; thence along said northeast right-of-way limit N14°04'54"W 1.89 feet to a ½ inch diameter rebar; thence continue along said northeast right-of-way limit N14°04'54"W 200.00 feet to the true point of beginning.

_____
SURESH B. DESAI, OPERATING MANAGER

_____
ARVINDBHAI B. PATEL, MEMBER

**ACORD**

# EVIDENCE OF PROPERTY INSURANCE

15 212

OP ID: AS

DATE (MM/DD/YYYY)
08/08/2014

THIS EVIDENCE OF PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| AGENCY | PHONE (A/C, No, Ext): 256-259-2545 | COMPANY |
|---|---|---|
| Randy Jones & Associates 419 E Laurel Street Scottsboro, AL 35768 Jon Pair | | Lloyds Of London SCANNED |
| FAX (A/C, No): 256-259-4533 | E-MAIL ADDRESS: | |
| CODE: | SUB CODE: | |
| AGENCY CUSTOMER ID #: RAMUJ-1 | | |

| INSURED | LOAN NUMBER | | POLICY NUMBER AJG0003034 |
|---|---|---|---|
| Ramuji, LLC dba Budget Inn Sam 12960 Hwy 431 S Boaz, AL 35956 | EFFECTIVE DATE 05/09/14 | EXPIRATION DATE 05/09/15 | CONTINUED UNTIL TERMINATED IF CHECKED |
| | THIS REPLACES PRIOR EVIDENCE DATED: | | |

## PROPERTY INFORMATION

LOCATION/DESCRIPTION
12960 Hwy 431 S
Boaz, AL 35957

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

## COVERAGE INFORMATION

| COVERAGE / PERILS / FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| Premise 1 Building 1 | | |
| BUILDING | 1,732,138 | 1000 |
| CONTENTS | 150,000 | 1000 |
| Sign | 15,000 | 1000 |
| INCOME/ALS | | |

## REMARKS (Including Special Conditions)

MORTGAGEE DESC-

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

| NAME AND ADDRESS | | |
|---|---|---|
| PEOPLES INDEPENDENT BANK PO BOX 669 BOAZ, AL 35957 | X MORTGAGEE LOSS PAYEE | ADDITIONAL INSURED |
| | LOAN # | |
| | AUTHORIZED REPRESENTATIVE Jon Pair | |

ACORD 27 (2009/12)

© 1993-2009 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

# ACORD®

## EVIDENCE OF PROPERTY INSURANCE

*196 2*

OP ID: AS

DATE (MM/DD/YYYY)
06/05/2015

THIS EVIDENCE OF PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| AGENCY | PHONE (A/C, No, Ext): 256-259-2545 | COMPANY |
|---|---|---|
| Randy Jones & Associates<br>419 E Laurel Street<br>Scottsboro, AL 35768<br>Jon Pair | | Lloyds Of London |
| FAX (A/C, No): 256-259-4533 | E-MAIL ADDRESS: | SCANNED |
| CODE: | SUB CODE: | |
| AGENCY CUSTOMER ID #: RAMUJ-1 | | |

| INSURED | | |
|---|---|---|
| Ramuji, LLC dba Budget Inn<br>Sam Patel<br>12960 Hwy 431 S<br>Boaz, AL 35956 | LOAN NUMBER | POLICY NUMBER<br>592015 |
| | EFFECTIVE DATE<br>05/09/15 | EXPIRATION DATE<br>05/09/16 | CONTINUED UNTIL TERMINATED IF CHECKED |
| | THIS REPLACES PRIOR EVIDENCE DATED: | |

## PROPERTY INFORMATION

LOCATION/DESCRIPTION
12960 Hwy 431 S
Boaz, AL 35957

HOTEL

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

## COVERAGE INFORMATION

| COVERAGE / PERILS / FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| Premise 1 Building 1 | | |
| BUILDING | 1,732,136 | 1000 |
| CONTENTS | 150,000 | 1000 |
| Sign | 15,000 | 1000 |
| Loss of income | $200,000 | |

## REMARKS (Including Special Conditions)

MORTGAGEE DESC-

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

| NAME AND ADDRESS | | |
|---|---|---|
| | X MORTGAGEE | ADDITIONAL INSURED |
| | LOSS PAYEE | |
| PEOPLES INDEPENDENT BANK<br>PO BOX 669<br>BOAZ, AL 35957 | LOAN # | |
| | AUTHORIZED REPRESENTATIVE<br>Jon Pair | |

ACORD 27 (2009/12)

© 1993-2009 ACORD CORPORATION.  All rights reserved.

The ACORD name and logo are registered marks of ACORD

**EXHIBIT 4**

**ACORD**

# EVIDENCE OF PROPERTY INSURANCE

OP ID: SP

DATE (MM/DD/YYYY)
05/08/2015

THIS EVIDENCE OF PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| AGENCY | COMPANY |
|---|---|
| Randy Jones & Associates<br>419 E Laurel Street<br>Scottsboro, AL 35768<br>Jon Pair<br>PHONE (A/C, No, Ext): 256-259-2545 | Lloyds Of London |
| FAX (A/C, No): 256-259-4533   E-MAIL ADDRESS: | |
| CODE:                        SUB CODE: | |
| AGENCY CUSTOMER ID #:  RAMUJ-1 | |

| INSURED | LOAN NUMBER | POLICY NUMBER |
|---|---|---|
| Ramuji, LLC dba Budget Inn<br>Sam Patel<br>12960 Hwy 431 S<br>Boaz, AL 35956 | | 582015 |

| EFFECTIVE DATE | EXPIRATION DATE | |
|---|---|---|
| 05/09/15 | 05/09/16 | CONTINUED UNTIL TERMINATED IF CHECKED |

THIS REPLACES PRIOR EVIDENCE DATED:

## PROPERTY INFORMATION

LOCATION/DESCRIPTION
12960 Hwy 431 S
Boaz, AL 35957

HOTEL

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

## COVERAGE INFORMATION

| COVERAGE / PERILS / FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| Premise 1 Building 1 | | |
| BUILDING | 1,732,136 | 1000 |
| CONTENTS | 150,000 | 1000 |
| Sign | 15,000 | 1000 |
| Loss of Income | $200,000 | |

## REMARKS (Including Special Conditions)

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

| NAME AND ADDRESS | | |
|---|---|---|
| PEOPLES INDEPENDENT BANK<br>PO BOX 669<br>BOAZ, AL 35957 | X MORTGAGEE<br>LOSS PAYEE | ADDITIONAL INSURED |
| | LOAN # | |
| | AUTHORIZED REPRESENTATIVE<br>Jon Pair | |

ACORD 27 (2009/12)

© 1993-2009 ACORD CORPORATION.  All rights reserved.

The ACORD name and logo are registered marks of ACORD