FILED

2017 Jun-28  PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **CATLIN SYNDICATE LIMITED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 4:16-CV-1331-VEH** |
| **v.** ) | |
| ) | |
| **RAMUJI, LLC, and   PEOPLES** ) | |
| **INDEPENDENT BANK,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

_____

| | |
|---|---|
| ) | |
| **RAMUJI,   LLC   and   PEOPLE'S** ) | |
| **INDEPENDENT BANK,** ) | |
| ) | |
| **Counterclaim/Third Party** ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **RANDY   JONES   &   ASSOCIATES,** ) | |
| **INC., JON PAIR,       CERTAIN** ) | |
| **UNDERWRITERS   AT   LLOYD'S,** ) | |
| **LONDON               SUBSCRIBING** ) | |
| **SEVERALLY TO POLICY NO. ULL** ) | |
| **20018,   NAMED   AS   "SYNDICATE** ) | |
| **1414   AT   LLOYD'S   (ASCOT** ) | |
| **UNDERWRITING           LIMITED),** ) | |
| **SYNDICATE   5820   AT   LLOYD'S** ) | |
| **(ANV   SYNDICATES   LIMITED),** ) | |
| **SYNDICATE 727 AT LLOYD'S  (S.A.** ) | |
| **MEACOCH & COMPANY LIMITED),** ) | |
| **AND SYNDICATE 1861 AT LLOYD'S** ) | |
| **(ANV SYNDICATES LIMITED),   AS** ) | |
| **CERTAIN     UNDERWRITERS     AT** ) | |

**LLOYD'S LONDON SUBSCRIBING )**
**TO POLICY NO. ULL 20018            )**
                                                      **)**
        **Third-Party Defendants.            )**

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

This is an action for Declaratory Judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28. U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of an actual and immediate controversy that presently exists among Plaintiff Catlin Syndicate Limited ("Plaintiff" and/or "Catlin") and Defendants Ramuji, LLC dba Budget Inn ("Ramuji") and Peoples Independent Bank ("PIB").

Specifically, Catlin asks the Court to declare that: (1) commercial insurance policy no. ULL20018 issued to Ramuji (the "Policy at Issue") for the policy period May 9, 2015 through May 9, 2016 is void *ab initio* due to material misrepresentations in its application or, in the alternative, that no coverage is afforded to Ramuji under the Policy due to one or more violations of the Policy's "Protective Safeguards" provision and "Representations and Warranties" endorsement; (2) with respect to Ramuji's April 2, 2016 fire loss, PIB has no standing as a named mortgagee on the Policy at Issue; (3) Catlin and the other underwriters at Lloyd's who subscribed severally to the Policy at Issue were not parties to or third-party beneficiaries of a prior commercial insurance policy issued to Ramuji, LLC (policy no. AJG0003034) and, thus, have no obligations or rights arising from that Prior Policy; and (4) the Policy at Issue is not a renewal of the Prior Policy.   In support of the relief requested herein, Catlin alleges as follows:

### I.

### HOW THE LLOYD'S INSURANCE MARKET OPERATES

1.        "Lloyd's is not an insurer."   Society of Lloyd's v. Mullins, 96 Fed. Appx. 100, 101 (3d Cir. 2004).

2

2.    Rather, Lloyd's is "the regulator of an insurance market located in London." Society of Lloyd's v. Mullins, 96 Fed. Appx. 100, 101 (3d Cir. 2004).

3.    "The United Kingdom Parliament created Lloyd's through a succession of Parliamentary Acts and charged it with the duty and authority to regulate those who conduct insurance business in the Lloyd's market."  Society of Lloyd's v. Mullins, 96 Fed. Appx. 100, 101 (3d Cir. 2004).

4.    "The only insurers in the Lloyd's market are underwriters known as 'Names.'" Society of Lloyd's v. Mullins, 96 Fed. Appx. 100, 101 (3d Cir. 2004).

5.    "Names are grouped together to form 'syndicates,' which provide the actual insurance in the market."  Society of Lloyd's v. Mullins, 96 Fed. Appx. 100, 101 (3d Cir. 2004).

## II.

## PARTIES, JURISDICTION, & VENUE

6.    Plaintiff Catlin is the sole 'Name,' or capital provider, to Syndicate 2003. Syndicate 2003, in turn, is one of many syndicates that transact business in the insurance marketplace known as Lloyd's or "Lloyd's of London."  Syndicate 2003 underwrote 45% of the Policy at Issue and, thus, subscribed to 45% of the risk on that policy.  Catlin is a corporation organized and existing under the laws of England, with its registered office and principal place of business in London, England. Catlin is therefore deemed to be a citizen or subject of a foreign state pursuant to 28 U.S.C. §1332.  Catlin is entitled to maintain this action without joining the other subscribers to the policy and without regard to their citizenship.  See Corfield v. Dallas Glen Hills, LP, 355 F.3d 853, 864 (5th Cir. 2003); Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1091-92 (11th Cir. 2010) (dicta agreeing with and endorsing holdings in Corfield and similar cases).

7.      Defendant Ramuji, LLC is and was at all times relevant hereto a single-member limited liability company.  Its sole member is and was at all times relevant hereto Suresh Desai, who is an Alabama citizen and resident.   Therefore, for purposes of diversity, Ramuji, LLC is deemed to be a citizen of the State of Alabama.  See Rolling Greens MHP, L.P. v. Comast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Defendant Ramuji is also an Alabama Limited Liability Company with its principal place of business in Gadsden, Alabama.  This complaint may be served on Ramuji through its registered agent, Suresh B. Desai, located at 2704 W. Meighan Blvd., Gadsden, AL 35904.

8.      Defendant PIB is an Alabama corporation with its principal place of business in Boaz, Alabama.  PIB is therefore deemed to be a citizen of the State of Alabama pursuant to 28 U.S.C. §1332 (c)(1).

9.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.     The Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(2), because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and because the action is between a citizen(s) of a state and a citizen or subject of a foreign state.

11.     Venue in this action is proper under 28 U.S.C. §1391.

12.     This Court has personal jurisdiction over Ramuji.

13.     This Court has personal jurisdiction over PIB.

## III.

## FACTS

### A)      THE PREMISES / MOTEL

14.     Ramuji is the owner of certain real property located at 12960 Highway 431 South, Boaz, Alabama (the "Premises").

15.     Prior to a fire incident on April 2, 2016, Ramuji operated a motel on the Premises.

**B)     JUDGMENTS AGAINST RAMUJI**

16.     On or about May 16, 2011, Days Inns Worldwide, Inc. obtained a judgment in the amount of $95,651.56 against Ramuji, its Managing Member, Mr. Shresh Desai ("Desai") and Sudha Desai.  A Notice of Filing of Foreign Judgment was thereafter filed in the Circuit Court of Etowah County, Alabama.  A true, correct and complete copy of the Notice and Judgment are attached collectively hereto as <u>Exhibit "A."</u>  As of July 8, 2016, the judgment lien had not been satisfied or released.

17.     On or about November 26, 2012, Knights Franchise Systems, Inc. obtained a judgment in the amount of $93,327.28 against Ramuji and Mr. Desai, in the Superior Court of New Jersey Law Division, Morris County.  A Notice of Filing of Foreign Judgment was thereafter filed in the Circuit Court of Jefferson County, Alabama.  A true, correct and complete copy of the Notice and Judgment are attached collectively hereto as <u>Exhibit "B."</u>  As of July 8, 2016, the judgment lien had not been satisfied or released.

**C)     THE PRIOR POLICY (COMMERCIAL INSURANCE POLICY NO. AJG0003034)**

18.     On or about May 6, 2014, Ramuji, through its retail insurance agent, Randy Jones & Associates, submitted a signed Commercial Insurance Application to a wholesale/surplus lines broker, RPS Continental Special Risks, for commercial property coverage for its motel on the Premises, as well as for business personal property, business income with extra expense and an outdoor sign.  A true, correct and complete copy of Ramuji's Signed Application is attached as <u>Exhibit "C."</u>

19.     Certain underwriters doing business in the Lloyd's marketplace issued the Prior Policy (being commercial  insurance policy no. AJG0003034) to Ramuji effective May 9, 2014

to May 9, 2015.   A true, correct and complete copy of Commercial Insurance Policy No. AJG0003034 is attached as <u>Exhibit "D."</u>

      20.      Neither Catlin nor any of the other insurers subscribing to Policy No. ULL20018 were parties to, or underwriters/insurers of, the Prior Policy.

      21.      The certain underwriters subscribing to the Prior Policy elected to not renew the Prior Policy, and sent Ramuji a non-renewal notice.   A true, correct and complete copy of the nonrenewal notice for Commercial Insurance Policy No. AJG0003034 is attached as <u>Exhibit "E."</u>

**D)**      **RAMUJI APPLIES FOR NEW COMMERCIAL INSURANCE AFTER RECEIVING NONRENEWAL NOTICE.**

      22.      Because the underwriters of the Prior Policy elected not to renew not renew that policy, Ramuji and its retail insurance agents, Randy Jones & Associates and Jon Pair, were forced to "remarket" the motel on the Premises to other insurers through different wholesale/surplus lines brokers.

      23.      On or about May 8, 2015, Ramuji submitted a signed Commercial Insurance Application for commercial property coverage for its motel on the Premises, as well as for business personal property, business income with extra expense and an outdoor sign.   A true, correct and complete copy of Ramuji's Signed Application is attached as <u>Exhibit "F."</u>

      24.      The May 8, 2015 application was submitted through Randy Jones & Associates, Ramuji's same retail insurance agent who submitted the application for the Prior Policy.

      25.      The May 8, 2015 application was submitted through Johnson & Johnson, Inc., a wholesale/surplus lines broker.   Johnson & Johnson, Inc. is a separate and distinct entity from RPS Continental Special Risks, the wholesale/surplus lines broker and managing general agent who issued the Prior Policy.

6

**E)**     **MISREPRESENTATIONS IN MAY 8, 2015 APPLICATION**

26.     Ramuji, in its May 8, 2015 application, intentionally concealed the material fact that at the time of the application, it had at least two unsatisfied and unreleased judgment liens filed against it.  Specifically, Question no. 10 in the application asked whether Ramuji "HAD A JUDGMENT OR LIEN DURING THE LAST FIVE (5) YEARS."  Ramuji's response in the application was "N," or no.  See, Ex. "F."

**F)**     **THE POLICY AT ISSUE (COMMERCIAL INSURANCE POLICY NO. ULL20018)**

27.     Without knowledge of the existence of the unsatisfied and unreleased judgment liens, the Plaintiff and the other underwriters at the Lloyd's who subscribed severally to the Policy at Issue issued the Policy at Issue to Ramuji, effective May 9, 2015 through May 9, 2016. A true, correct and complete copy of the Policy at Issue is attached as Exhibit "G."

28.     The Policy at Issue provided $1,732,136 in building coverage for Ramuji's motel located on the Premises, in addition to $150,000.00 in business personal property coverage, $200,000.00 in business income with extra expense coverage and $15,000.00 in coverage for an outdoor sign for total insurance limits of $2,097,136.00.

29.     Catlin and the other underwriters at Lloyd's who subscribed severally to the Policy at Issue, hereinafter collectively referred to as "Underwriters," would not in good faith have underwritten the Policy at Issue had they known that Ramuji had two unsatisfied and unreleased judgment liens pending against it in the previous five (5) years, or they would have underwritten the Policy at Issue at a much higher premium.

**G)**     **RELEVANT PROVISIONS IN THE POLICY AT ISSUE**

7

30.     The Policy at Issue includes a "Statements, Warranties and Representations" provision, which provides:

> By accepting this policy, you agree that:
>
> a.     The application(s) for insurance completed by you or any agent acting on your behalf will be considered a part of this policy including all statements, warranties and representations;
>
> b.     The statements, warranties and representations are accurate and complete;
>
> c.     We have issued this policy in reliance upon your statements, warranties and representations; and
>
> d.     Except as otherwise provided by law, this policy is void in any case of fraud or if any insured (or any agent or person acting on behalf of or for the benefit of any insured) conceals or misrepresents, either intentionally or unintentionally, any material fact or circumstance relating to this insurance.

31.     The Policy at Issue contains a "Representations and Warranties" endorsement (the "Endorsement"), which provides:

> This endorsement modifies insurance provided under the following:
>
> **SPECIAL COVERAGE PART**
> **NAMED PERILS COVERAGE**
>
> A.     The Named Insured understands and agrees that the following representations and warranties are material and that the Company is relying on the truthfulness of these representations and warranties, which are made the basis of and a condition for the Company' acceptance of the risks covered by this insurance.  The Named Insured further understands and agrees that if any of the following material representations and warranties are false, or if the Named Insured fails to comply with any of the following representations and warranties at any time during the "policy period", the Named Insured shall be deemed to have breached this insurance policy.  A breach of any of the following representations and warranties will result in this policy not applying to any claim or suit brought hereunder.
>
> B.     The Named Insured hereby represents and warrants that the following statements are true and correct as of the inception date of the policy:
>
> 1.     The information contained in the Application(s) is a just, full and true exposition of all the facts and circumstances with regard to the risk to be insured.

8

2.   *No claims have been made nor have any suits been filed against you or any other insured in the past five (5) years other than as disclosed in the Application(s) submitted to us.*

3.   *There have been no losses in the past five (5) years other than as disclosed in the Application(s) submitted to us.*

4.   *There are no facts, acts, incidents, injuries or other circumstances which may result in a Claim or Suit against you or any other insureds.*

C.   **The Named Insured further represents and warrants that the following statements are true and correct as of the inception date of the policy <u>AND</u> will remain so at all times during the "policy period":**

*The following apply to ALL location(s):*

1.   *The insured premises, including but not limited to all buildings, structures and parking lots, are in compliance with all federal, national, state and local codes and/or requirements as respects fires, life safety (including, but not limited to: the National Fire Protection Association Life Safety Code Standard 101), occupancy, and building construction, maintenance, reconstruction, restoration and/or repair.*

2.   *There are operable smoke detectors in each unit, office, utility/laundry room and storage area.*

3.   *No commercial cooking is done on any insured premises.*

*ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.*

32.     In conjunction with the Representations and Warranties endorsement, the Policy also contains a "Protective Safeguards" provision, which provides:

*It is a condition of this insurance that the Named Insured shall maintain so far as within his control such protective safeguards set forth in this policy or by endorsement hereto.*

*Failure to maintain such protective safeguards shall void this insurance for the time of such discontinuance and we will not be obligated to make payments hereunder.*

**H)     APRIL 2, 2016 FIRE LOSS**

33.     A fire loss occurred at the insured motel on April 2, 2016.  Underwriters timely acknowledged Ramuji's claim, commenced a good-faith investigation and, by letter dated April 7, 2016, reserved their rights under the Policy at Issue.

9

**I)**     **RAMUJI REQUESTS THAT PIB BE ADDED TO THE POLICY AT ISSUE AS A MORTGAGEE**

34.     Three weeks after the fire loss, on April 25, 2016, Ramuji, through its retail agent, requested that PIB be added to the Policy as a mortgagee "effective at inception."

35.     Ramuji was advised that PIB could not be retroactively added as a mortgagee but that PIB could be added effective the day of the request.

36.     Thereafter, Underwriters issued Endorsement No. 1, adding PIB as a mortgagee effective April 25, 2016.   A true, correct and complete copy of Endorsement No. 1 is attached as Exhibit "H."

**J)**     **PIB'S STATUS**

37.     PIB was not listed as a mortgagee on the Policy at Issue on the date of loss, April 2, 2016, and, thus, is at most an equitable lienholder to any proceeds to which Ramuji may be entitled under the Policy at Issue.

38.     PIB has made a verbal request for coverage under the Policy as a mortgagee. However, no written claim or Proof of Loss has been tendered by it to date.

**K)**     **EXAMINATION UNDER OATH**

39.     By letter dated May 19, 2016, Underwriters, in conjunction with their ongoing reservation of rights under the Policy at Issue, requested Ramuji's Examination Under Oath, as well as the production of relevant books and records.

40.     The examination was conducted on July 8, 2016.

41.     During the examination, Ramuji, through its Managing Member, Mr. Desai, testified to facts, which constitute numerous violations of national, state and local codes and/or requirements.

PD.21546287.1

42.     At its EUO, Ramuji  also testified that one or more judgment liens filed against it remained outstanding and had not been released or otherwise satisfied.

**L)     RESULTS OF UNDERWRITERS' INVESTIGATION & RAMUJI'S TESTIMONY**

43.     Based on their investigation and Ramuji's testimony, Underwriters determined that the Policy was subject to rescission based upon material misrepresentations in its application, namely, its failure to disclose two unsatisfied and unreleased liens against it.

44.     In the alternative, Underwriters determined no coverage was available to Ramuji based upon the following violations of the Protective Safeguards provision and/or Representations and Warranties endorsement in the Policy:

   a.     Failing to inspect and/or maintain the fire alarm system, as required by the Rules of the Alabama State Board of Health, Bureau of Environmental Services, Chapter 420-3-11 and the National Fire Protection Association (NFPA 72) Fire and Signaling Code.

   b.     Failing to equip each guest room with an operational and compliant smoke detector as required by the Rules of the Alabama State Board of Health, Bureau of Environmental Services, Chapter 420-3-11 and the National Fire Protection Association (NFPA 101) Life Safety Code.

   c.     Failure to inspect fire extinguishers on an annual basis or record monthly visual inspections.  The fire extinguishers were last inspected in December 2014. Further, there was no record of monthly visual inspections, and at least two of the fire extinguishers did not have sufficient pressure to activate the extinguishers.  National Fire Protection Association  (NFPA 10) Standard for Portable Fire Extinguishers.

11

      d.      Failure to maintain continuous supervision of manual alarm station, in violation of NFPA 101 Life Safety Code.

      e.      The electrical conditions that were observed were not in compliance with the National Electrical Code.

        (1)    The electrical circuit breaker panels are required to be unobstructed within 35 inches of the front of the panel.

        (2)    The electrical conducts are required to be routed within electrical conduit and all of the electrical connections are required to be in an approved electrical junction box.

        (3)    Electrical switches shall not be installed within wet locations in tub or shower spaces unless installed as part of a listed tub or shower assembly.

      f.      The remodeling and renovations to the motel were completed without the approval of plans by the Alabama State Board of Health, in violation of the State of Alabama Architectural law, Public Health Regulations, and Building Commission building codes.

      g.      The use of a rain downspout for the kitchen's exhaust system was not an approved ventilation system.

      h.      Failing to disclose the judgments and liens filed against it.

45.    By letter dated August 16, 2016, Underwriters advised Ramuji that the Policy was subject to rescission based on material misrepresentations in the application for coverage, and they refunded Ramuji's premium, with interest, in the amount of $11,398.67. Underwriters advised Ramuji, in the alternative, that no coverage is afforded for the fire loss under the Policy

PD.21546287.1

due to the aforementioned violations of the Protective Safeguards provision and/or Representations and Warranties endorsement.

## COUNT I

## THE POLICY IS SUBJECT TO RESCISSION *AB INITIO* DUE TO MATERIAL MISREPRESENTATIONS IN THE APPLICATION

46.     The allegations contained in paragraphs 1 through 45 of Catlin's First Amended Complaint are incorporated herein by reference as if fully set forth herein.

47.     At the time Ramuji sought insurance coverage with Underwriters, it had two unsatisfied, unreleased judgment liens filed against it in 2011 and 2012, respectively.

48.     Ramuji failed to disclose the liens to Underwriters in its application for the Policy at Issue.

49.     The Policy at Issue contained a Statements, Warranties and Representations provision, which provides the statements, warranties and representations made in the application are accurate and complete.

50.     By failing to disclose the unsatisfied judgment liens in its application, Ramuji committed one or more breaches of the Statements, Warranties and Representations provision.

51.     The Statements, Warranties and Representations provision was a promissory warranty and was a condition precedent to payment of any claim under the Policy at Issue.

52.     The Statements, Warranties and Representations promissory warranty was breached, and any breach renders the coverage provided under the Policy at Issue null and void.

53.     Ramuji intentionally concealed, intentionally misrepresented and fraudulently failed to disclose the judgment liens to Underwriters.

54.     Underwriters would not have underwritten the Policy at Issue had it known of the two judgment liens or would have underwritten the Policy at Issue at a much higher premium.

13

55.     Under 28 U.S.C. §2201, there exists an actual and immediate controversy concerning Underwriters' right to rescind coverage under the Policy at Issue, and Catlin asks this Court to declare its rights under the Policy at Issue.

WHEREFORE, the premises considered, Catlin prays that the Court will issue a declaratory judgment that the Policy at Issue is subject to rescission *ab initio* pursuant to Ala. Code § 27-14-7 based on material misrepresentations in the application for coverage.

## COUNT II

### PIB DOES NOT HAVE STANDING AS A NAMED MORTGAGEE FOR THE APRIL 2, 2016 FIRE LOSS

56.     The allegations contained in paragraphs 1 through 55 of Catlin's First Amended Complaint are incorporated herein by reference as if fully set forth herein

57.     On the date of loss, April 2, 2016, there was no named mortgagee listed on the Policy at Issue.

58.     Ramuji's first request to include PIB as a named mortgagee on the Policy at Issue came more than three (3) weeks after the fire loss.

59.     An endorsement was issued to include PIB as a named mortgagee on the Policy effective *after* the fire loss, on April 25, 2016.

60.     Under 28 U.S.C. §2201, there exists an actual and immediate controversy concerning PIB's standing to present a claim under the Policy at Issue for the April 2, 2016 fire loss as a named mortgagee, and Catlin asks this Court to declare its rights under the Policy at Issue.

PD.21546287.1

WHEREFORE, the premises considered, Catlin prays that the Court will issue a declaratory judgment that PIB does not have standing as a named mortgagee for the April 2, 2016 fire loss.

## COUNT III

### IN THE ALTERNATIVE, NO COVERAGE IS PROVIDED TO RAMUJI FOR THE APRIL 2, 2016 FIRE LOSS DUE TO ONE OR MORE BREACHES OF THE PROTECTIVE SAFEGUARDS PROVISION

61.    The allegations contained in paragraphs 1 through 60 of Catlin's First Amended Complaint are incorporated herein by reference as if fully set forth herein

62.    The Policy at Issue contained a Protective Safeguards provision, which provides that Ramuji must maintain all protective safeguards set forth in the Policy at Issue and any endorsement.

63.    It is believed that Ramuji failed to maintain one or more protective safeguards, as set forth herein above.

64.    The Protective Safeguards provision was a promissory warranty and was a condition precedent to payment of any claim under the Policy at Issue.

65.    The Protective Safeguard promissory warranty was breached, and any breach renders the coverage provided under the Policy at Issue null and void.

66.    Under 28 U.S.C. §2201, there exists an actual and immediate controversy concerning whether coverage may be afforded to Ramuji due to one or more breaches of the Protective Safeguards provision in the Policy at Issue.

WHEREFORE, the premises considered, Catlin prays that the Court will issue a declaratory judgment that no coverage is afforded to Ramuji under the Policy at Issue for the

PD.21546287.1

April 2, 2016 fire loss due to one or more breaches of the Protective Safeguards provision in the Policy at Issue.

## COUNT IV

### IN THE ALTERNATIVE, NO COVERAGE IS PROVIDED TO RAMUJI FOR THE APRIL 2, 2016 FIRE LOSS DUE TO ONE OR MORE VIOLATIONS OF THE REPRESENTATIONS AND WARRANTIES ENDORSEMENT

67.    The allegations contained in paragraphs 1 through 66 of Catlin's First Amended Complaint are incorporated herein by reference as if fully set forth herein.

68.    The Policy at Issue contained a Representations and Warranties endorsement, which provides that Ramuji must maintain operable smoke detectors in all sleeping areas and comply with applicable codes, as set forth therein.

69.    It is believed that Ramuji failed to maintain one or more protective safeguards and/or comply with applicable code requirements, as set forth herein above.

70.    The Representations and Warranties endorsement was a promissory warranty and was a condition precedent to payment of any claim under the Policy at Issue.

71.    The Representations and Warranties promissory warranty was breached, and any breach renders the coverage provided under the Policy at Issue null and void.

72.    Under 28 U.S.C. §2201, there exists an actual and immediate controversy concerning whether coverage may be afforded to Ramuji due to one or more violations of the Representations and Warranties endorsement in the Policy at Issue.

WHEREFORE, the premises considered, Catlin prays that the Court will issue a declaratory judgment that no coverage is afforded to Ramuji under the Policy at Issue for the April 2, 2016 fire loss due to one or more violations of the Representations and Warranties endorsement in the Policy at Issue.

## COUNT V

**UNDERWRITERS ON THE POLICY AT ISSUE WERE NOT PARTIES TO OR THIRD-PARTY BENEFICIARIES OF THE PRIOR POLICY,  A SEPARATE AND DISTINCT INSURANCE POLICY FROM THE POLICY AT ISSUE**

73.    The allegations contained in paragraphs 1 through 72 of Catlin's First Amended Complaint are incorporated herein by reference as if fully set forth herein.

74.    The Prior Policy was issued by underwriters at Lloyd's who are separate and distinct from the Underwriters subscribing to the Policy at Issue.

75.    The underwriters who underwrote the Prior Policy made the decision that they would not renew the Prior Policy.

75.    Ramuji received a notification stating that the Prior Policy would not be renewed.

76.    Thereafter, Ramuji and its retail agents "remarketed" its coverage to different insurers and surplus lines brokers on May 8, 2015.

77.    The Policy at Issue, which was issued based upon the May 8, 2015 application, is not a renewal policy.

78.    Underwriters are not a party to or a third-party beneficiary of the Prior Policy, and, thus, have no obligations or rights arising from that Prior Policy.

WHEREFORE, the premises considered, Catlin prays that the Court will issue a declaratory judgment that:  (1) the Prior Policy and the Policy at Issue are separate policies, and the Policy at Issue is not a renewal policy; and (2) Underwriters were not parties to or third-party beneficiaries of the Prior Policy.


*/s/ A. Grady "Bo" Williams, IV*
A. Grady Williams IV (WILLA1951)
Paige Jones
Bradley R. Sanders, Jr. (SANDB4765)

17

OF COUNSEL:

**PHELPS DUNBAR LLP**
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
Post Office Box 2727
Mobile, Alabama 36652-2727
251-432-4481
bo.williams@phelps.com
paige.jones@phelps.com
bradley.sanders@phelps.com

<u>**CERTIFICATE OF SERVICE**</u>

        I do hereby certify that I have on June 28, 2017, electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will serve electronic notifications of such filing to the following:

| | |
|---|---|
| Gary V. Conchin | Jeffrey McLaughlin & Lea Hicks |
| Kenneth B. Cole, Jr. | McLaughlin & Edmondson, LLC |
| 2404 Commerce Court | 321 Blount Avenue |
| Huntsville, AL  35801 | Guntersville, AL  35976 |
| | |
| Mike Pennington | Robert Runnlund |
| Slates Veazey | Scott, Sullivan, Streetman, Fox, PC |
| Bradley Arant Boult & Cummings PC | 2450 Valleydale Road |
| 1819 5th Avenue North | Birmingham, Alabama  35244 |
| Birmingham, AL  35203 | |

                                                    /s/ A. Grady "Bo" Williams, IV
                                                    A. Grady "Bo" Williams, IV

PD.21546287.1