# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **CATLIN SYNDICATE LIMITED,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **RAMUJI, LLC d/b/a BUDGET INN and** ) <br> **PEOPLES INDEPENDENT BANK,** ) <br> ) <br>     **Defendants.** ) <br> _____ ) <br> ) <br> **RAMUJI, LLC and PEOPLE'S** ) <br> **INDEPENDENT BANK,** ) <br> ) <br>     **Counterclaim/Third Party Plaintiffs,** ) <br> ) <br> **GREAT AMERICAN ASSURANCE** ) <br> **COMPANY** ) <br> ) <br>     **Third-Party Plaintiff Intervenor** ) <br> ) <br> **v.** ) <br> ) <br> **RANDY JONES & ASSOCIATES, INC.,** ) <br> **JON PAIR, CERTAIN UNDERWRITERS** ) <br> **AT LLOYD'S, LONDON SUBSCRIBING** ) <br> **SEVERALLY TO POLICY NO. ULL** ) <br> **20018,** *named as* **"SYNDICATE 1414 AT** ) <br> **LLOYD'S (ASCOT UNDERWRITING** ) <br> **LIMITED), SYNDICATE 5820 AT** ) <br> **LLOYD'S (ANV SYNDICATES** ) <br> **LIMITED), SYNDICATE 727 AT** ) <br> **LLOYD'S (S.A. MEACOCH & COMPANY** ) <br> **LIMITED), and SYNDICATE 1861 at** ) <br> **LLOYD's (ANV SYNDICATED** ) <br> **LIMITED),** ) <br> ) <br>     **Third-Party Defendants.** ) | **Case No.: 4:16-CV-1331-VEH** |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

This is a civil action. Pending before the Court are the following Motions:

- Randy Jones & Associates ("Jones") and Jon Pair ("Pair") Motion To Dismiss the third party complaints of Ramuji LLC ("Ramuji") and Peoples Independent Bank ("PIB"). (Doc. 95 at 1-2).

- PIB Motion To Amend its third-party complaint (Doc. 106 at 1-2).

For ease of understanding, convenience, and simplicity, the Court will take up both the PIB Motion To Amend (doc. 106) and the Jones/Pair Motion To Dismiss (doc. 95) together.

## II. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

These motions are a part of a larger case initiated by Catlin Syndicate on August 16, 2016, regarding different insurance policies insuring the same property (which suffered a fire loss). *See* (doc. 1 at 1-6); (doc. 93 at 2-10). Over the course of the litigation, there have been counterclaims (doc. 9 at 1), intervenors (doc. 87 at 6), and, at issue here, third-party complaints.

Ramuji and PIB both claim insured status under the Catlin Syndicate policy. Each of them separately filed third-party complaints against Jones and Pair, the brokers who allegedly committed negligence, wantonness, and breach of contract

2

among other claims. *See* (doc. 49); (doc. 46). There are several versions of these third-party complaints. PIB filed a third-party complaint on September 19, 2016. (Doc. 12 at 18). Ramuji filed a third-party complaint on September 23, 2016. (Doc. 15 at 1). PIB then filed an amended third-party complaint on January 24, 2017. (Doc. 46 at 15). Ramuji then filed an amended third-party complaint on January 24, 2017. (Doc. 49 at 1). PIB then restated its third-party complaint. (Doc. 98 at 1). On September 7, 2017, PIB moved the Court for leave to amend its third-party complaint once again. (Doc. 106 at 2).

Should the Court grant PIB's Motion To Amend, this would mean that the most recent third-party complaint by PIB would be document 106. The most recent third-party complaint by Ramuji would be document 49.

Ramuji's third party complaint against Jones and Pair alleges negligence (doc. 49 at 12), wantonness (doc. 49 at 14), breach of contract (doc. 49 at 16), fraud/misrepresentation (doc. 49 at 17), and conspiracy to commit fraud/misrepresentation (doc. 49 at 19). "Pair and Jones procured the policy in question which Underwriters at Lloyd's are attempting to avoid." (Doc. 49 at 4). In its third-party complaint, Ramuji details its perspective on how Pair and Jones failed to provide proper insurance brokerage. (*See* doc. 49 at 4-12).

3

**III. STANDARDS AND ISSUES PRESENTED**

At issue as to the Motion To Dismiss is whether Ramuji's claims against Jones and Pair are ripe under Rule 12(b)(1). (*See* doc. 95 at 6-10) Also at issue is whether Jones and Pair were properly joined under Rule 14. (*See* doc. 95 at 11-14). At issue as to the Motion To Amend is the Rule 15 standard. The Court will explain each standard in the course of its analysis of each issue.

**IV. ANALYSIS**

    A.    <u>Whether To Grant the PIB Motion To Amend</u> (Doc. 106)

On September 7, 2017, PIB filed a Motion To Amend Its Amended Answer, Counterclaim, and Third Party Complaint. (Doc. 106). This Motion To Amend would bring back claims the Court dismissed in its Memorandum Opinion and Order. *See* (Doc. 105 at 33-34); (Doc. 107 at 2-6); (Doc. 108 at 2-4). In this Court's Memorandum Opinion and Order, dated August 18, 2017, the Court dismissed many of PIB's claims. (Doc. 105 at 33-34). However, the Court did not specify if the dismissal was with, or without, prejudice. (Doc. 105 at 33-34).

The Scheduling Order from November 16, 2016, states as follows:

> Plaintiff(s) may amend pleadings and/or join additional parties, in accordance with Fed. R. Civ. P. 15, until June 9, 2017. Defendant(s) may amend pleadings and/or join additional parties, in accordance with Fed. R. Civ. P. 15, until June 9, 2017.

(Doc. 31).

The Court entered an order on March 29, 2017, "[e]xtending All Deadlines In The Scheduling Order, DOC 31 by 90 days." (Doc. 72). The Court entered another Order on June 19, 2017, "[e]xtend[ing] all Deadlines in Scheduling Order by 120 days." (Doc. 86). 90 days (the amount of time extended in the Doc. 72 order) from June 9, 2017, (the original deadline for amending pleadings in Doc. 31) is September 7, 2017. 120 days (the amount of time extended in the Doc. 86 order) from September 7, 2017, is January 5, 2018. Therefore, PIB's amended pleadings are timely under the Scheduling Order as amended.

FEDERAL RULE OF CIVIL PROCEDURE 15(a) states as follows:

> **(a) Amendments Before Trial.**
> **(1)** *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> **(3)** *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

FED. R. CIV. P. 15(a).

On September 13, 2017, the Underwriters partially opposed the Motion To

Amend. (Doc. 107). The "Underwriters object to PIB's Motion to the extent the proposed amended pleadings re-assert claims that have already been adjudicated on the merits." (Doc. 107 at 4). The Underwriters cited cases basically holding that "**unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice**." (Doc. 107 at 3) (quoting another source) (emphasis added by Underwriters). The "Underwriters do not object the Motion to the extent that Motion seeks leave of Court to file an amended pleading which includes new allegations *about causes of action that were not previously dismissed by the Court*." (Doc. 107 at 4).

On September 22, 2017, PIB replied. (Doc. 108 at 2). In that reply PIB freely admits the amended pleadings are in response to this Court's Memorandum Opinion and Order (Doc. 105). (*Id.*). PIB also stated that the amended pleadings are "intended to satisfy any pleading requirements so that PIB may proceed on all of its claims against Plaintiff Catlin Syndicate Limited (Counterclaim Defendant) and all Third Party Defendants." (*Id.*) (emphasis added). As support, PIB cites to the Eleventh Circuit's decisions in *Thomas v. Town of Davie* and *Bryant v. Dupree*. (Doc. 108 at 2-3).

The rule for motions to amend is as follows:

> We review for abuse of discretion a district court's denial of a motion to amend. *Henson v. Columbus Bank & Trust Co.,* 770 F.2d 1566, 1574 (11th Cir.1985). A district court's discretion to dismiss a complaint without leave to amend "is 'severely restrict[ed]' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.' " *Thomas v. Town of Davie,* 847 F.2d 771, 773 (11th Cir.1988) (citation omitted). Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991). A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

*Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The Eleventh Circuit stated the following on amending pleadings:

> [A] district court's discretion to dismiss a complaint without leave to amend is "severely restrict[ed]" by FED. R. CIV. P. 15(a), which directs that leave to amend "shall be freely given when justice so requires." *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (Former 5th Cir.1981). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598.

*Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (edited to conform with the Bluebook). In *Czeremcha* the Eleventh Circuit stated:

> The commentators have criticized those courts holding that the plaintiff has an absolute right under Rule 15(a) to amend after dismissal of the complaint as frustrating "the desire for certainty in the termination of litigation." MOORE'S FEDERAL PRACTICE ¶

> 15.07[2]; WRIGHT & MILLER, § 1483. The criticism is in part premised on the ability of the plaintiff to request leave to amend and the fact that such leave is to be granted liberally. *See* MOORE, *supra*; WRIGHT & MILLER, *supra*.
>
> In light of this criticism and the confusion in this circuit's case law on the issue, we find it appropriate to adopt the rule that after a complaint is dismissed the right to amend under Rule 15(a) terminates; the plaintiff, however, may still move the court for leave to amend, and such amendments should be granted liberally, *see*, *Dowdy*, 267 F.2d at 828. The plaintiff may also move for relief under Rules 59(e) or 60(b) on the basis of proposed amendments even after the action is dismissed and final judgment is entered. See MOORE'S FEDERAL PRACTICE ¶ 15.07 [2].

*Czeremcha v. International Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984) (edited to conform with the Bluebook) (internal footnotes omitted).

In its discretion, the Court **GRANTS** leave to PIB to amend its pleadings, but only to the extent that they amend claims that the Court has not already adjudicated.

First, this is not PIB's first amendment to its pleadings. In fact, this will be the second time that PIB amended its pleadings. PIB waited until after the Court ruled on pending motions to dismiss to request leave to amend. *See* (doc. 106 at 2); (doc. 107 at 4). Further, in the Motion To Amend, PIB does not claim that it recently discovered any new facts. *See generally* (doc. 106); (doc. 107 at 4).

Second, though the prior opinion does not state as much, the Court's prior dismissal PIB's claims (doc. 105) was with prejudice. The general rule is that

"dismissals under Rule 12(b)(6) typically are with prejudice." *U.S. Faucets, Inc. v. Home Depot USA, Inc.*, 2006 WL 126787, at *2 (N.D. Ga. Jan. 13, 2006).

Third, in light of the August order dismissing some of PIB's claims, the proposed amendment would be futile. PIB did not said why this amendment could not have been made before the Court, and all of the interested parties, spent time on the motions to dismiss. PIB had plenty of time to amend its pleadings before the Court ruled in document 105. However, PIB seems to view the Court's Memorandum Opinion as mere "observations"[1] and now wants all of the parties to plow the same ground again.

For the aforementioned reasons, the Motion To Amend is **GRANTED**, but only to the extent the amended pleadings amend claims that were not already dismissed by the Court. PIB is **ORDERED** to re-file a "clean" copy of its complaint, excluding previously dismissed claims. This **TERMS** as **MOOT** the Jones/Pair Motion as it pertains to the PIB third-party complaint.

### B. Whether There Is an Article III Justiciable Controversy

Jones and Pair argue that "the Third-Party Complaints filed against the Agency Defendants in this matter are due to be dismissed for lack of subject matter

---

[1] The reply states: "This amendment is primarily intended to address factual assertions necessary to address the observations of this Court in its Memorandum Opinion and Order issued 8/18/17 (Doc. 105)." (Doc. 108 at 2).

jurisdiction as they fail to state a ripe and justiciable controversy invoking the jurisdiction of this Court." (Doc. 95 at 6). Jones and Pair go on to say:

> Instead – at most – the Third-Party Plaintiffs' Complaints against the Agency Defendants purport to state contingent claims that are premised upon one (of several) potential outcomes of the claims for declaratory judgment made the basis of Plaintiff's original Complaint. They are accordingly not yet ripe for adjudication in this Court, and they should accordingly be dismissed without prejudice at this time for refiling in the event that the coverage issues presented in the declaratory judgment action properly before the Court are decided adversely to the Third-Party Plaintiffs.

(Doc. 95 at 6-7). Jones and Pair are making an argument about ripeness. (Doc. 95 at 7-8). They essentially make two arguments. (Doc. 95 at 8-10).

Jones's and Pair's first argument is that "the third-party claims here are not fit for judicial decision." (Doc. 95 at 8-9). They argue that:

> [Ramuji and PIB] unequivocally allege that they are covered by the subject policy of insurance and that the carrier has wrongfully, and even tortiously, denied their claims thereunder – allegations that, if proven true, would affirmatively negate any allegations against the Agency Defendants. Thus, the Third-Party Plaintiffs' claims against the Agency Defendants are not fit for review at this time.

(Doc. 95 at 9). In support, Jones and Pair cite to three Middle District of Florida cases and one Eleventh Circuit case. (Doc. 95 at 9-10).

Jones's and Pair's second argument is that "there is no indication that dismissing this action without prejudice results in hardship." (Doc. 95 at 10). They argue:

10

> If this Court determines that the subject policy was not in force at the time of the accident, the Third-Party Plaintiffs would then be entitled [to] bring their state law tort claims against the Third–Party Defendants in the proper state court forum. In contrast, forcing the Agency Defendants to participate in burdensome, multi-party litigation that the very parties suing them claim should be decided in such a manner that their Third-Party Complaints would be rendered moot has very real, immediate, and significant financial consequences for the Agency Defendants.

(Doc. 95 at 10).

In response, Ramuji talks about Rule 19(a) and supplemental jurisdiction. (Doc. 101 at 4-5). It is not entirely clear to the Court why, in response to a ripeness issue, Ramuji starts off by discussing Rule 19(a). However, Ramuji gets to ripeness more directly later in its response. (Doc. 6 at 14). Arguing that the third-party complaint is ripe, Ramuji begins by distinguishing cases cited by Jones and Pair. (Doc. 101 at 6-7). Ramuji heavily relies on a Supreme Court of Alabama case. (Doc. 101 at 7).

> Third party movants do not cite one Alabama case in support of their position in this case. The reason is simple: where an insured has a claim for negligent procurement "a cause of action accrues when a loss that would trigger liability under the policy occurs." *Bush v. Ford Life Ins. Co.*, 682 So. 2d 46, 47 (Ala. 1996) (citation omitted). Here, again, the loss was the fire, the triggering event has thus occurred, so the Defendants' cause of action has accrued and the insurer has denied coverage. The counterclaim and third party claims are thus properly asserted.

(Doc. 101 at 7-8) (underlining changed to italics). Finally, Ramuji makes an argument that dismissing Jones and Pair would cause it to suffer a hardship. (Doc.

11

101 at 8).

A motion to dismiss the complaint based on ripeness implicates Federal Rule of Civil Procedure 12(b)(1). See *Little v. Strange*, 796 F. Supp. 2d 1314, 1318 (M.D. Ala. 2011). The standard for 12(b)(1) motions is as follows:

> A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction asserts either a facial or factual challenge to the complaint. A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."A facial attack, on the other hand, challenges the complaint on its face and "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction." Under these review mechanisms, a " 'court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.' "

*Id*. at 1318-19 (internal citations omitted). Finally, Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996). This means that, in this case, Alabama substantive law applies. "In a case of negligent procurement, a cause of action accrues when a loss that would trigger liability under the policy occurs." *Bush v. Ford Life Ins. Co.*, 682

So. 2d 46, 47 (Ala. 1996). The *Bush* case indicates that a negligent procurement action can be maintained when there is a loss "*and* the insurer refused to cover the loss." *Id.* at 47-48. In this case, Ramuji pled that both a loss and a denial of insurance coverage has occurred. (Doc. 49 at 13).[2] Accordingly, the negligent procurement claim is ripe.

Jones's and Pair's Motion To Dismiss fails to cite to substantive Alabama law to support their arguments that Ramuji's and PIB's other causes of action are not ripe. *See* (Doc. 95 at 6-10); (Doc. 101 at 7). The Court understands their argument to be that these claims are contingent on the resolution of the other declaratory judgment actions. (Doc. 95 at 6).[3] However, the Motion To Dismiss fails to point out any

---

[2] The third-party complaint states:

As a direct and proximate result of Pair and Jones' negligent actions and/or omissions, Ramuji was caused harm in that Underwriters has denied coverage under the policy to Ramuji after a hotel fire, which was a covered event under the policy.

(Doc. 49 at 13).

[3] The Motion To Dismiss states:

Instead – at most – the Third-Party Plaintiffs' Complaints against the Agency Defendants purport to state contingent claims that are premised upon one (of several) potential outcomes of the claims for declaratory judgment made the basis of Plaintiff's original Complaint. They are accordingly not yet ripe for adjudication in this Court.

(Doc. 95 at 6-7).

13

defects in the claims set out in the third-party complaints. (*See* doc. 95 at 6-10).[4,5] The Court has reviewed Ramuji's third-party complaint and finds that Ramuji has adequately pled ripe causes of action against Jones and Pair. *See* (doc. 49 at 10-20). For the aforementioned reasons, the Motion To Dismiss Ramuji's third-party complaint on the grounds it does not create a justiciable controversy is **DENIED**.

    C.    <u>Whether Jones and Pair Were Improperly Joined Under Rule 14</u>

The Motion To Dismiss also argues that Jones and Pair were added in contravention of Rule 14(a)(4). (Doc. 95 at 11). Federal Rule of Civil Procedure 14(a)(1) states:

> **(a) When a Defending Party May Bring in a Third Party.**
>
> > (1) ***Timing of the Summons and Complaint.*** A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

FED. R. CIV. P. 14(a)(1). The important phrase here is "who is or may be liable to it

---

[4] The Motion To Dismiss does alert the Court to what Jones and Pair perceive to be "contingent averments." (Doc. 95 at 5).

[5] The Motion To Dismiss states:

They generally contend that "in the event" this Court determines that they were not insured at the time of the accident, they are entitled to prosecute claims against and potentially recover from the Third–Party Defendants for this lack of coverage.

(Doc. 95 at 8).

14

for all or part of the claim against it." *Id.* Jones and Pair argue "that the claims asserted in the Complaint for Declaratory Relief and Third-Party Complaint are simply not derivatively based on the underlying declaratory judgment action." (Doc. 95 at 14). In other words, because this third-party complaint does not allege "secondary liability," joinder is inappropriate here. (Doc. 95 at 11) (quoting another source).[6]

Much authority states that Rule 14 should be based on secondary liability. Federal Practice and Procedure states:

> A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party. The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory.

6 FED. PRAC. & PROC. CIV. § 1446 (3d ed.) (original footnotes omitted). Numerous other courts from across the country take a similar approach. *See id.* at fn.3.

However, in response to the Motion To Dismiss, Ramuji cites to a Fifth Circuit case from 1956.[7] (Doc. 101 at 9-10). In that case, the Court said:

---

[6] In support of this contention, Jones and Pair cite to numerous persuasive cases, although none of the cases cited come from Alabama, much less the Eleventh Circuit. (*See* doc. 95 at 11-14).

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to 1981.

15

> American contends that impleader should not have been allowed in this case because the third-party complaint does not allege that American is liable to Greyhound for any part of the claim which Excess asserted against Greyhound. The objection, we think, places too restrictive a meaning on the words 'all or part of the plaintiff's claim', in the Rule.
>
> . . .
>
> It is settled that impleader under Rule 14(a) does not require an identity of claims, or even that the claims rest on the same theory. Otherwise the purposes of the Rule would be defeated. Plainly, if the theories differ, the facts supporting each will differ, and the question is what degree of difference will be allowed in the facts relied upon. In answering this question, the purposes of the Rule, including the desire to avoid circuity of actions and to obtain consistent results, must be balanced against any prejudice which the impleaded party might suffer, and these considerations are left to the discretion of the trial court.

*American Fidelity & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89, 91-92 (5th Cir. 1956) (internal footnotes omitted).

This Court is bound by controlling authority. However, the Fifth Circuit also spoke to this issue in *Joe Grasso & Son*. See *U.S. v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751-52 (5th Cir. 1967). There the court stated:

> We can agree with the general principle, as did the court below, that use of the word 'claim' in Rule 14 avoids the narrow concepts of 'cause of action' and employs instead the idea of the claim as a group of operative facts giving occasion for judicial action. *See Dery v. Wyer*, 265 F.2d 804, 807 (2d Cir. 1959). *Cf. American Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956). And it is true that when the defendant's right against the third party is merely an outgrowth of the same core of facts which determines the plaintiff's claim, impleader is properly used 'to reduce litigation by having one lawsuit do the work of two.' *Falls Indus., Inc. v. Consolidated Chem. Indus., Inc.*, 258 F.2d

277, 283 (5th Cir. 1959). But we are also cognizant of the obverse rule, which the government seemingly ignores, that an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim. *Cf. Horn v. Daniel*, 315 F.2d 471, 474 (10th Cir. 1962); *Kohn v. Teleprompter Corp.*, 22 F.R.D. 259 (S.D.N.Y. 1958).

The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that for impleader to be available the third party defendant must be 'liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff.' HOLTZOFF, ENTRY OF ADDITIONAL PARTIES IN A CIVIL ACTION, 31 F.R.D. 101, 106 (1962). *Accord, Cass v. Brown*, 41 F.R.D. 284, 286 (D.Colo.1966); *National Fire Ins. Co. v. Daniel J. Keating Co.*, 35 F.R.D. 137, 139 (W.D.Pa.1964). Stating the same principle in different words, other authorities declare that the third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery, 1A BARRON & HOLTZOFF, FEDERAL PRACTICE AND PROC. Sec. 426, at 664-669, or that the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant, 3 Moore's para. 14.07, at 512; *see Kohn v. Teleprompter*, *supra*. Whichever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.

*United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751–52 (5th Cir. 1967)

(edited to conform with the Bluebook).[8]

In short, courts disagree on the proper reading of Rule 14. As stated in a

---

[8] Further, the Eleventh Circuit cited to the *Joe Grasso & Son* case positively in *Faser. Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982) ("Impleader, or third party practice, is only available when the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim.").

17

case from the Northern District of Georgia:

> The Court recognizes that some courts take a different view, strictly reading Rule 14(a) to preclude a third-party complaint in a declaratory judgment action. *See e.g., Southern Ins. Co. v. Bennett,* 680 F.Supp. 387 (M.D.Ga.1988) (holding that defendant in a declaratory judgment insurance coverage action could not assert a third-party claim against his insurance agent because such claim was not one for indemnification); *Lincoln Nat'l Life Ins. Co. v. Barba,* No. 08–1777(SRC), 2010 U.S. Dist. LEXIS 68078, at *3 (D.N.J. July 8, 2010) (dismissing a third-party complaint where the underlying complaint is one for declaratory judgment); *U.S. Fire Ins. Co. v. Reading Mun. Airport Auth. et al.,* 130 F.R.D. 38, 39 (E.D.Pa.1990) (same). Rule 14(a)(1) provides that a third-party plaintiff may only implead a party "who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1). Indeed, a strict reading of this Rule would suggest that, because a declaratory judgment action does not seek to hold the third-party plaintiffs liable for any claims, "there can be no nonparty here who might be liable to the Third–Party Plaintiffs for all or part of the declaratory judgment claim against them." *Barba,* 2010 U.S. Dist. LEXIS 68078, at *3.
>
> However, the former Fifth Circuit, whose decisions are binding on this Court, considered and rejected this argument, stating that it "places too restrictive a meaning on the words 'all or part of the plaintiff's claim' in the Rule." *Am. Fidelity & Cas. Co., Inc.,* 232 F.2d at 91. Indeed, although perhaps technically the [third-party plaintiffs] do not face immediate liability in this declaratory judgment action, in reality their liability is on the line. Thus, this Court rejects the Third–Party Defendants' argument and finds that impleader is appropriate in this case

*S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1293–94 (N.D. Ga. 2013). This Court finds the *S. Pilot Ins. Co.* court persuasive and *American Fidelity* binding. Ramuji's third-party claims against Jones and Pair are derivative of the original declaratory judgment action. (*See generally* doc. 49 at 4-12). This is analogous to the

18

situation in *S. Pilot Ins. Co.*:

> The main claim here is one for declaratory relief. Southern Pilot seeks a declaration that the subject policy was not in force at the time of the accident. The CECS Defendants' third-party claim, in turn, seeks to hold Dillon and Little & Smith liable for failing to acquire liability insurance. This claim depends upon whether the subject policy was in force at the time of the accident; only if it were not would the CECS Defendants have a claim against their insurance agents. As the third-party claim is dependent upon the outcome of the main claim, impleader is appropriate here. *See Am. Fidelity & Cas. Co., Inc. v. Greyhound Corp.,* 232 F.2d 89, 91–92 (5th Cir.1956) (holding that in a declaratory judgment action, it was proper to allow a third-party tort claim under Rule 14); *see also* Moore's Federal Practice § 14.04[2] n. 7 (3d ed.2012) (noting that courts have properly allowed impleader in a declaratory judgment action where the third-party plaintiff asserts a claim against its agent for failing to obtain insurance) (collecting cases).

*S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1293 (N.D. Ga. 2013) (internal footnotes omitted).

In its discretion, the Court finds that joinder under Rule 14 is appropriate. The case is most efficiently, and properly, resolved as one action. Jones's and Pair's liability is, in some sense, dependent on the outcome of the main action. For the aforementioned reasons, the Jones' and Pair's Motion To Dismiss Ramuji's third-party complaint against them is **DENIED**.

V. **CONCLUSION**

Accordingly, the Motion To Amend (doc. 106) is **GRANTED** but only to the extent the amended pleadings amend claims that were not already dismissed by the

Court. PIB is **ORDERED** to re-file a "clean" copy of its complaint, excluding previously dismissed claims. This **TERMS** as **MOOT** the Jones/Pair Motion (doc. 95) as it pertains to the PIB third-party complaint. Further, the Motion To Dismiss (Doc. 95) is **DENIED** as it pertains to Ramuji's third-party complaint.

**DONE** and **ORDERED** this the 4th day of October, 2017.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge