# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| CATLIN SYNDICATE LIMITED, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: 4:16-CV-1331-VEH** |
| | ) | |
| RAMUJI, LLC d/b/a BUDGET INN and PEOPLES INDEPENDENT BANK, | ) ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |
| | ) | |
| RAMUJI, LLC, PEOPLE'S INDEPENDENT BANK, | ) ) | |
| | ) | |
| **Counterclaim/Third Party Plaintiffs,** | ) | |
| | ) | |
| GREAT AMERICAN ASSURANCE COMPANY | ) ) | |
| | ) | |
| **Third-Party Plaintiff Intervenor,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RANDY JONES & ASSOCIATES, INC., JON PAIR, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING SEVERALLY TO POLICY NO. ULL 20018, *named as* "SYNDICATE 1414 AT LLOYD'S (ASCOT UNDERWRITING LIMITED), SYNDICATE 5820 AT LLOYD'S (ANV SYNDICATES LIMITED), SYNDICATE 727 AT LLOYD'S (S.A. MEACOCH & COMPANY LIMITED), and SYNDICATE 1861 at LLOYD's (ANV SYNDICATED LIMITED), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

## I.     INTRODUCTION AND PROCEDURAL HISTORY

Great American Insurance Company ("Great American") filed a complaint for declaratory judgment (the "Complaint") on July 12, 2017.  In the Complaint, Great American requests certain declaratory relief such as "an order from the Court declaring that Lloyd's is required to cover People's claim" (doc. 93 at 9-10), "an order from the Court declaring Great American's rights and obligations under the Great American Policy as to Peoples" (doc. 93 at 10), and other alternative relief (doc. 93 at 10).

Subsequently, Certain Underwriters at Lloyd's Subscribing Severally to Policy No. ULL20018 (the "Underwriters") filed a Motion To Dismiss (the "Underwriters Motion) on July 31, 2017. (Doc. 100). After that, Randy Jones & Associates ("Jones") and Jon Pair ("Pair") filed a Motion To Dismiss (the "Jones/Pair Motion") on August 3, 2017. (Doc. 102). Great American responded to the Underwriters' Motion on August 14, 2017. (Doc. 103). Great American responded to the Jones/Pair Motion on August 17, 2017. (Doc. 104).

The Motions have substantial overlap in arguments, and the Court will address both Motions together.  Both Motions are ripe for this Court's disposition.

## II.    RELEVANT BACKGROUND

"Great American issued the Great American Policy to Peoples [Independent Bank]." (Doc. 93 at 6) (Peoples Independent Bank will be referred to as "PIB"). PIB had a mortgage on Ramuji's motel in Boaz, Alabama. (Doc. 46 at 3); *see also* (Doc. 93 at 6). Great American alleges that PIB's mortgage to Ramuji required Ramuji to have an insurance policy on which PIB was a named insured. (Doc. 93 at 6). Great American further alleges that Ramuji obtained that policy and named PIB "as a 'mortgagee with 'additional interest' on the Lloyd's Policy from as early as August 8, 2014, through the date of the April 2, 2016 fire loss at the Insured Property." (Doc. 93 at 6) (citing Doc. 12, ¶ 3, Exs. 2, 3). Great American claims that Jones and Pair acted for Lloyd's and gave information to PIB that "People's was a named mortgagee on the Lloyd's policy." (Doc. 93 at 6).

Ramuji's motel burned down on April 2, 2016. (Doc. 93 at 7). "On August 16, 2016, Lloyd's informed [Ramuji] that it was denying coverage for the loss." (Doc. 93 at 7). Afterwards, PIB filed a claim to recover on the Great American policy relative to the loss. (Doc. 93 at 7).[1] That policy states:

> In return for payment of all premium due and **your** compliance with all applicable provisions of this policy, **we** will insure **you** against direct

---

[1] "In response to Peoples' claim on the Great American Policy, Great American issued a reservation of rights letter conveying its decision that coverage under the Great American policy would exist only if Peoples' interest is not covered by the Lloyd's policy." (Doc. 93 at 8).

loss or damage to property in which you have:

    a.      a **mortgagee interest**, and **acceptable hazard insurance** has been cancelled or has not been received from the **mortgagor**

(Doc. 93-1 at 3). The policy also states regarding additional hazard insurance:

> If the property is covered by the **debtor's acceptable hazard insurance**, this insurance shall not apply and shall not contribute to the payment of any loss. If the property is covered by another insurance other than the **debtor's acceptable hazard insurance**, **our** coverage shall be excess of the amount due from that other insurance. In the event that your ownership or **mortgagee interest** in the property or the **replacement cost** of the property is greater than **our** Limit of Liability, any purchase by **you** of specific excess insurance from another insurer shall not be considered other insurance.

(Doc. 93-1 at 12). Great American also claims its policy allows it to become a

subrogee if it makes payment to PIB. (Doc. 93 at 8).

In its Complaint, Great American asks for the following:

> 26. These facts create a justiciable controversy over whether Lloyd's is contractually liable to Peoples, which in turn will determine whether Great American is or is not liable to Peoples. In order to clarify and settle the legal relations, obligations, and rights existing between Great American and Peoples, between Peoples and Lloyd's, and between Peoples and Great American and Lloyd's, Jon Pair, and Randy Jones, Great American requests an order from the Court declaring that Lloyd's is required to cover Peoples' claim, as Peoples is a protected mortgagee on the Lloyd's Policy, relative to the April 2, 2016 loss to the Insured Property, irrespective of whether the Mortgagor's claim is covered by the Policy or whether any acts or omissions of the Mortgagor void some or all of the coverage under the Lloyd's Policy as to the Mortgagor.

> 27. Great American further requests an order from the Court declaring Great American's rights and obligations under the Great American Policy as to Peoples. Specifically, Great American requests that the

Court declare that, by the terms of the Great American Policy, Great American is not obligated to cover Peoples claim relative to the April 2, 2016 fire loss because the Lloyd's Policy covers Peoples' claim under that policy.

(Doc. 93 at 9-10). Alternatively, Great American asks for the following:

28. In the alternative, Great American requests that the Court declare that Lloyd's is contractually bound by and otherwise estopped from denying Peoples' claim under the Lloyd's Policy based on the acts and omissions of its agents, Randy Jones and Jon Pair, in failing to secure coverage for Peoples under the Lloyd's Policy and due to the misrepresentations of Randy Jones and Jon Pair as agents of Lloyd's relative to the Lloyd's Policy.

29. In the alternative, Great American requests that the Court declare that Lloyd's, Randy Jones, and Jon Pair are liable to Peoples and Great American (as subrogee to Peoples) based on their acts and omissions in failing to secure coverage for Peoples under the Lloyd's Policy and for the misrepresentations of Randy Jones and Jon Pair relative to the Lloyd's Policy.

(Doc. 93 at 10).

## II.     STANDARDS

### A.     Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* FED. R. CIV. P. 12(b)(6) ("[A] party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted[.]"). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (footnote omitted) (quoting FED. R. CIV. P. 8(a)(2)), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* FED. R. CIV. P. 8(a) (setting forth general pleading requirements for a complaint including providing "a short and plain statement of the claim showing that the pleader is entitled to relief").

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S. Ct. at 103). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

B.    Standing

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Constitution has three requirements for standing:

> **First**, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' " . . . **Second**, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.". . . **Third**, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Id.* at 560-61 (internal citations omitted) (emphasis added). "The party invoking federal jurisdiction bears the burden of establishing these three elements." *Id.* at 561 (citing another source). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id.*

The Declaratory Judgment Act states as follows:

**(a)** In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). "The main purpose of a declaratory judgment action is to have coverage issues decided in advance." *American Bankers Ins. Co. of Florida v. Mitchell*, 2008 WL 2634368 at *2 (S.D. Ala. July 3, 2008).[2] The Eleventh Circuit, in

---

[2]The *American Bankers Ins. Co.* court also cited the following cases:

*See Horace Mann Ins. Co. v. Johnson By and Through Johnson*, 953 F.2d 575, 579 (10th Cir.1991) ("We have expressly recognized that one of the primary functions of the [Federal Declaratory Judgment] Act is to provide the insuror [sic]" a forum "to have their liability declared." citation omitted); *A C and S, Inc.* [sic] *v. Aetna Cas. & Surety Co.*, 666 F.2d 819, 823 (3d Cir.1981) ("The respective interests and obligations of insured and insurers, when disputed, require determination much in advance of judgment since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement."); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Midland Bancor, Inc.*, 854 F.Supp. 782, 789 (D.Kan.1994) ("It is unrealistic to require an

*Emory v. Peeler*, spoke to the issue of declaratory judgments and the "actual controversy" requirement:

> [A] declaratory judgment may only be issued in the case of an "actual controversy." That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests. *Lake Carriers' Association v. MacMullan,* 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972); *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959–60, 22 L.Ed.2d 113 (1969); *Sullivan v. Division of Elections,* 718 F.2d 363, 365 (11th Cir.1983). The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. *Ciudadanos Unidos de San Juan v. Hidalgo County Grand Jury Commissioners,* 622 F.2d 807, 821–22 (5th Cir.1980), *cert. denied,* 450 U.S. 946, 101 S.Ct. 1479, 67 L.Ed.2d 613 (1981). Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 1666, 75 L.Ed.2d 675 (1983); *Golden v. Zwickler,* 394 U.S. at 108, 89 S.Ct. at 959–60; *Wolfer v. Thaler,* 525 F.2d 977, 979 (5th Cir.), *cert. denied,* 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 800 (1976). The remote possibility that a future injury may happen is not sufficient to satisfy the "actual controversy" requirement for declaratory judgments. *See City of Los Angeles v. Lyons,* 461 U.S. at 103, 103 S.Ct. at 1666 (1983).

*Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (internal footnotes omitted).The Fifth Circuit stated:

> 'Where there is an actual controversy over contingent rights, a declaratory judgment may nevertheless be granted.' *American*

---

insurance company to await ... judgment before allowing it to determine its obligations").

Am. Bankers Ins. Co. of Florida, 2008 WL 2634368, at *2.

*Machine & Metals v. De Bothezat Impeller Co.*, 2 Cir. 1948, 166 F.2d 535, 536. Since there can be no doubt that an actual controversy exists between Jernigan and Seguros, the mere prospectivity of future payments should not be allowed to inhibit a sensible and practical form of judicial relief.

. . .

The declaratory judgment is an effective tool in judicial administration.

*Seguros Tepeyac, S.A. v. Compania Mexicana de Seguros Generales v. Jernigan*, 410 F.2d 718, 729 (5th Cir. 1969) (italics added).[3]

C.      Ripeness

The Supreme Court stated the following regarding declaratory judgments and ripeness:

The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). "Ordinarily, a controversy is not sufficiently immediate or real where the parties' dispute is

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to 1981.

only hypothetical and not yet ripe, has been rendered moot, or where the court's resolution of the matter would be purely academic." *Mt. Hawley Insurance Co. v. Tactic Security Enforcement, Inc.*, 2017 WL 2172187, at *2 (M.D. Fla. May 17, 2017) (citing another source).

"[A] court should permit a claim for declaratory judgment to proceed where declaratory relief would (1) "serve a useful purpose in clarifying and settling the legal relations in issue," and (2) "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* at *2 (quoting another source).

## IV. ANALYSIS

### A. Whether Great American has standing to assert a declaratory judgment against the Underwriters

The Underwriters argue that because "Great American has not alleged that it is a party to or an intended third-party beneficiary of Underwriters' Policy," Great American lacks standing to sue. (Doc. 100 at 4). In support, the Underwriters cite to two federal district courts, one in New Jersey and the other in the District of Columbia. (Doc. 100 at 3-4).[4] They argue that the "Court should dismiss . . . [the] declaratory judgment count concerning the Underwriter's Policy under Federal Rule

---

[4] In the New Jersey case, the court quoted from United States Supreme Court precedent. (Doc. 100 at 3).

of Civil Procedure 12(b)(1)." (Doc. 100 at 4) (underlining in original).

In response, Great American points to the *Provident Life* case. *See* (Doc. 103 at 3) (relying on *Provident Life & Acc. Ins. Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489 (11th Cir. 1988)). Great American relies on the following passage from *Provident Life*:

> As in the instant case, no legal relationship existed between the insurers. Had the insurers jointed [sic] the insured in their action, a definite and substantial controversy would exist, as the declaratory judgment action would be to establish the rights and obligations between the insurers and the insured as evidenced in the insurance contract. Similarly, had the insurers reserved their rights against each other, and then defended and indemnified the insured, the insurers could then bring a declaratory judgment action to determine which insurer was liable. Such action would be based on the reservation of rights agreement.

*Provident Life*, 850 F.2d at 1493; *see* (doc. 103 at 3).

Great American further quotes from the *Provident Life* case. (Doc. 103 at 3-4). Their brief states:

> Contrary to Underwriters' contention, "'this action is not one to enforce a contract [between Great American and Underwriters] but rather seeks a declaration of the relative rights and duties'" of Underwriters and Great American with respect to a common insured, PIB. *See Provident Life*, 850 F.2d at 1492 (quoting *United Servs. Auto. Ass'n v. Royal-Globe Ins. Co.*, 511 F.2d 1094, 1096 (10th Cir. 1975)). As such, the "'subject matter of this suit … is definite and substantial[,]'" and "'[e]ach party has a stake in the outcome, and their interests are adverse." *Id.* (quoting *United Sers. Auto. Ass'n*, 511 F.2d at 1096).

(Doc. 103 at 3-4). Although *Provident Life* disagreed with *United Service*'s

conclusion, the Eleventh Circuit expressly stated that it would have agreed if the insured had been a party in the case before it. *Provident Life*, 850 F.2d at 1492-93.

Great American characterizes the suit a bit differently than Underwriters. (Doc. 103 at 3). Instead of focusing on the relationship between Great American and the Underwriter's policy, Great American re-directs the Court's attention to the "'relative rights and duties' of Underwriters and Great American with respect to a common insured, PIB." (Doc. 103 at 3) (quoting another source). Great American further claims that "if Underwriters succeeds on its claim that PIB is not due coverage under the Underwriters' policy, then Great American intends to cover PIB under the Great American policy, subject to and without waiving the conditions of the Great American policy." (Doc. 103 at 4). Great American further argues that "if Underwriters' position were correct, and Great American had to litigate the question of PIB's coverage under the Underwriters' policy in a separate action against PIB only, PIB would be subject to a risk of inconsistent adjudications of whether it has 'other coverage' under the Underwriters' policy." (Doc. 103 at 4).

On balance, and persuaded by the guidance of *Provident Life*, the Court finds that Great American has the better argument. The basis of the present action is to determine the rights and obligations of various insurers to a common insured. *See* (doc. 93 at 9-10). The presence of all the insurance companies <u>and the insured</u> creates

an actual controversy.[5] The Declaratory Judgment Act serves to declare the "rights and other legal relations of any interested party" in an "actual controversy." *See* 28 U.S.C. § 2201(a).   Adjudicating these actions together best accomplishes that goal and avoids what Great American terms "inconsistent adjudications." *See* (doc. 103 at 4). For the aforementioned reasons, the Underwriters' Motion To Dismiss Great American's Complaint based on standing is hereby **DENIED**.

> B.    Whether Great American has standing to assert a declaratory judgment against Jones and Pair

Jones and Pair argue that "[s]ubrogation is not appropriate under the current circumstances, since Great American has not made any payments to PIB, and therefore has no present interest to be subrogated to." (Doc. 102 at 2). In support, Jones and Pair cite to two Supreme Court of Alabama cases describing the general law of subrogation. (*See* doc. 102 at 2-3).

In response, Great American admits that "generally 'an insurance company acquires no subrogation interest in the claim of an insured until payment to the insured is made.'" (Doc. 104 at 4) (quoting *Allendale Mut. Ins. Co. v. Kaiser Engineers*, 804 F.2d 592, 593-94 (10th Cir. 1986). However, Great American points out that "the interest required to sue for damages as subrogee is not the same as the

---

[5] The Court notes that while PIB is not named in the Great American complaint, it is a part of the larger action.

'actual controversy' requirement of the Declaratory Judgment Act, 28 U.S.C. § 2201."

(Doc. 104 at 4) (citing *Allendale Mut. Ins. Co.*, 804 F.2d at 593-94).[6,7] Great

American posits that "[b]ut for the availability of a declaratory judgment action in

circumstances like these, piecemeal and potentially inconsistent adjudication of the

---

[6] At the time this opinion was written, the *only* other circuit to cite *Allendale* was the Ninth Circuit. *See Eureka Federal Sav. & Loan Ass'n v. American Cas. Co. of Reading, Pa.*, 873 F.2d 229, 232 (9th Cir. 1989).

[7] The facts of the *Allendale* case are different from the present case:

> The plaintiff, Allendale Mutual Insurance Company, had insured United Nuclear Corporation's uranium mill in New Mexico. An earthen dam for the mill's tailing pond, built by defendants Kaiser Engineers and Sergent Hauskins & Beckwith, failed, causing huge losses. United Nuclear sought recovery for the loss from Allendale under the policy. Allendale denied that its policy provided coverage for this type of accident. United Nuclear then sued Allendale over the coverage in New Mexico state court and was awarded more than $24 million compensatory damages. While an appeal of the award was pending in the New Mexico Supreme Court, Allendale filed this diversity action in federal district court in New Mexico against defendants, seeking a declaratory judgment that, if held liable to United Nuclear, it would be entitled to judgment against defendants as subrogee of United Nuclear's claims. Allendale commenced this declaratory judgment action because it feared the four-year New Mexico statute of limitations would expire on its subrogation claim before the New Mexico Supreme Court rendered its decision on the appeal.

*Allendale Mut. Ins. Co.*, 804 F.2d 592, 593 (10th Cir. 1986). Notably, there was a "legal judgment binding upon [the insurer]." *Id.* at 595. Great American did not plead that there was any sort of legal judgment binding on it to pay PIB. *See* (doc. 93 at 6-8). Great American pled that they would cover PIB *if* Lloyd's did not:

> 22. In response to Peoples' claim on the Great American Policy, Great American issued a reservation of rights letter conveying its decision that coverage under the Great American policy would exist only if Peoples' interest is not covered by the Lloyd's policy.

(Doc. 93 at 8). The fact still remains that Great American has not pled it paid anything to PIB. *See* (Doc 93 at 6-8).

same issues in multiple actions, each involving some but not all of the parties, would be the only resort." (Doc. 104 at 5). Great American further states:

> Likewise, if the Underwriters succeed on their claim that PIB and Ramuji are not due coverage under the Underwriter's policy, then Great American intends to cover PIB under the Great American policy, subject to and without waving the terms and conditions of the Great American policy and Great American's subrogation rights. (*See* Doc. 93, ¶ 21). In such instance, Great American has a right to pursue the Agent Defendants as a subrogee of PIB.

(Doc. 104 at 5).

Also, Great American argues that they were "allowed to intervene" and "the 'circumstances reveal a need for present adjudication.'" (Doc. 104 at 6). The Court permitted Great American's intervention on June 28, 2017. (Doc. 87 at 3). The Motion To Intervene was *unopposed.* (Doc. 29 at 2) ("Great American has now conferred with attorneys for all of the Parties, and those attorneys have indicated that they do not opposed Great American's Motion to Intervene.").[8,9] In its Motion To Intervene, Great American argued:

> Great American is entitled to intervene as a matter of right under Rule 24(a) because it has moved in a timely manner to protect an interest that could be impaired absent its intervention and that cannot be represented adequately by the existing parties.

---

[8] Great American filed the unopposed Motion to Intervene on November 7, 2016. (Doc. 29).

[9] It is not entirely clear that Great American obtained the consent from Jones's counsel because, at that time, there was "no proof of service for Randy Jones." *See* (doc. 29 at 9). However, Jon Pair had been served. *See* (doc. 29 at 9); (doc. 18).

(Doc. 29 at 7). Also in the Motion To Intervene, Great American stated that it wanted declaratory relief and that it was a "contingent subrogee." (Doc. 29 at 11).

Finally, Great American asks that, if the Court rules for Jones and Pair, the Court stay, not dismiss, the action. (Doc. 104 at 7).

Under Alabama law, there are two categories of subrogation. *See International Underwriters/Brokers, Inc. v. Liao*, 548 So.2d 163, 165 (Ala. 1989) ("We recognize two distinct types of subrogation-" '[l]egal subrogation', arising by operation of law where a surety having a legal liability pays a claim primarily owing by his principal, and '[c]onventional subrogation', grounded upon a lawful contract between the parties.") (quoting another source). "'[T]he general rule is that subrogation, whether arising from equity or contract, will be denied prior to full recovery. That is, absent express contract terms to the contrary, subrogation will not be allowed where the insured's total recovery is less than the insured's actual loss.'" *Id.* (quoting another source) (emphasis omitted).

Further, unless the contract says differently, equitable subrogation principles control. *Id.* ("'Since subrogation is an offspring of equity, equitable principles apply, even when the subrogation is based on contract, except as modified by specific provisions in the contract.'") (emphasis omitted) (quoting another source). This means that the default rule is that "'the insured is entitled to be made whole before

the insurer may recover any portion of the recovery from the tortfeasor.'" *Id.* (quoting another source) (emphasis omitted).

In this case, the Court finds that Great American failed to plead a right to equitable subrogation against Jones and Pair because they failed to plead that they paid PIB (the insured) anything. *See* (doc. 93 at 6-8). After reviewing the policy, the Court finds no language inconsistent with equitable subrogation principles. *See* (doc. 93-1 at 11).[10] For the aforementioned reasons, the Jones and Pair Motion To Dismiss Great American's Complaint based on standing is hereby **GRANTED**.

C.   Whether Great American's subrogation claim against Jones and Pair creates a justiciable controversy

Jones and Pair contend that:

As with the Third-Party Plaintiffs' claims, Great American claims coverage against these Defendants are contingent on a finding of nocoverage under the Lloyds/Catlin policy issued to Ramuji by the Plaintiff. In the speculative event that coverage is not afforded thereunder, Great American then seeks the alternative declaration (which, as described above, is inappropriate given their lack of payment to PIB).

---

[10]  The policy states the following regarding subrogation:

**H. Subrogation** - **You** may waive in writing before a loss all rights of recovery against any person. If not waived, **we** may require an assignment of rights of recovery for a loss to the extent that payment is made by **us.** If an assignment is sought, **you** shall sign and deliver all related papers and cooperate with **us** in any reasonable manner.

(Doc. 93-1 at 11).

(Doc. 102 at 3). Instead of further explaining this argument as it applies to Great American, Jones and Pair refer the Court to another document (doc. 95). (Doc. 102 at 3-4). Document 95 is a motion to dismiss that makes arguments on why <u>Ramuji's</u> and <u>PIB's</u> third-party complaints should be dismissed. (Doc. 95 at 1-2).[11] However, the Court distills that Jones and Pair are making two arguments that could be applicable here. The first argument is that the Complaint is "not fit for judicial decision." (Doc. 95 at 8). The second argument is that "there is no indication that dismissing this action without prejudice results in hardship." (Doc. 95 at 10). In addition, Jones and Pair argue that "forcing the Agency Defendants to participate in burdensome, multi-party litigation that the very parties suing them claim should be decided in such a manner that their Third-Party Complaints would be rendered moot has very real, immediate, and significant financial consequences for the Agency Defendants." (Doc. 95 at 10).

Great American responds by claiming that its claims against Jones and Pair are alternative pleadings that come into effect if the Underwriter's policy does not cover PIB. *See* (Doc. 104 at 6). Great American states that if "PIB is not covered, Great American will pay PIB, subject to and without waiving the terms and conditions of

---

[11] The Court reviewed that motion to dismiss but is left to guess how this analysis further's Jones's and Pair's argument that Great American's declaratory action fails to create a justiciable controversy.

the Great American policy and Great American's subrogation rights, and, Great American will be subrogated to the claims of PIB against the Agents." (Doc. 104 at 6-7).

The Court does not have to resolve the issue of a justiciable controversy because it already ruled for Jones and Pair on standing. For this reason, the Court **TERMS** as **MOOT** the Jones/Pair motion to the extent it is based on this alternative argument.

> D.    Whether Great American stated a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)

Citing the statutory language from the Declaratory Judgment Act, the Underwriters argue that "Great American has failed to allege any facts to show that it is an 'interested party' to the Underwriters Policy, or that there is an 'actual controversy' between Underwriters and Great American as to that insurance policy." (Doc. 100 at 4). In response, Great American relies heavily on a case from the Tenth Circuit. (Doc. 103 at 4-5). The relevant portion of that case is as follows:

> This Court, at the outset, had some doubt as to whether the conflicting claims of the two insurance carriers could be resolved in a declaratory judgment action since there was no privity between them and the obligation of each was to their common insured and not to the other. We are now persuaded that the issue is justiciable, and that the conflicting claims present an actual controversy which can be determined by a declaratory judgment.

*Industrial Underwriters Ins. Co. v. P&A Constr. Co.*, 382 F.2d 313, 315 (10th Cir.

1967). In this case, the common insured, PIB <u>is</u> a party to the action:

> 13. Great American issued the Great American Policy to [PIB], as named insured, regarding [PIB's] interest in a mortgage it issued to the Mortgagor relative to the Mortgagor's ownership interest in the Insured Property. A true and correct copy of the Great American Policy is attached hereto as Exhibit "1". Peoples' mortgage documents required the Mortgagor to secure an appropriate hazard insurance policy covering the Insured Property and to ensure that [PIB] was added as a mortgagee to that policy. [Doc. 12, ¶ 3; Doc. 14].

> 14. Upon information and belief, the Mortgagor maintained such insurance, and [PIB] was identified as a "mortgagee" with "additional interest" on the Lloyd's Policy, from as early as August 8, 2014, through the date of the April 2, 2016 fire loss at the Insured Property. [Doc. 12, ¶ 3, Exs. 2, 3].

> *15.* In particular, information supplied to [PIB] by Randy Jones and Jon Pair, as agents acting on behalf of Lloyd's, shows that [PIB] was a named mortgagee on the Lloyd's Policy and that Lloyd's is wrongfully denying [PIB] coverage. *Id.*

(Doc. 93 at 6-7). Further, Great American pled that there was a loss to the insured property. (Doc. 93 at 7) ("16. The Insured Property suffered a loss due to fire on or about April 2, 2016."). Great American pled that, after the fire, Lloyd's denied coverage, and [PIB] made a claim to Great American. (Doc. 93 at 7). According to the Complaint, the Great American policy nonetheless does not go into effect if the loss is "covered by 'acceptable hazard insurance.'" *See* (doc. 93 at 7); *see also* (doc. 93-1 at 3); (doc. 93-1 at 11-12).

Great American also claimed a right to subrogation in its declaratory judgment:

21. The Great American Policy also allows Great American to require that Peoples assign to Great American Peoples' rights of recovery for a loss, if Great American makes payment to Peoples for such loss. Under those circumstances, Great American becomes a subrogee of Peoples with all attendant rights to step into Peoples' shoes to the extent of its payment and pursue claims which Peoples could otherwise pursue, such as those relative to the Lloyd's Policy, the April 2, 2016 incident, and the acts and omissions of Randy Jones and Jon Pair.

(Doc. 93 at 8).[12] To the extent that Great American attempts to claim a right of subrogation against the Underwriters, the Court notes the subrogation deficiencies detailed above in sub-section B. Great American did not plead that they have paid their insured anything. *See generally* (doc. 93).

Other than the subrogation issue, the Court finds that Great American's pleading meets at least the minimum requirements under Rule 8, Rule 12(b)(6), and Supreme Court precedent. Further, the common insured, PIB, is a party to the larger action before the Court, making this situation different from that in *Provident Life*.[13]

---

[12] The Great American policy states:

**H. Subrogation** - **You** may waive in writing before a loss all rights of recovery against any person. If not waived, **we** may require an assignment of rights of recovery for a loss to the extent that payment is made by **us.** If an assignment is sought, **you** shall sign and deliver all related papers and cooperate with **us** in any reasonable manner.

(Doc. 93-1 at 11).

[13] The court in *Provident Life* identified two "defects" in that case:

First, there is a defect in the parties to this action. Instead of bringing an action to determine the rights and obligations between the insurance company and the insured, Provident brought a declaratory judgment action against Transamerica,

Contrary to the Underwriter's contentions (doc. 100 at 4), Great American's pleadings show the existence of a real controversy between Great American, the Underwriters, and PIB. (Doc. 93 at 8-10). The existence of all three parties, and the disputes over coverage, leads to a claim the Court can adjudicate.

For the aforementioned reasons, the Underwriters' Motion To Dismiss for failure to state a claim is hereby **DENIED** in part and **GRANTED** in part. Specifically, it is **GRANTED** only to the extent that Great American asserts a subrogation claim.

---

the other insurance company. The controversy over whether Transamerica wrongly paid benefits to Wall is not between Transamerica and Provident, but between Transamerica and Wall. Consequently, Transamerica's failure to name Wall (or Wall's estate) in this action leaves no case or controversy on which to base jurisdiction. See *Travelers Indemnity Co. v. Standard Accident Insurance Co.* 329 F.2d 329, 330 (7th Cir.1964) (action between two insurers to establish liability not "substantial controversy between parties having adverse legal interest").

Second, the court lacks jurisdiction in this action because there is no legal relationship between the parties on which to base liability. In oral argument, Judge Vance asked the telling question "If you were pleading this case under common law pleading what label would you put on your cause of action?" Neither party presented a satisfactory answer at oral argument or in their supplemental briefs. While there is a legal relationship between Provident and Wall and between Transamerica and Wall, there is no legal relationship between the two insurers. Consequently, there is no basis on which to rule either party liable to the other.

*Provident Life*, 850 F.2d at 1491 (internal footnotes omitted).

## V. CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

- The Underwriters' Motion To Dismiss on standing is **DENIED**.

- The Jones/Pair Motion To Dismiss on standing is **GRANTED**. Great American's Complaint against them is **DISMISSED without prejudice**.

- The Jones/Pair Motion To Dismiss for failure to state a justiciable controversy is **TERMED** as **MOOT**.

- The Underwriters' Motion To Dismiss for failure to state a claim is **GRANTED** in part and **DENIED** in part. To the extent that the Great American Complaint attempts to claim a right to subrogation against the Underwriters, without having paid their insured, that claim is **DISMISSED without prejudice**.

**DONE** and **ORDERED** this the 4th day of October, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge