FILED
2017 Oct-25  AM 10:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR OF THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **CATLIN SYNDICATE LIMITED,**<br>**Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| **RAMUJI, LLC d/b/a BUDGET INN and** | ) |
| **PEOPLES INDEPENDENT BANK,** | ) |
| **Defendants.** | ) |
| _____ | ) |
| **RAMUJI, LLC and PEOPLE'S** | )   **Case No.:** |
| | ) **4:16-CV-1331-VEH** |
| **INDEPENDENT BANK,** | ) |
| **Counterclaim/Third-Party,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **RANDY JONES & ASSOCIATES, INC.,** | ) |
| **JON PAIR, CERTAIN** | ) |
| **UNDERWRITERS AT LLOYD'S,** | ) |
| **LONDON SUBSCRIBING** | ) |
| **SEVERALLY TO POLICY NO. ULL** | ) |
| **20018,** *named as* **"SYNDICATE 1414 AT** | ) |
| **LLOYD'S (ASCOT UNDERWRITING** | ) |
| **LIMITED), SYNDICATE 5820 AT** | ) |
| **LLOYD'S (ANV SYNDICATES** | ) |
| **LIMITED), SYNDICATE 727 AT** | ) |
| **LLOYD'S (S.A. MEACOCH &** | ) |
| **COMPANY LIMITED), and** | ) |
| **SYNDICATE 1861 at LLOYD's (ANV** | ) |
| **SYNDICATED LIMITED),** | ) |
| | ) |
| **Third-Party Defendants.** | ) |

1

## PEOPLES INDEPENDENT BANK'S THIRD AMENDED ANSWER, COUNTERCLAIM, AND THIRD PARTY COMPLAINT

## FILED ACCORDING TO THE COURT'S OCTOBER 4th, 2017, ORDER (Doc. 110)

COMES NOW, the Defendant, Peoples Independent Bank ("PIB"), in the above-styled case and files its Third Amended Answer, Counterclaim, and Third Party Complaint (Amending Doc. 98 and revising Doc. 106), in accordance with the Court's October 4, 2017, Order, omitting dismissed claims against Catlin and the Additional Syndicates, as follows:

### HOW THE LLOYD'S INSURANCE MARKET OPERATES

1.      Defendant is without sufficient information to either admit or deny the allegations of this paragraph.  Lloyd's wrote the Policy, or provided the form for the Policy, at issue in this case.  (Deposition of Catlin's Sharon Branch.)

2.      Defendant is without sufficient information to admit or deny the allegations of this paragraph.

3.      Defendant is without sufficient information to admit or deny the allegations of this paragraph.

4.      Defendant is without sufficient information to admit or deny the allegations of this paragraph.

5.      Defendant is without sufficient information to admit or deny the allegations of this paragraph.

2

## PARTIES, JURISDICTION & VENUE

6.    Defendant is without sufficient information to admit or deny the allegations of this paragraph.

7.    Defendant is without sufficient information to admit or deny the allegations of this paragraph.

8.    Defendant Peoples Independent Bank is an Alabama citizen with its principal place of business in Boaz, Alabama.  The rest of the allegations of this paragraph are denied.

9.    Defendant admits the allegations in paragraph 9.

10.    Defendant is without sufficient information to either admit or deny the allegations of this paragraph.

11.    Defendant is without sufficient information to either admit or deny the allegations in paragraph 11.

12.    Defendant is without sufficient information to either admit or deny the allegations in paragraph 12.

13.    Defendant is without sufficient information to admit or deny the allegations in paragraph 13.

## FACTS

14.    This Defendant is aware that Ramuji owns the motel at 12960 Highway 431 South, Boaz, Alabama, subject to this Defendant's mortgage.

3

15.     This Defendant admits the allegations in paragraph 15.

16.     Defendant is without sufficient information to admit or deny the allegations in paragraph 16.

17.     Defendant is without sufficient information to admit or deny the allegations in paragraph 17.

18.     Defendant is without sufficient information to admit or deny the allegations in paragraph 18.

19.     Defendant is without sufficient information to admit or deny the allegations in paragraph 19.

20.     Defendant is without sufficient information to admit or deny the allegations in paragraph 20.

21.     Defendant is without sufficient information to admit or deny the allegations in paragraph 21.

22.     Defendant is without sufficient information to admit or deny the allegations in paragraph 22.

23.     Defendant is without sufficient information to admit or deny the allegations in paragraph 23.

24.     To this Defendant's knowledge, the allegations in this paragraph are admitted.

25.    Defendant is without sufficient information to admit or deny the allegations in paragraph 25.

26.    Defendant is without sufficient information to admit or deny the allegations in paragraph 26.

27.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 27, other than the fact that defendant PIB understood that the motel was insured by Lloyd's of London.

28.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 28, other than the fact that defendant PIB understood that the motel was appropriately insured by Lloyd's of London.

29.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 29, other than the fact that defendant PIB understood that the motel was insured by Lloyd's of London.

30.    This paragraph quotes a provision of a policy; this Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 30.

31.    This paragraph quotes a provision of a policy; this Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 31.

32.     This paragraph quotes a provision of a policy; this Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 32.

33.     A fire loss occurred on April 2, 2016; all other allegations of this paragraph are denied.

34.     This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 34; this defendant understood and was given documentary confirmation that it was indeed listed as an additional interest-mortgagee before and as of the date of the fire loss.

35.     This Defendant is without sufficient information to either admit or deny the allegations in paragraph 35 as to the actions by the Plaintiff; this defendant understood and was given documentary confirmation that it was indeed listed as an additional interest- mortgagee before and as of the date of the fire loss.

36.     This Defendant is without sufficient information to either admit or deny the allegations in paragraph 36 as to the actions by the Plaintiff; this defendant understood and was given documentary confirmation that it was indeed listed as an additional interest- mortgagee before and as of the date of the fire loss.

37.     This Defendant is without sufficient information to either admit or deny the allegations in paragraph 37 as to the actions by the Plaintiff; this

defendant understood and was given documentary confirmation that it was indeed listed as an additional interest- mortgagee before and as of the date of the fire loss.

38.    This Defendant, despite making multiple phone calls to Plaintiff's agents, was never told to file a Proof of Claim.   In fact, this Defendant was affirmatively told not to contact the insurer regarding this claim once it had been submitted to the underwriters.    Defendant Peoples Independent Bank has done everything it has been advised to do by Plaintiff.

39.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 39.

40.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 40.

41.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 41.

42.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 42.

43.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 43.

44.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 44.

45.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 45.  Regardless of Plaintiff's position vis-à-vis Ramuji, Plaintiff owes defendant PIB for the loss.

## COUNT ONE

46.    See above responses.

47.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 47.

48.     This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 48.

49.     This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 49.

50.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 50.

51.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 51.

52.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 52.  Regardless of Plaintiff's position vis-à-vis Ramuji, Plaintiff owes defendant PIB for the loss.

53.     This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 53.

54.     This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 54.

55.     This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 55.  Regardless of Plaintiff's position vis-à-vis Ramuji, plaintiff owes defendant PIB for the loss.


## COUNT TWO

56.     See above responses.

57.     Defendant denies the allegations in paragraph 57.

58.     Defendant denies the allegations in paragraph 58.

59.     Defendant denies that it was first listed as mortgagee on April 25, 2016, based on its receipt of Acord statements from Plaintiff and/or Plaintiff's agent  as early as 2014 listing Defendant as an additional interest-mortgagee on the policy.  An endorsement may have been issued on April 25, 2016, but defendant PIB Bank was a named mortgagee before the fire loss.

60.     Defendant is without sufficient information to either admit or deny the allegations in paragraph 60. Regardless of Plaintiff's position vis-à-vis Ramuji, Plaintiff owes defendant PIB for the loss.

## **COUNT THREE**

61.    See above responses.

62.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 62.

63.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 63.

64.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 64.

65.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 65.

66.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 66.  Regardless of Plaintiff's position vis-à-vis Ramuji, Plaintiff owes defendant PIB for the loss.


## **COUNT FOUR**

67.    See above responses.

68.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 68.

69.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 69.

70.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 70.

71.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 71. Regardless of Plaintiff's position vis-à-vis Ramuji, Plaintiff owes defendant PIB for the loss.

72.    This Defendant is without sufficient information to neither admit nor deny the information contained in paragraph 72.  Regardless of Plaintiff's position vis-à-vis Ramuji, Plaintiff owes defendant Peoples Independent Bank for the loss.

## COUNT FIVE

73.    See responses above.

74.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 74.

75.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 75.

76.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 76.

77.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 77.

78.    This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 78.

## **AFFIRMATIVE DEFENSES**

Now having answered the allegations of the Plaintiff's Amended Complaint, the Defendant PIB asserts the following affirmative defenses:

1.    Defendant pleads the general issue.

2.    Plaintiff's complaint has failed to state a claim on which relief can be granted.

3.    Plaintiff's claims are barred because of settlement and compromise.

4.    Plaintiff lacks standing to sue for some or all of the injuries alleged in the complaint.

5.    Plaintiff's claims are barred by estoppel, ratification and/or waiver.

6.    Plaintiff's claims are barred by the parol evidence rule and the merger doctrine.

7.    The Defendant has fulfilled its obligations under any and all contracts or agreements with the Plaintiff.

8.    Defendant is not liable for damages or attorney's fees.

9.    Plaintiff's claims are barred by principles of public policy.

10.    Plaintiff's complaint is filed in bad faith.

11. Plaintiff's complaint abrogates the basic relationship of insured and insurer under Alabama law.

12. Plaintiff's claims are barred by their failure to do equity.

13. Plaintiff's claims are barred under the doctrine of unclean hands.

14. Plaintiff's claims are barred under basic principles of equity.

15. Plaintiff's claims are barred by the applicable statutes of limitation.

16. Defendant's mortgage is a matter of public record.

17. Plaintiff has failed to plead fraud with particularity as required under F.R.C.P. 9(b).

18. Plaintiff has failed to name all necessary parties in this matter.

19. This court lacks subject matter jurisdiction over this action.


## COUNTERCLAIMS AND THIRD PARTY CLAIMS/ADDITION OF NEW THIRD PARTY DEFENDANTS

The Defendant/Counterclaim  PIB here sets forth facts common to both the Counterclaims and the Third-party Claims, followed by the Counterclaims and then the Third-party Claims against the Plaintiff/Counterclaim Defendant Catlin Syndicate Limited and Thirty-party Defendant Jon Pair, an individual, and Third-party Defendant Randy Jones & Associates, Inc., to which certain Additional Third Party Defendants are added herein: namely, Syndicate 1414 at Lloyd's (Ascot

Underwriting Limited), Syndicate 5820 at Lloyd's (ANV Syndicates Limited), Syndicate 727 at Lloyd's (S.A. Meacoch & Company Limited), and Syndicate 1861 at Lloyd's (ANV Syndicates Limited), as Certain Underwriters at Lloyd's London Subscribing to Policy No. ULL 20018 (these four third party Defendants are collectively referred to as the "Additional Syndicates" or "Underwriters").

Ascot, ANV Jubilee, S.A, Meacoch, ANV, and Plaintiff Catlin Syndicate Limited ("Catlin") are all syndicates that transact business in the marketplace known as Lloyd's of London. Upon present information and belief, the aforementioned entities are corporations organized and existing under the laws of England, and principally located in England. All are therefore deemed to be citizens or subjects of a foreign state pursuant to 28 U.S.C. § 1332. Catlin, Ascot, ANV Jubilee, S.A. Meacock, and ANV underwrote and subscribed to risk on the commercial insurance policy issued to Ramuji by Lloyd's of London (the "Lloyd's Policy"), which is made the basis of this litigation. Catlin, Ascot, ANV Jubilee, S.A. Meacock, and ANV are hereinafter sometimes collectively referred to as "Lloyd's" and/or "Underwriters."

Syndicate 1414 at Lloyd's (Ascot Underwriting Limited), Syndicate 5820 at Lloyd's (ANV Syndicates Limited), Syndicate 727 at Lloyd's (S.A. Meacoch & Company Limited), and Syndicate 1861 at Lloyd's (ANV Syndicates Limited), are all necessary parties to this action. The Lloyd's entities all underwrote and

14

subscribed to risk on the policy made the basis of this lawsuit. Pursuant to Rule 19 of the Federal Rules of Civil Procedure, they must be joined as parties because in their absence, this Honorable Court cannot accord complete relief among the existing parties as any judgment against Catlin would not result in full payment under the Lloyd's Policy by all of the Lloyd's entities. *See* Fed. R. Civ. P. 19(a)(1)(A). Such a result may impair or impede the parties' ability to protect their interests, or could leave all parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B).

## COMMON FACTS

1.      PIB is an Alabama corporation headquartered and doing business in Marshall County, Alabama.

2.      In 2004, PIB extended a loan to Ramuji, LLC (*"Ramuji," which, for purposes of this Counterclaim and Third Party Claims herein, includes Sam Patel*) and Ramuji executed a mortgage in favor of the Bank on the real property at issue in this case, the motel at 12960 Highway 431 South, Boaz, Alabama (the "Property"). At all relevant times, PIB has been the mortgagee on the Property and is the equitable title holder to the Property. See, Doc. 46, Exhibit 1. *The mortgage, endorsed by Ramuji, has been of public record since 2004, at Book 2004, Page 3787, in the Probate Court of Etowah County, Alabama.*

3.      Ramuji has maintained insurance on the Property since the mortgage was executed by PIB.  At all times, Ramuji has insured the Property and listed PIB as an additional insured.   At least as of August 8, 2014, PIB was listed as "Additional Interest… Mortgagee" on a standard "Evidence of Property Insurance" (Doc. 46, Exhibit 2) form prepared, upon information and belief, by or on behalf of Randy Jones & Associates, Inc. ("Randy Jones" or "Jones Agency") *and/or behalf of Catlin and the Added Syndicates*.  The Jones Agency is an Alabama corporation doing business in Marshall County, Alabama, and with a registered agent in Marshall County at 401 Main Street, Albertville, Alabama 35950. *The Jones Agency acted as an agent for Catlin and the Added Syndicates in procuring insurance for PIB/Ramuji; Ramuji has been PIB's agent for obtaining insurance on the mortgaged Property pursuant to the Promissory Note and/or Mortgage every year since 2004, specifically including 2015.  Doc. 14, Exhibit 1, ¶ # 1. (The mortgage requires "Mortgagors … to keep the improvements on said real estate insured against loss or damage by fire … in companies satisfactory to the Mortgagee, with loss payable to Mortgagee, as Mortgagee's interest may appear, and to promptly deliver said policies, or any renewal of said policies to Mortgagee.")*

4.      On June 5, 2015, an "Evidence of Property Insurance" form again listed PIB as an "Additional Interest… Mortgagee" on policy number 582015 from

16

Lloyds of London (the "Policy").  The coverage period states: "Effective Date 05/05/15/Expiration Date 05/09/16".  The amount of coverage indicated is more than sufficient to cover the Bank's loss in this case.  Doc. 46, Exhibit 3.  *Receipt of this document, which, as it says on the top plainly states "Evidence of Property Insurance," was sent to PIB at PIB's request, when in the ordinary course of business, its employee called the Jones Agency at the time for renewal, identifying herself as representing the mortgage holder, PIB, and asking for proof of insurance on the mortgaged Property for PIB.  The Jones Agency confirmed PIB's insured status verbally and followed up with a fax or email of the "Evidence of Property Insurance" including PIB as "Mortgagee/Additional Interest."*

5.      As of the date of the fire loss, PIB was listed as an Additional Interest-Mortgagee. At the time of the loss, PIB was the equitable title owner of the Property. *And at the time of the loss, PIB had on file at the Probate Office a recorded mortgage on the Property.  There is no question that PIB held a "present or future mortgage[ ] upon the [P]roperty..." Doc. 1-4 at 9.*

6.      After the fire, PIB contacted Defendant Pair at the Jones Agency and was told that a Proof of Claim had been filed.  Defendant Pair nor anyone at the Jones Agency told PIB that it needed to file a Proof of Claim.  Defendant Pair nor anyone at the Jones Agency ever indicated to PIB that there was any problem with the claim.  *Defendant Pair nor anyone at the Jones Agency ever indicated to PIB*

*that PIB was not covered under the Policy.  In fact, the Jones Agency represented to PIB that PIB was covered at the time of the loss, both verbally and in writing, and confirmed this representation via email on April 25, 2016.*

7.     On August 16, 2016, a letter from Promont Advisers, LLC, "on behalf of Certain Underwriters at Lloyd's London" informed Ramuji, with a formal copy being sent to PIB, that insurance coverage for the loss was denied.

8.     Plaintiff Catlin Syndicate filed this lawsuit against PIB and other Defendants; however, Catlin only underwrites 45% of the Policy.  Other syndicates and the percentage of the Policy they underwrite are Syndicate 1414 at Lloyd's (Ascot Underwriting Limited), 25%;  Syndicate 5820 at Lloyd's (ANV Syndicates Limited), 10%; Syndicate 727 at Lloyd's (S.A. Meacoch & Company Limited), 10%, and Syndicate 1861 at Lloyd's (ANV Syndicates Limited), 10%.

## COUNTERCLAIMS

### COUNT I
### DECLARATORY RELIEF

9.     Defendant/Counterclaim Plaintiff PIB hereby reincorporates the foregoing paragraphs by reference.

10.     PIB holds a mortgage on the real property at 12960 Highway 431 South in Boaz, Alabama, which is on record in the Probate Court of Etowah County, Alabama.  Doc. 46, Exhibit 1.  PIB is the equitable title owner to the

Property. *PIB also holds a valid mortgage recorded at the Probate Office of Etowah County, endorsed by Ramuji and constituting a "present or future mortgage[ ] upon the Property." Doc. 1-4 at 9.*

11.   PIB has received confirmation of its status as an Additional Interest-Mortgagee on the Evidence of Property Insurance from Plaintiff/Counterclaim Defendant's agent, Third-party Defendants Pair and/or the Jones Agency, since the date of the mortgage and prior to the fire loss.  See Doc. 46, Exhibits 2-4.  *This confirmation has been made both verbally and in writing by the Jones Agency, directly and/or as the agent of Catlin.*

12.   Now, in the Complaint, Plaintiff/Counterclaim Defendant has claimed that PIB was issued an endorsement as a named mortgagee only after the fire loss on April 2, 2016.

13.   Under 28 U.S.C. §2201, there exists an actual and immediate controversy concerning PIB's standing to present a claim under the Policy for the fire loss as a named mortgagee, and PIB asks this Court to declare its rights under the Policy.

14.   WHEREFORE, premises considered, PIB prays that this Court will issue a declaratory judgment that PIB is the owner of equitable title to the Property and is indeed a named mortgagee under the Plaintiff/Counterclaim Defendant's and Additional Syndicates' policy of insurance on the Property for the April 2,

2016, fire loss, and will direct Plaintiff/Counterclaim Defendant and the Additional Syndicates to pay PIB for its loss.

## COUNT II
## BREACH OF CONTRACT/THIRD-PARTY BENEFICIARY

15.    PIB realleges and reincorporates the foregoing paragraphs by reference.

16.    *At all relevant times, pursuant to the Note and/or Mortgage, Ramuji served as the agent of PIB for the purpose of maintaining insurance on the Property.  Ramuji did in fact obtain the Policy for its interests and as the agent of PIB. Also* at all relevant times, PIB has been the owner of the equitable title to the property. PIB was a named insured under the Policy on the Property.  See, Doc. 46, Exhibits 2-4.  *In addition PIB had been verbally and in writing informed by the Jones Agency that it was insured as mortgagee under the Policy.* This coverage, extended by Plaintiff/Counterclaim Defendant and the Additional Syndicates, was intended to cover the interests of the mortgagee, PIB.  As such, PIB had rights under the contract of insurance, the Policy.  *These rights include direct rights as the holder of a "present or future mortgage[ ] upon the [P]roperty," a statement which is separate from the previous clause in ¶ 31 of the Policy, which reasonably may be interpreted to include PIB as the holder of such a mortgage.  Also, as the term "endorsement" is not defined in the Policy, PIB also may reasonably be*

20

*interpreted to include PIB as a "mortgagee...named....by endorsement" since it is undisputed that Ramuji endorsed the mortgage which is recorded in the Etowah County Probate Office.*

16A.   In the alternative, PIB is a third-party beneficiary to the contract of insurance, the Policy.   Plaintiff/Counterclaim Defendant and the Additional Syndicates have breached that contract by denying coverage and payment for any amount due caused by the fire loss to the Property on April 2, 2016.

17.   WHEREFORE, PIB seeks compensatory damages for its loss as a result of the Plaintiff/Counterclaim Defendant's and the Additional Syndicates' breach of contract, together with attorney's fees, interest, costs, and any other relief this Court deems appropriate.

## COUNT III
## NEGLIGENT PROCUREMENT OF INSURANCE

18.   Omitted per the Court's Order of October 4, 2017 (Doc. 110).[1]

19.   Omitted.

20.   Omitted.

---

[1] PIB has re-filed this Complaint in accordance with the Court's October 4, 2017, Order, but hereby takes objection to that ruling and reserves its objection based on grounds previously raised in PIB's pleadings and argument, and further reserves an objection to this Court's direction that it file this amended pleading without certain claims and allegations.   The rest of the "omitted" paragraphs will not repeat this objection, but PIB maintains such objection as to each omitted paragraph.

## COUNT IV
## WANTONNESS

21.   Omitted.

22.   Omitted.

23.   Omitted.

## COUNT V
## BAD FAITH

24.   Omitted.

25.   Omitted.

26.   Omitted.

## COUNT VI
## FRAUD

27.   Omitted.

28.   Omitted.

29.   Omitted.

30.   Omitted.

31.   Omitted.

32.   Omitted.

## COUNT VII
## CONSPIRACY TO COMMIT FRAUD

33.   Omitted.

34.   Omitted.

35.    Omitted.

36.    Omitted.

37.    Omitted.

38.    Omitted.

39.    Omitted.

## **THIRD-PARTY CLAIMS**
### *(Against Jon Pair and Randy Jones & Associates, Inc.)*
### **COUNT I**
### **DECLARATORY RELIEF**

40.    Defendant/Counterclaim    Third-party    Plaintiff    PIB    hereby
reincorporates the foregoing paragraphs by reference.

41.    PIB holds a mortgage on the real property at 12960 Highway 431
South in Boaz, Alabama, which is on record in the Probate Court of Etowah
County, Alabama.  Doc. 46, Exhibit 1.  At all relevant times, PIB has been the
owner of equitable title to the Property. *PIB also holds a valid mortgage recorded
at the Probate Office of Etowah County, endorsed by Ramuji and constituting a
"present or future mortgage[ ] upon the Property."  Doc. 1-4 at 9.*

42.    PIB has received confirmation of its status as an Additional Interest-
Mortgagee    on    the    Evidence    of    Property    Insurance    from
Plaintiff/Counterclaim/Defendant's and the Additional Syndicates' agent, Third-
party Defendants Pair and/or the Jones Agency, since the date of the mortgage.

Doc. 46, Exhibits 2-4. *This confirmation has been made both verbally and in writing by the Jones Agency, directly and/or as the agent of Catlin.*

43.     Now, in the Complaint, Plaintiff/Counterclaim Defendant has claimed that PIB was issued an endorsement as a named mortgagee only after the fire loss on April 2, 2016.

44.     Under 28 U.S.C. §2201, there exists an actual and immediate controversy concerning PIB's standing to present a claim under the Policy for the fire loss as a named mortgagee, and PIB asks this Court to declare its rights under the Policy.

45.     WHEREFORE, premises considered, PIB prays that this Court will issue a declaratory judgment that PIB is indeed a named mortgagee under the Plaintiff/Counterclaim Defendant's and the Additional Syndicates' policy of insurance on the Property for the April 2, 2016, fire loss, and will direct Plaintiff/Counterclaim Defendant and the Additional Syndicates to pay PIB for its loss, or in the alternative, will hold Third-party Defendants Pair and/or the Jones Agency and/or the Additional Syndicates responsible to PIB under contractual or equitable principles, and will direct these Third-Party Defendants to pay PIB for its loss.

<u>**COUNT II**</u>
**BREACH OF CONTRACT/THIRD-PARTY BENEFICIARY**

46.     PIB realleges and reincorporates the foregoing paragraphs by reference.

47.     *At all relevant times, pursuant to the Note and/or Mortgage, Ramuji served as the agent of PIB for the purpose of maintaining insurance on the Property.  Ramuji did in fact obtain the Policy for its interests and as the agent of PIB. Also,* at all relevant times, PIB has been the owner of equitable title to the Property. PIB was a named insured under the Policy on the Property.  Doc. 46, Exhibits 2-4.  *In addition PIB had been verbally and in writing informed by the Jones Agency that it was insured as mortgagee under the Policy.*  This coverage, extended by Plaintiff/Counterclaim Defendant and the Additional Syndicates, or, under contractual and/or equitable principles, extended by Third-party Defendants Pair and/or the Jones Agency, was intended to cover the interests of the mortgagee, PIB.  As such, PIB had rights under the contract of insurance, the Policy.  *These rights include direct rights as the holder of a "present or future mortgage[ ] upon the [P]roperty," a statement which is separate from the previous clause in ¶ 31 of the Policy, which reasonably may be interpreted to include PIB as the holder of such a mortgage.  Also, as the term "endorsement" is not defined in the Policy, PIB also may reasonably be interpreted to include PIB as a*

*"mortgagee...named....by endorsement"* since it is undisputed that Ramuji *endorsed the mortgage which is recorded in the Etowah County Probate Office.*

In the alternative, PIB is a third-party beneficiary to the contract of insurance, the Policy. Plaintiff/Counterclaim Defendant and the Additional Syndicates and/or Third-Party Defendants Pair and/or the Jones Agency, have breached that contract by denying coverage and payment for any amount due caused by the fire loss to the Property on April 2, 2016.

48.    WHEREFORE, PIB seeks compensatory damages for its loss as a result of the Third-Party Defendants' breach of contract, together with attorney's fees, interest, costs, and any other relief this Court deems appropriate.

## COUNT III
## NEGLIGENT PROCUREMENT OF INSURANCE

49.    PIB realleges and reincorporates the foregoing paragraphs by reference.

50.    *At all relevant times, pursuant to the Note and/or Mortgage, Ramuji served as the agent of PIB for the purpose of maintaining insurance on the Property. Ramuji did in fact obtain the Policy for its interests and as the agent of PIB. Also* at all relevant times, PIB has been the owner of the equitable title to the Property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016. See, Doc. 46, Exhibits 2-4. *In addition PIB had*

*been verbally and in writing informed by the Jones Agency that it was insured as*

*mortgagee under the Policy. The Jones Agency also represented that PIB was*

*supposed to be covered under the Policy as an additional insured/mortgagee since*

*the "inception" of the Policy.* However, after the fire loss on April 2, 2016, PIB

received notification that *the insurer took the position that PIB* was not an

additional insured under the Policy.  If it was not indeed an additional insured, then

Plaintiff/Counterclaim Defendant (Catlin) and the Additional Syndicates directly,

or acting through its agent the Jones Agency and/or Jon Pair, is guilty of negligent

procurement of insurance either as independent brokers or as agents of Lloyd's and

the Additional Syndicates under the doctrine of respondent superior.

51.    WHEREFORE, PIB seeks compensatory damages for its loss as a

result of the Third-Party Defendants' failure to procure insurance coverage for

defendant for PIB, together with attorney's fees, interest, costs, and any other relief

this Court deems appropriate.

## COUNT IV
## WANTONNESS

52.    PIB realleges and reincorporates the foregoing paragraphs by

reference.

53.    *At all relevant times, pursuant to the Note and/or Mortgage, Ramuji*

*served as the agent of PIB for the purpose of maintaining insurance on the*

*Property.  Ramuji did in fact obtain the Policy for its interests and as the agent of*

*PIB. Also* at all relevant times, PIB has been the owner of the equitable title to the Property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016.  See, Doc. 46, Exhibits 2-4.  *In addition PIB had been verbally and in writing informed by the Jones Agency that it was insured as mortgagee under the Policy. The Jones Agency also represented that PIB was supposed to be covered under the Policy as an additional insured/mortgagee since the "inception" of the Policy.  However,* after the fire loss on April 2, 2016, PIB received notification that *the insurer took the position that PIB* was not an additional insured under the Policy.  If it was not indeed an additional insured, then Plaintiff/Counterclaim Defendant (Catlin) and the Additional Syndicates directly, or acting through its agent the Jones Agency and/or Jon Pair, is guilty of negligent procurement of insurance.  By committing such a glaring omission, Third-party Defendants Pair and/or the Jones Agency acted with recklessness and wantonness in failing to obtain the insurance and/or in failing to properly add PIB as an additional insured, and/or in representing PIB to be an additional insured when in fact it was not.

54.    WHEREFORE, PIB seeks compensatory and punitive damages for its loss as a result of the Third-Party Defendants' wanton failure to procure insurance coverage for defendant for PIB and/or their failure to add PIB as an additional

insured, and/or its representing that PIB was an additional insured together with attorney's fees, interest, costs, and any other relief this Court deems appropriate.

## COUNT V
## FRAUD

55.    PIB realleges and reincorporates the foregoing paragraphs by reference.

56.    *At all relevant times, pursuant to the Note and/or Mortgage, Ramuji served as the agent of PIB for the purpose of maintaining insurance on the Property. Ramuji did in fact obtain the Policy for its interests and as the agent of PIB. Also* at all relevant times, PIB has been the owner of the equitable title to the Property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016.  See, Doc. 46, Exhibits 2-4.  *In addition PIB had been verbally and in writing informed by the Jones Agency that it was insured as mortgagee under the Policy. The Jones Agency also represented that PIB was supposed to be covered under the Policy as an additional insured/mortgagee since the "inception" of the Policy.  However,* after the fire loss on April 2, 2016, PIB received notification that *the insurer took the position that PIB* was not an additional insured under the Policy.  If it was not indeed an additional insured, then Plaintiff/Counterclaim Defendant (Catlin) and the Additional Syndicates directly, or acting through its agent the Jones Agency and/or Jon Pair, is guilty of negligent

procurement of insurance are guilty of fraud, misrepresentation, suppression, reckless indifference, and/or innocent misrepresentation.

57.    Due to the nature of their relationship, these Third-party Defendants were obligated to disclose all material facts to PIB related to its status as an additional insured/party with interest under Plaintiff's insurance policy.  Third-party Defendants Pair and/or the Jones Agency, with full knowledge of PIB's insurance needs and its status as a mortgagee, had a duty to disclose the correct nature and extent of the coverage, but misrepresented or suppressed the true information, and/or were recklessly indifferent to the truth of their representations, and/or innocently misrepresented the truth when, among other things, they *verbally confirmed PIB's status as a loss payee/mortgagee and when they* supplied the Acord statements (Doc. 46, Exhibits 2-4), listing PIB as an Additional Interest-Mortgagee.

58.    These facts were material facts and PIB relied upon them and acted upon them in that it would have taken different actions if it had been made aware of the true facts, including directly instructing Ramuji to obtain *other* insurance on the Property, obtaining coverage for Ramuji on the Property, or taking some other action to protect its interest.  *Even if the Acord Statements do not constitute proof of insurance, they provide evidence of insurance, and together with the verbal*

*assurances from the Jones Agency, it was reasonable for PIB to rely on them under these circumstances.*

59.     As a direct and proximate result of these Third-party Defendants' fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation, PIB was caused to incur damage by failing to receive insurance coverage for its mortgage loss on the Property.

60.     WHEREFORE, PIB seeks compensatory and punitive damages from these Third-party Defendants for fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation together with interest, costs, attorney's fees, and any other relief to which PIB may be entitled.

## COUNT VI
## FRAUD

61.     PIB realleges and reincorporates the foregoing paragraphs by reference.

62.     *At all relevant times, pursuant to the Note and/or Mortgage, Ramuji served as the agent of PIB for the purpose of maintaining insurance on the Property. Ramuji did in fact obtain the Policy for its interests and as the agent of PIB. Also* at all relevant times, PIB has been the owner of the equitable title to the Property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016.  See, Doc. 46, Exhibits 2-4.  *In addition PIB had*

been verbally and in writing informed by the Jones Agency that it was insured as mortgagee under the Policy. The Jones Agency also represented that PIB was supposed to be covered under the Policy as an additional insured/mortgagee since the "inception" of the Policy.  However, after the fire loss on April 2, 2016, PIB received notification that the insurer took the position that PIB was not an additional insured under the Policy.  If it was not indeed an additional insured, then Plaintiff/Counterclaim Defendant (Catlin) and the Additional Syndicates directly, or acting through its agent the Jones Agency and/or Jon Pair, are guilty of fraud, misrepresentation, suppression, reckless indifference, and/or innocent misrepresentation.

63.    Due to the nature of their relationship, Third-party Defendants were obligated to disclose all material facts to PIB related to its status as an additional insured/party with interest under Plaintiff's insurance policy.   Third-party Defendants, with full knowledge of PIB's insurance needs and its status as a mortgagee, had a duty to disclose the correct nature and extent of the coverage, but misrepresented or suppressed the true information, and/or were recklessly indifferent to the truth of their representations, and/or innocently misrepresented the truth when, among other things, they verbally confirmed PIB's status as a loss payee/mortgagee and when they supplied the Acord statements (Doc. 46, Exhibits 2-4), listing PIB as an Additional Interest-Mortgagee.

64.    These facts were material facts and PIB relied upon them and acted upon them in that it would have taken different actions if it had been made aware of the true facts, including directly instructing Ramuji to obtain insurance on the Property, obtaining coverage for Ramuji on the Property, or taking some other action to protect its interest.  *Even if the Acord Statements do not constitute proof of insurance, they provide evidence of insurance, and together with the verbal assurances from the Jones Agency, it was reasonable for PIB to rely on them under these circumstances.*

65.    As a direct and proximate result of Third-party Defendants' fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation, PIB was caused to incur damage by failing to receive insurance coverage for its mortgage loss on the Property.

66.    WHEREFORE, PIB seeks compensatory and punitive damages from all Third-party Defendants for fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation together with interest, costs, attorney's fees, and any other relief to which PIB may be entitled.

## COUNT VII
## CONSPIRACY TO COMMIT FRAUD

67.   PIB realleges and reincorporates the foregoing paragraphs by reference.

68.   *At all relevant times, pursuant to the Note and/or Mortgage, Ramuji served as the agent of PIB for the purpose of maintaining insurance on the Property.  Ramuji did in fact obtain the Policy for its interests and as the agent of PIB. Also* at all relevant times, PIB has been the owner of the equitable title to the Property. PIB received notification that it was an additional insured under the Policy prior to April 1, 2016.  See, Doc. 46, Exhibits 2-4.  *In addition PIB had been verbally and in writing informed by the Jones Agency that it was insured as mortgagee under the Policy. The Jones Agency also represented that PIB was supposed to be covered under the Policy as an additional insured/mortgagee since the "inception" of the Policy.  However,* after the fire loss on April 2, 2016, PIB received notification that *the insurer took the position that PIB* was not an additional insured under the Policy.  If it was not indeed an additional insured, then Plaintiff/Counterclaim Defendant (Catlin) and the Additional Syndicates directly, or acting through its agent the Jones Agency and/or Jon Pair, are guilty of conspiracy to commit fraud, misrepresentation, suppression, reckless indifference, and/or innocent misrepresentation.

34

69.     Due to the nature of their relationship, Third-party Defendants were obligated to disclose all material facts to PIB related to its status as an additional insured/party with interest under Plaintiff's insurance policy.    Third-party Defendants the Additional Syndicates, Pair and/or the Jones Agency, with full knowledge of PIB's insurance needs and its status as a mortgagee, had a duty to disclose the correct nature and extent of the coverage, but misrepresented or suppressed the true information, and/or were recklessly indifferent to the truth of their representations, and/or innocently misrepresented the truth when, among other things, they *verbally confirmed PIB's status as a loss payee/mortgagee and when they* supplied the Acord statements (Doc. 46, Exhibits 2-4), listing PIB as an Additional Interest-Mortgagee.

70.     In addition, the Underwriters' non-renewal letter set up the situation for Ramuji to turn to Pair and/or Jones for assistance. Pair and/or Jones then continued the conspiracy by representing they would procure replacement insurance from a different company. However, Pair, Jones, and/or Underwriters then used the situation they had conspired to create so they actually procured and/or provided coverage to Ramuji in the same amount for an increased premium. While doing so, and in furtherance of this conspiracy, Pair and/or Jones provided information in the Application which Underwriters would use at a later time to deny coverage in the event a claim became necessary. Pair, Jones, and/or

Underwriters benefited from this conspiracy in that they received, used, and financially benefited from Ramuji's higher premiums yet they actually never ran any risk because they set up the basis for denying coverage by answering the Application questions in the manner they chose. These actions were taken by these Defendants with knowledge that they would have an adverse impact on PIB, the mortgagee, as well as Ramuji.

71.     PIB relied upon the actions and representations of these Third Party Defendants in that it would have taken different actions if it had been made aware of the true facts, including directly instructing Ramuji to obtain insurance on the Property, obtaining its own coverage for Ramuji on the Property, or taking some other action to protect its interest. *Even if the Acord Statements do not constitute proof of insurance, they provide evidence of insurance, and together with the verbal assurances from the Jones Agency, it was reasonable for PIB to rely on them under these circumstances.*

72.     As a direct and proximate result of Third-party Defendants' conspiracy to commit fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation, PIB was caused to incur damage by failing to receive insurance coverage for its mortgage loss on the Property.

73.     WHEREFORE, PIB seeks compensatory and punitive damages from Third-party Defendants for their *collusion and* conspiracy to commit fraud, fraudulent misrepresentation and/or suppression, reckless indifference, or innocent misrepresentation together with interest, costs, attorney's fees, and any other relief to which PIB may be entitled.

Respectfully submitted this the 25th day of October, 2017.


*/s/ Jeffrey McLaughlin*
Jeff McLaughlin (MCL027)


*/s/ Lea M. Hicks*
Lea Hicks (MOS037)

Of Counsel:
McLaughlin Edmondson & Hicks, LLC
321 Blount Avenue
Guntersville, AL 35976
(256) 582-2520
lhicks@mcedlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served upon:

Mr. Gary Conchin
Mr. Kenneth Cole
Conchin, King & Cole
2404 Commerce Court
Huntsville, AL 35801
*Attorneys for Ramuji, LLC*

Mr. Mike Pennington
Mr. Slates Veazey
Mr. Darrell Tucker
Bradley Arant Boult & Cummings PC
1819 5th Avenue North
Birmingham, AL 35203
*Attorneys for Great American*

Ms. Paige Jones
A. Grady "Bo" Williams, IV, Esq.
Bradley Sanders, Esq.
PHELPS DUNBAR LLP
P. O. Box 2727
Mobile, AL 36652
*Attorney for Catlin/Underwriters*

Mr. Robert Ronnlund
Scott, Sullivan, Streetman, Fox, PC
2450 Valleydale Road
Birmingham, Alabama 35244
*Attorney for Jones & Associates/Pair*

by filing the same with the Clerk of Court for the United States District Court for the Northern District of Alabama, using the CM/ECF system which will send electronic notification of such filing to all counsel of record on this the 25th day of October, 2017.

*/s/ Jeffrey McLaughlin*
OF COUNSEL