# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **CATLIN SYNDICATE LIMITED,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **RAMUJI, LLC d/b/a BUDGET INN and** ) <br> **PEOPLES INDEPENDENT BANK,** ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> **RAMUJI, LLC, PEOPLE'S** ) <br> **INDEPENDENT BANK,** ) <br> ) <br> Counterclaim/Third Party Plaintiffs, ) <br> ) <br> **GREAT AMERICAN ASSURANCE** ) <br> **COMPANY** ) <br> ) <br> Third-Party Plaintiff Intervenor, ) <br> ) <br> v. ) <br> ) <br> **RANDY JONES & ASSOCIATES, INC.,** ) <br> **JON PAIR, CERTAIN UNDERWRITERS** ) <br> **AT LLOYD'S, LONDON SUBSCRIBING** ) <br> **SEVERALLY TO POLICY NO. ULL** ) <br> **20018,** *named as* **"SYNDICATE 1414 AT** ) <br> **LLOYD'S (ASCOT UNDERWRITING** ) <br> **LIMITED), SYNDICATE 5820 AT** ) <br> **LLOYD'S (ANV SYNDICATES** ) <br> **LIMITED), SYNDICATE 727 AT** ) <br> **LLOYD'S (S.A. MEACOCH & COMPANY** ) <br> **LIMITED), and SYNDICATE 1861 at** ) <br> **LLOYD's (ANV SYNDICATED** ) <br> **LIMITED),** ) <br> ) <br> Third-Party Defendants. ) | **Case No.: 4:16-CV-1331-VEH** |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION AND RELEVANT BACKGROUND

Before the Court is Catlin Syndicate Limited's ("Catlin") Motion for Leave to Amend Complaint (the "Motion") under Federal Rule of Civil Procedure 15(a)(2) filed on March 29, 2018. (Doc. 139). In its Motion, Catlin asks the Court to "allow[] Catlin to file a Second Amended Complaint." (*Id.* at 9). Catlin attached the Second Amended Complaint to the Motion. (Doc. 139-1). According to Catlin, "[t]he purpose of the requested amendment is to add another example of . . . a misrepresentation in Ramuji's completed application which was recently discovered." (Doc. 139 at 3).

The Motion notes that Ramuji opposes this amendment. (*See id.*) ("Counsel for Ramuji opposes any amendment that changes or adds any newly asserted grounds that Underwriters wish to add to their efforts to void the Policy.").[1] The Motion is silent regarding whether People's Independent Bank ("PIB") opposes the Motion. (*See generally id.*). Importantly, under this Court's Uniform Initial Order, any opposition to the Motion had to be filed within 14 days. (Doc. 3 at 23 ¶2).[2] The time to oppose the Motion has passed. Accordingly, it is now ripe for review.

---

[1] Catlin represents to the Court that the amendment is really just adding more facts surrounding another misrepresentation for which they want rescission. (*See* Doc. 139 at 3-4).

[2] The Court notes that the Motion also should have stated "the parties' attempts to resolve the issue." (*See* Doc. 3 at 22-23).

## II.    STANDARD

Rule 15(a) states:

**(a) Amendments Before Trial.**

> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> > **(A)** 21 days after serving it, or
> >
> > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a). The Eleventh Circuit has explained Rule 15:

> The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Nevertheless, a motion for leave to amend may appropriately be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001).

*In re Engle Cases*, 767 F.3d 1082, 1108-09 (11th Cir. 2014). "[The Eleventh Circuit] review[s] for abuse of discretion." *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th

Cir. 2001) (citing *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985)).

### III.  ANALYSIS

Rule 15(a)(2) is clear that this "court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Given that there was no opposition to the Motion within the time allotted under the Uniform Initial Order, the other parties must not oppose the amended pleadings with any sense of zeal or urgency. Further, the docket sheet reflects that the deadline to amend pleadings is May 23, 2018, so this Motion was timely. (Docket Entry November 13, 2017). Catlin represents that there is no prejudice from this amendment. (*See* Doc. 139 at 5). The other parties did not brief the Motion.

Catlin notes that "[t]here is no dispositive motion pending with respect to the claims in the First Amended Complaint, so this amendment will not disrupt the litigation." (*See id.* at 9). However, Catlin has moved for summary judgment on Count II in the First Amended Complaint. (Doc. 128 at 2) ("Catlin states that there are no genuine issues of fact, and Catlin is entitled to a judgment on Count II of its First Amended Complaint."); (*see also* Doc. 129). While it appears that this current Motion is only attempting to amend Count I (not the subject of the motion for summary judgment– Count II), the motion for summary judgment is not yet under

4

submission because of continued discovery. (Docs. 130, 131, 138). Given that the motion for summary judgment is not even under submission, the Court **MOOTS** Catlin's motion for summary judgment on Count II. (Doc. 128). The Court prefers for a party to have one operative pleading at a time (not multiple versions). The Court points out that dispositive motions are not due until January 23, 2019. (CM/ECF Docket Entry from November 13, 2017).

For these reasons, this Motion is due to be **GRANTED**.

### IV. CONCLUSION

The Motion is **GRANTED**. (Doc. 139). Catlin is **ORDERED** to file its Second Amended Complaint (and any attachments) into CM/ECF as a separate and distinct docket entry. Catlin's motion for summary judgment is **TERMED** as **MOOT** without prejudice. (Doc. 128).

**DONE** and **ORDERED** this the 18th day of April, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge