FILED
2018 Jun-29 AM 10:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **CATLIN SYNDICATED LIMITED,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | 4:16-cv-01331-ACA |
| | ] | |
| **RAMUJI, LLC, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

Defendant-Counterclaim-Plaintiff Peoples Independent Bank (PIB) filed motions seeking (1) reconsideration of the court's earlier order dismissing with prejudice a number of its claims against the plaintiff and four third-party defendants; (2) to amend its answer; (3) to amend its third-party complaint; and (4) to raise cross-claims against its co-defendant, Ramuji, LLC. (Docs. 147, 165). For the reasons set out below, the court GRANTS IN PART AND DENIES IN PART PIB's motions. The court DENIES the motion for reconsideration. The court GRANTS the motion to amend PIB's answer. The court GRANTS the motion to amend the third-party complaint. The court GRANTS the motion to add cross-claims against Ramuji.

# I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from a fire that occurred on April 2, 2016, at a motel owned by Ramuji. (Doc. 144 at 5–6). In 2004, Ramuji executed a mortgage on the real property in favor of PIB. (Doc. 114). Ramuji also maintained a commercial insurance policy covering the property. (Doc. 144 at 11). That policy requires that the insurer must pay claims to a mortgagee if that mortgagee is named in either the declarations of the policy or by endorsement. (*See* Doc. 105 at 13). At the time of the fire, the commercial insurance policy's declarations and endorsements pages did not list PIB as a mortgagee. (*See id.* at 14). Ramuji did not request the addition of PIB to the policy until April 25, 2016, three weeks after the fire loss. (Doc. 144 at 15). Two days later, the underwriters of the policy issued an endorsement adding PIB as a mortgagee effective as of the date of Ramuji's request. (*Id.*).

One of the underwriters of Ramuji's policy, Plaintiff Catlin Syndicate Limited (Catlin), filed this lawsuit against Ramuji and PIB, seeking declaratory judgment on various grounds. (Doc. 144). Catlin's lawsuit sparked a flurry of counterclaims and third-party complaints by Ramuji, PIB, and an intervenor. This memorandum opinion addresses only PIB's attempt to amend its answer, counterclaim, and third party complaint.

In PIB's first amended counterclaim and third-party complaint, it asserted seven claims against Catlin and four counterclaim-defendants that it refers to as the "Underwriters," and seven claims against Third-Party Defendants Jon Pair and Randy Jones & Associates. (Doc. 46 at 1, 5–23). Of relevance to the instant set of motions, PIB raised claims of breach of contract (both as a party to the contract and as a third-party beneficiary), negligent procurement of insurance, wantonness, bad faith, fraud, and conspiracy to commit fraud. (*Id.*). Catlin and the Underwriters each moved to dismiss the amended counterclaim, and the court granted those motions in part. (Docs. 53, 63, 105).

The court dismissed the breach of contract claim as to the direct theory of liability, finding that PIB was not a named insured because it did not appear in an endorsement to the policy, but it permitted PIB's third-party beneficiary breach of contract claim to proceed. (Doc. 105 at 16–17). The court dismissed the negligent procurement of insurance claim because PIB never applied for insurance and because PIB's contributory negligence barred its claim. (*Id.* at 20–22). The court dismissed the fraud claims because, as a matter of law, PIB could not have reasonably relied on the alleged misrepresentations or omissions; and it dismissed the conspiracy to commit fraud claims because, without a viable underlying fraud claim, PIB could not state a claim for conspiracy. (*Id.* at 26–27). Finally, the court

3

dismissed the bad faith claims because PIB was not a party to the insurance contract. (*Id.* at 28–31).

PIB then moved to amend its second amended counterclaim and third-party complaint, seeking to reassert the claims that the court dismissed. (Doc. 106). The court clarified that the dismissal of PIB's claims was with prejudice, and denied in part PIB's motion to amend. (Doc. 110). The court did, however, allow PIB to amend its already-existing claims. (*Id.*). As a result, PIB filed its second amended counterclaim and third-party complaint. (Doc. 114). That pleading is PIB's current operative pleading, which it now seeks to amend again.[1]

## II. DISCUSSION

PIB seeks reconsideration of the court's orders dismissing with prejudice a number of its claims against Catlin and the Underwriters; to amend its second amended counterclaim; to amend its second amended answer and third-party complaint; and to add cross-claims against Ramuji. (Docs. 147, 165). The court will first address the motion for reconsideration and to amend the counterclaim, followed by the rest of the requests to amend.

---

[1] PIB refers to its operative pleading as its "Third Amended Answer and Complaint." (*See* Doc. 147 at 1). The court refers to that pleading as PIB's second amended answer, counterclaim, and third-party complaint. PIB filed its initial pleading (composed of an answer, counterclaim, and third-party complaint) at Doc. 12; its amended pleading (composed of a counterclaim and third-party complaint) at Doc. 46; and its second amended pleading (composed of an answer, counterclaim, and third-party complaint) at Doc. 114. That makes Doc. 114—the second amended answer, counterclaim, and third-party complaint—its operative pleading. Its newest proposed pleading would be its third amended answer, counterclaim, and third-party complaint.

1. Reconsideration of this Court's Orders Dismissing With Prejudice PIB's Claims of Negligent Procurement, Bad Faith, Fraud, and Conspiracy

PIB contends that the court should reconsider the dismissal with prejudice of a number of its claims against Catlin and the Underwriters because it has learned new facts through discovery. (Doc. 147 at 2). Specifically, PIB asserts that new evidence shows that PIB should have been listed on the commercial insurance policy; that the commercial insurance policy at issue does not prohibit backdating an endorsement; and that Catlin and the Underwriters have at times backdated coverage. (*Id.* at 3–4). As a result, PIB argues, Catlin and the Underwriters could have backdated the endorsement listing it as a mortgagee to the date the policy was issued, making it a named insured as of the time of the fire. (*Id.* at 5). PIB also argues that the policy is vague and should be construed against the drafter to include PIB as a named insured. (*Id.* at 6–7).

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006). A motion for reconsideration is not "a platform to relitigate arguments previously considered and rejected." *Id.* at 1268 n.9. Indeed, reconsideration is available only "when a party presents the court with evidence of an intervening change in controlling law, the availability of new

evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

Although PIB contends that its motion for reconsideration is based on newly discovered evidence, all of its arguments were available to PIB before the court ruled on the motions to dismiss. Furthermore, although PIB asserts that Catlin and the Underwriters could and should have backdated the endorsement listing it as a named insured, it does not argue that Catlin and the Underwriters had an obligation to do so. The court finds that PIB has not shown any of the factors warranting reconsideration. As a result, the court **DENIES** the motion for reconsideration and **DENIES** PIB's motion to amend its second amended counterclaim to reassert claims that the court has already dismissed with prejudice.

2. Amending PIB's Second Amended Answer

PIB seeks to add several sentences to its second amended answer. (*See* Doc. 165-1 at 2–3, 11). Although Catlin and the Underwriters indicate that they oppose the motion to amend PIB's answer, their arguments relate only to the motion for reconsideration. (*See* Doc. 151). And PIB's amendment to its answer would be its first since Catlin filed its second amended complaint. (*See* Doc. 144). The court must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, justice requires allowing amendment. The court **GRANTS** the motion to amend PIB's second amended answer.

6

### 3. Amending PIB's Third-Party Complaint and Adding Cross-Claims against Ramuji

PIB seeks to amend its pleading to raise two cross-claims against its codefendant, Ramuji LLC, and to add three claims against a new third-party defendant, Suresh Desai a/k/a Sam Patel, who is the sole member of Ramuji. (*See* Doc. 165 at 2; Doc. 165-1 at 56–60). The proposed new claims against Mr. Desai and Ramuji relate to PIB's note, mortgage, and individual guaranty for the purchase of the real property at issue in this case. According to PIB, Ramuji does not oppose the motion. (Doc. 165 at 2).

The court concludes that PIB may assert its proposed cross-claims against Ramuji because those claims "relate[s] to [the] property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). Likewise, the court finds that joinder of Mr. Desai is proper because PIB asserts its right to relief against them "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and there are "question[s] of law or fact common to" Ramuji and Mr. Desai. Fed. R. Civ. P. 20(a)(2)(B). As a result, the court finds that the interest of justice requires it to permit PIB to amend its pleading to assert its cross-claims against Ramuji and to add Mr. Desai as a third-party defendant. Accordingly, the court **GRANTS** PIB's motion to add cross-claims against Ramuji LLC and third-party claims against Suresh Desai a/k/a Sam Patel.

## III. CONCLUSION

The court GRANTS IN PART AND DENIES IN PART PIB's motions. (Docs. 147, 165). The court DENIES PIB's motion for reconsideration and to amend its second amended counterclaim. The court GRANTS the motion to amend PIB's answer. The court GRANTS the motion to amend PIB's third-party complaint. The court GRANTS the motion to add cross-claims against Ramuji.

The court DIRECTS PIB to file its third amended answer, counterclaim, cross-claim, and third-party complaint in accordance with this order. That filing will become PIB's operative pleading.

**DONE** and **ORDERED** this June 29, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE