# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **CATLIN SYNDICATED LIMITED,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | 4:16-cv-01331-ACA |
| | ] | |
| **RAMUJI, LLC, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION

This matter comes before the court on a motion for summary judgment filed by a set of parties that the court will refer to as the Underwriters. (Doc. 192). The Underwriters are Plaintiff Catlin Syndicated Limited ("Catlin") and Third Party Defendants Syndicate 1414 at Lloyd's ("Ascot Underwriting Limited"), Syndicate 5820 at Lloyd's ("ANV Syndicates Limited"), Syndicate 727 at Lloyd's ("S.A. Meacoch & Company Limited"), and Syndicate 1861 at Lloyd's ("ANV Syndicates Limited"). (Doc. 192; *see also* Doc. 188 at 16).

This case arises from a fire at a motel owned by Defendant Ramuji, LLC. Peoples Independent Bank ("PIB") was the mortgagee of the motel, and the Underwriters provided Ramuji's commercial insurance policy. After a fire destroyed the motel, Catlin—one of the Underwriters—filed this lawsuit against Ramuji and PIB, seeking, among other things, a declaratory judgment that PIB

does not have standing to present a claim under Ramuji's insurance policy ("Catlin's Count Two"). (Doc. 144 at 21–22). PIB filed a counterclaim against Catlin and a third party complaint against Ascot Underwriting Limited, ANV Syndicates Limited, S.A. Meacoch & Company Limited, and ANV Syndicates Limited, seeking a declaratory judgment that it is a third party beneficiary to Ramuji's insurance policy ("PIB's Count One"), and asserting a claim that the Underwriters breached the contract by failing to pay PIB as a third party beneficiary ("PIB's Count Two").[1] (Doc. 188 at 26–27, 32–35).

To complicate matters further, before the fire, PIB had obtained a mortgage protection policy from Great American Assurance Company ("Great American"). (*See* Doc. 29 at 3). The court permitted Great American to intervene (doc. 87), and Great American filed a third party complaint against, among others, the Underwriters, seeking a declaratory judgment that they must cover PIB's claim under Ramuji's policy. (Doc. 93 at 9–10).

The Underwriters have now jointly moved for summary judgment on Catlin's Count Two and PIB's Counts One and Two. (Doc. 192). Although the motion does not address Great American's third party claim against the Underwriters, Great American has responded in opposition, and PIB has joined its

---

[1] This case involves various other parties and claims, but for the sake of clarity and judicial economy, the court will not describe any parties or claims not relevant to this motion for summary judgment.

2

opposition. (Docs. 196, 197). Because PIB has not presented any evidence creating a genuine dispute of material fact about whether the Underwriters and Ramuji intended to make PIB a third party beneficiary of the insurance policy, the court **WILL GRANT** the Underwriters' motion for summary judgment.

**I.     BACKGROUND**

In deciding a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted). The court deems the Underwriters' statement of undisputed facts admitted because Great American and PIB did not controvert those facts. (*See* Doc. 3 at 17; Doc. 192-1 at 6–16; Doc. 196 at 2–4).

1.     Facts

Ramuji owns a motel located in Boaz, Alabama. (Doc. 192-1 at 7). Since 2004, PIB has been the mortgagee on the property. (Doc. 46 at 27–29). In May 2015, Ramuji applied for a commercial insurance policy from Promont Advisors, LLC ("Promont"), an agent for the Underwriters. (*Id.* at 10). The application had a box titled "Additional Interest," in which an applicant would indicate if there was a mortgagee on the property. (Doc. 90-6 at 8). Ramuji left that box unchecked and did not otherwise disclose the existence of PIB as its mortgagee. (*Id.*).

On the Underwriters' behalf, Promont issued a commercial insurance policy to Ramuji, effective from May 9, 2015 to May 9, 2016. (Doc. 192-1 at 10). The policy lists only Ramuji as the named insured. (Doc. 90-7 at 5). It contains a "Mortgage Clause," which provides:

> Loss or damage shall be payable to the mortgagee (or trustee) named in the Declarations or by endorsement, as interest may appear under all present or future mortgages upon the property herein described, in order of precedence of said mortgages. This insurance, as to the interest of the mortgagee (or trustee) only, shall not be invalidated by:
>
> a. Any act of neglect of the mortgagor or owner of the herein described property . . . .

(*Id.* at 34). The declarations page did not name PIB as a mortgagee (*see id.* at 5–6; Doc. 192-1 at 11), and PIB was not named in an endorsement to the policy until after the motel was damaged in a fire on April 2, 2016 (doc. 90-7 at 60–61; Doc. 192-1 at 11).

Ramuji made a fire loss claim under its policy (*see* doc. 144 at 15), and on April 25, 2016, almost three weeks after the fire, it requested that Promont retroactively add PIB to the insurance policy as a mortgagee (doc. 192-1 at 11). Promont informed Ramuji that it could not retroactively add PIB as a mortgagee, but it added the bank by endorsement effective April 25, 2016. (*Id.*; Doc. 90-7 at 60–61). In August 2016, Promont informed Ramuji that the Underwriters had denied the fire loss claim. (*See* Doc. 46 at 5).

4

## 2. Relevant Procedural History

Catlin filed this lawsuit, seeking in Count Two a declaratory judgment that PIB does not have standing to present a claim under Ramuji's insurance policy. (Doc. 1 at 10–11). PIB then filed a counterclaim and a third party complaint against the Underwriters, seeking a declaratory judgment that it is a named mortgagee in Ramuji's insurance policy, and that the Underwriters breached the contract by failing to pay it under that policy. (Doc. 46 at 5–6, 15–16).

The Underwriters moved to dismiss PIB's claims. (Docs. 53, 63). The court held that "the Mortgage Clause only applies to those entities who are *named in the Declarations or by endorsement*. As neither the Declarations nor any endorsement in effect as of the date of loss includes [PIB], the mortgagee clause included above simply does not confer any contract rights upon it." (Doc. 105 at 14) (emphasis in original). But the court concluded that PIB might be able to establish that it is a third party beneficiary under the policy. (*Id.* at 18–19, 31–33). Accordingly, the court granted in part and denied in part the Underwriters' motions to dismiss. (*Id.* at 33–34).

After the court issued that opinion, PIB filed its third amended answer, counterclaim, and third party complaint, asserting PIB's Count One (a request for a declaratory judgment that it is a third party beneficiary to Ramuji's insurance

policy), and PIB's Count Two (a claim that the Underwriters breached the contract by failing to pay PIB as a third party beneficiary). (Doc. 188 at 26–27, 32–35).

## II. DISCUSSION

In deciding a motion for summary judgment, the court must first determine if the parties genuinely dispute any material facts, and if they do not, whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Here, the parties do not dispute any facts; accordingly, the only questions before the court are whether Catlin is entitled to judgment as a matter of law on its claim against PIB, and whether the Underwriters are entitled to judgment as a matter of law on PIB's claims against them. All of those questions turn on whether PIB is a third party beneficiary of the contract between the Underwriters and Ramuji.

Under Alabama law, a party asserting rights as a third party beneficiary of a contract must establish "(1) that the contracting parties intended, when they entered the contract, to bestow a direct, as opposed to an incidental, benefit upon a third party, (2) that the plaintiff was the intended third-party beneficiary of the contract, and (3) that the contract was breached." *Aliant Bank, a Div. of USAmeribank v. Four Star Investments, Inc.*, 244 So. 3d 896, 934 (Ala. 2017). To determine the contracting parties' intent to confer a direct benefit on a third party, the court "must first look to the contract itself, because, while the intention of the parties controls in construing a written contract, the intention of the parties is to be

derived from the contract itself, where the language is plain and unambiguous." *H.R.H. Metals, Inc. v. Miller ex rel. Miller*, 833 So. 2d 18, 24 (Ala. 2002) (alteration and quotation marks omitted).

The Underwriters contend that the policy unambiguously shows a lack of intent to confer any direct benefit on PIB because the mortgage clause required any mortgagee to be named in the declarations or by endorsement, and PIB was not named in the policy until three weeks after the fire. (Doc. 192-1 at 17–21). Great American and PIB respond that the mortgage clause is evidence that the Underwriters and Ramuji intended PIB to be a third party beneficiary of the insurance policy.[2] (Doc. 196 at 10–12).

---

[2] The court notes that although this motion for summary judgment relates only to Catlin's and PIB's claims against each other, Great American has filed an opposition to the motion. Normally a party unaffected by a motion for summary judgment may not assert arguments on behalf of the party actually affected by that motion. However, the outcome of this motion will affect Great American's third party claim against the Underwriters, and in any event PIB has joined Great American's response in opposition. Accordingly, the court will consider Great American's response.

But the court will not consider Great American's argument that, because it was not permitted to intervene in this case until after the court had ruled on Catlin's motion to dismiss, it may offer its positions on whether PIB has a direct right of recovery under the contract. (Doc. 196 at 3 & n.2). The court has already held that the language of the policy is clear: the mortgage clause applies *only* to those entities named in the declarations or by endorsement. (Doc. 105 at 14). PIB was not so named, and therefore has no direct rights under the policy. (*Id.*). Its only remaining claims depend on its position that it is a third party beneficiary under the policy; as a result, the court will consider only the arguments relating to that theory of recovery.

In any event, Great American's other arguments fail because they depend on factually distinguishable cases that did not involve a failure to name a mortgagee in the policy. *See Standard Fire Ins. Co. v. Knowles*, 129 F. Supp. 3d 1271, 1276 (N.D. Ala. 2015); *Norwest Mortg., Inc. v. Nationwide Mut. Fire Ins. Co.*, 718 So. 2d 15, 16 (Ala. 1998).

The mortgage clause provides:

> Loss or damage shall be payable to the mortgagee (or trustee) named in the Declarations or by endorsement, as interest may appear under all present or future mortgages upon the property herein described, in order of precedence of said mortgages. This insurance, as to the interest of the mortgagee (or trustee) only, shall not be invalidated by:
>
> a. Any act of neglect of the mortgagor or owner of the herein described property . . . .

(Doc. 90-7 at 34). Great American and PIB contend that, if mortgagees were not intended third party beneficiaries, the clause mentioning "all present or future mortgages upon the property" would be meaningless because future mortgagees would never be covered. (Doc. 196 at 11). Second, they assert that the Underwriters and Ramuji showed their intent to make PIB a third party beneficiary by providing that the "insurance, as to the interest of the mortgagee . . . , shall not be invalidated by . . . [a]ny act or neglect of the mortgagor or owner," a clause that they argue includes the mortgagor's neglect in naming the mortgagee within the policy. (*Id.* at 11–12).

Great American and PIB have not presented evidence to create a genuine dispute of material fact about whether the Underwriters and Ramuji intended to bestow a direct benefit on PIB. The mortgage clause expressly provides that "[l]oss or damage shall be payable to the mortgagee (or trustee) named in the Declarations or by endorsement." (Doc. 90-7 at 34). Had the Underwriters and Ramuji intended to benefit any mortgagee, whether named in the policy or not,

8

they could have simply omitted the clause limiting payment to mortgagees named in the declarations or by endorsement. And despite Great American and PIB's argument that provisions in the rest of the mortgage clause negate that initial limitation, "the court cannot refine away the terms of the contract that are expressed with sufficient clarity to convey the intent and meaning of the parties." *Kinnon v. Universal Underwriters Ins. Co.*, 418 So. 2d 887, 888 (Ala. 1982). The definition of a covered mortgagee as one named in the policy extends throughout the mortgage clause, and shows the parties' intent not to confer a benefit on any mortgagee not named in the declarations or by endorsement.

Accordingly, the court finds that summary judgment is appropriate on the question whether PIB is an intended third party beneficiary of Ramuji's insurance policy with the Underwriters. The court **WILL GRANT** the Underwriters' motion for summary judgment.

### III. CONCLUSION

The court **WILL GRANT** the Underwriters' motion for summary judgment. The court **WILL ENTER A DECLARATORY JUDGMENT** in favor of Catlin and against PIB on Catlin's Count Two—that PIB does not have standing to make a claim under Ramuji's commercial insurance policy for the April 2, 2016 fire loss. The court **WILL ENTER SUMMARY JUDGMENT** in favor of the

9

Underwriters and against PIB on PIB's Counts One and Two. The court will enter a separate order consistent with this opinion.

The court notes that this memorandum opinion and order resolve all claims and counterclaims between the Underwriters and PIB, but Catlin, PIB, and Great American all still have outstanding claims. Catlin has asserted claims against Ramuji. (Doc. 144 at 19–25). PIB has asserted third party claims against Jon Pair, Randy Jones & Associates, Inc., and Suresh Desai, and cross-claims against Ramuji. (Doc. 188 at 32–51). And Great American has asserted third party claims against the Underwriters, Jon Pair, and Randy Jones & Associates, Inc. (Doc. 93 at 9–10).

**DONE** and **ORDERED** this November 29, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE