IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **CATLIN SYNDICATED LIMITED,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 4:16-cv-01331-ACA |
| ] | |
| **RAMUJI, LLC, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## **MEMORANDUM OPINION**

This matter comes before the court on a motion for summary judgment filed by a set of parties that the court will refer to as the Underwriters. (Doc. 237). The Underwriters are Plaintiff Catlin Syndicated Limited ("Catlin") and Third Party Defendants Syndicate 1414 at Lloyd's, Syndicate 5820 at Lloyd's, Syndicate 727 at Lloyd's, and Syndicate 1861 at Lloyd's. (Doc. 237; *see also* Doc. 188 at 15–16).

As background, Defendant Ramuji, LLC owned and operated a motel. It had a mortgage on the property through Defendant Peoples Independent Bank ("PIB"). PIB, in turn, obtained a mortgage protection insurance policy through Intervenor Great American Assurance Company ("Great American"). The mortgage protection insurance policy provided that if, in the event of any loss or damage to the motel, PIB did not receive "acceptable hazard insurance" from

Ramuji, Great American would cover the loss or damage. Although Ramuji had a commercial insurance policy from the Underwriters covering the motel, the commercial insurance policy did not list PIB as a beneficiary until after a fire destroyed the motel. As a result, PIB made a claim to Great American under the mortgage protection insurance policy. Great American has issued a reservation of rights letter but has not yet paid or denied the claim.

Against that backdrop, Catlin—one of the Underwriters—filed this lawsuit against Ramuji and PIB, spawning a host of counterclaims, third party claims, and crossclaims, including Great American's third party claims as an intervenor. Because Great American's obligation to pay PIB under its mortgage protection insurance policy depends on whether the Underwriters pay PIB under Ramuji's commercial insurance policy, Great American requests a declaratory judgment that (1) it need not cover PIB's claim because the Underwriters must cover PIB's claim; (2) the Underwriters are estopped from denying PIB's claim; and (3) the Underwriters "are liable" to Great American. (Doc. 93 at 9–10). The Underwriters have now moved for summary judgment on those requests for declaratory judgment. (Doc. 237).

Because the court's earlier rulings preclude all of Great American's claims against the Underwriters, the court **WILL GRANT** the motion for summary

judgment and **WILL ENTER SUMMARY JUDGMENT** in favor of the Underwriters and against Great American.

I. **BACKGROUND**

In deciding a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

1. Facts

Ramuji owns a motel located in Boaz, Alabama. (*See* Doc. 237 at 4; Doc. 243 at 2). Ramuji obtained insurance on the property through its insurance agent, Randy Jones & Associates, and the agent's employee Jon Pair. (Doc. 127-1 at 9–10, 97). Because of the type of insurance Ramuji was seeking, Randy Jones & Associates had to work with another insurance broker, which in turn contacted the Underwriters' managing general agent, which issued a commercial insurance policy to Ramuji. (Doc. 127-1 at 87, 100; Doc. 127-3 at 3, 14 Doc. 127-5 at 26–27; Doc. 192-1 at 10; *see also* Doc. 237 at 5–6; Doc. 243 at 2). Great American concedes that Randy Jones & Associates and Mr. Pain were not agents of the Underwriters, but instead agents of Ramuji. (*See* Doc. 2376 at 4–5 ¶¶ 2–3; Doc. 243 at 2).

3

PIB has been the mortgagee of Ramuji's property since 2004 (doc. 46 at 27–26), but the commercial insurance policy that Ramuji obtained from the Underwriters did not list PIB as the mortgagee of the property. (*See* Doc. 90-7 at 5–6; Doc. 192-1 at 11). Meanwhile, PIB obtained mortgage protection insurance from Great American, "insur[ing] [PIB] against direct loss or damage to property in which [PIB has] . . . a mortgagee interest" if "acceptable hazard insurance has been cancelled or has not been received from the mortgagor . . . ." (Doc. 93-1 at 3) (emphasis omitted). "Acceptable hazard insurance" is "insurance on the described location naming [PIB] as mortgage holder and meeting [PIB's] requirements set forth in the mortgage agreement." (*Id.*) (emphasis omitted). The policy also provides that "[i]f the property is covered by [Ramuji's] acceptable hazard insurance, this insurance shall not apply and shall not contribute to the payment of any loss." (*Id.* at 11) (emphasis omitted). Finally, the policy provides that, if Great American makes a payment to PIB, Great American may require an assignment of PIB's rights of recovery, making Great American PIB's subrogee. (*Id.* at 11).

After a fire on April 2, 2016, destroyed the motel, Ramuji made a claim to the Underwriters under its commercial insurance policy. (Doc. 144 at 15; *see also* Doc. 237 at 9; Doc. 243 at 2). On April 25, 2016, through Randy Jones & Associates, Ramuji asked to add PIB to the policy as a mortgagee effective at the

inception of the policy. (Doc. 127-5 at 13–15). The Underwriters' agent informed Ramuji that it could not retroactively add PIB as a mortgagee, but it added the bank by endorsement effective April 25, 2016. (*Id.* at 14; *see* Doc. 90-7 at 60–61). The Underwriters eventually denied Ramuji's fire loss claim. (*See* Doc. 46 at 5).

According to Great American's complaint, at some point PIB notified Great American of the April 2 fire at the motel and made a claim under the mortgage protection insurance policy. (Doc. 93 at 7 ¶ 19). Great American has issued a reservation of rights letter stating that it will cover PIB's claim only if the Underwriters' policy does not cover PIB. (*Id.* at 8 ¶ 22).

### 2. Relevant Procedural History

Catlin filed this lawsuit, seeking in relevant part a declaratory judgment that PIB does not have standing to present a claim under Ramuji's insurance policy. (Doc. 1 at 10–11). Great American moved to intervene because a determination about PIB's coverage under the Underwriters' insurance policy would dictate whether PIB is covered under Great American's mortgage protection insurance policy. (Doc. 21 at 5). The court granted Great American's motion and allowed it to intervene in the lawsuit. (Doc. 87 at 3).

Great American's complaint seeks a declaratory judgment that

(1) the Underwriters must cover PIB's claim under the policy between the Underwriters and Ramuji, and as a result Great American is not required to cover PIB's claim under the policy between Great American and PIB (doc. 93 at 9–10 ¶¶ 26–27); or

5

(2) the Underwriters are "contractually bound by and otherwise estopped from" denying PIB's claim under the policy between the Underwriters and Ramuji because acts, omissions, and misrepresentations made by Randy Jones & Associates and its employee Jon Pair (*id.* at 10 ¶ 28); or

(3) the Underwriters are liable to Great American (as subrogee to PIB) based on acts, omissions, and misrepresentations made by Randy Jones & Associates and its employee Jon Pair (*id.* at 10 ¶ 29).

Great American, purportedly as subrogee for PIB, also asserted claims against Randy Jones & Associates and Mr. Pair (*see id.*), but the court dismissed those claims for lack of standing. (Doc. 111 at 18). The court explained that because Great American did not plead that it had paid PIB anything under the mortgage protection insurance policy, Great American was not PIB's subrogee, and could not assert claims against Randy Jones & Associates and Mr. Pair in that capacity. (*See id.* at 14–18).

The court later entered a declaratory judgment that PIB does not have standing to make a claim for the April 2, 2016 fire loss under Ramuji's insurance policy with the Underwriters. (Doc. 229 at 2). The court also entered summary judgment against PIB on PIB's counterclaims and third party claims that the Underwriters breached Ramuji's insurance contract by failing to pay PIB as a third party beneficiary. (*Id.*; *see also* Doc. 228 at 5–6).

## II. DISCUSSION

In deciding a motion for summary judgment, the court must determine whether, accepting the evidence in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Hamilton*, 680 F.3d at 1318.

Great American seeks a declaratory judgment that (1) it is not required to cover PIB's claim under the mortgage protection insurance policy because the Underwriters must cover PIB's claim under Ramuji's commercial insurance policy; (2) the Underwriters are "contractually bound by and otherwise estopped from" denying PIB's claim under Ramuji's insurance policy; or (3) the Underwriters "are liable" to Great American based on the acts, omissions, and misrepresentations of Randy Jones & Associates and Mr. Pair. (Doc. 93 at 9–10). The Underwriters move for summary judgment on all of Great American's requests for declaratory judgment on the basis that the court's rulings on earlier motions preclude Great American's claims. (Doc. 237).

The court has issued a declaratory judgment "that PIB does not have standing to make a claim under Ramuji, LLC's commercial insurance policy for the April 2, 2016 fire loss." (Doc. 229 at 2). Great American briefly argues that the court should reconsider its ruling because a clause in Ramuji's policy provides that negligence on the part of the mortgagor (Ramuji) cannot invalidate the interest

7

of the mortgagee (PIB).[1] (Doc. 243 at 6). The court rejects this argument. As the court has stated, the language of Ramuji's insurance policy—and specifically the clause about which Great American argues—is clear: the policy covers only entities named in the policy, of which PIB is not one. (Doc. 105 at 14; Doc. 228 at 7 n.2). None of the arguments or evidence presented to the court warrant reconsideration of that holding. Accordingly, the court **WILL GRANT** the Underwriters' motion for summary judgment as to Great American's first request for a declaratory judgment.

In its second request for a declaratory judgment, Great American seeks a declaration that the Underwriters are "contractually bound by and otherwise estopped from" denying PIB's claim under Ramuji's policy because of acts, omissions, and misrepresentations made by Randy Jones & Associates and its employee Jon Pair. (Doc. 93 at 10 ¶ 28). Again, the court's earlier ruling on PIB's standing to make a claim under Ramuji's policy forecloses this claim. PIB cannot make a claim under the commercial insurance policy, so whether the Underwriters are bound by or estopped from denying such a claim is irrelevant.

---

[1] In its response brief, Great American also requested that the court defer ruling on this motion for summary judgment until after the completion of all briefing on the motion for summary judgment that the Underwriters filed against Ramuji. (Doc. 243 at 7–8). The court declines to postpone ruling on the Underwriters' motion for summary judgment against Great American because, since Great American made that request, the court has dismissed all of the claims, counterclaims, and third party claims asserted between the Underwriters and Ramuji, mooting the motion for summary judgment relating to those claims.

In the alternative, Great American has presented no evidence creating a genuine dispute of material fact about whether Randy Jones & Associates or Mr. Pair were agents with the ability to bind the Underwriters. To the contrary, Great American concedes that Randy Jones & Associates and Mr. Pair were agents for the Underwriters. (Doc. 237 at 4–5 ¶¶ 2–3; *see* Doc. 243 at 2). As such, they could not bind the Underwriters. Accordingly, the court **WILL GRANT** the Underwriters' motion for summary judgment as to Great American's second request for declaratory judgment.

In its third and final request for declaratory judgment, Great American requests a declaration that the Underwriters "are liable" to Great American, as subrogree to PIB, based on acts, omissions, and misrepresentations made by Randy Jones & Associates and its employee Jon Pair. (Doc. 93 at 10 ¶ 29). The court has already ruled that Great American's third party complaint does not adequately plead that Great American is PIB's subrogee. (Doc. 111 at 18). Great American has presented no evidence to alter the court's conclusion. Because Great American is not PIB's subrogee, Great American cannot assert a claim as its subrogee. Accordingly, the court **WILL GRANT** the Underwriters' motion for summary judgment as to Great American's third request for declaratory judgment.

## III. CONCLUSION

The court **WILL GRANT** the Underwriters' motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in favor of the Underwriters and against Great American on all of Great American's requests for declaratory relief against the Underwriters. Because this ruling addresses all of Great American's remaining claims, the court will term Great American as a party.[2]

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this April 8, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

---

[2] An earlier memorandum opinion from this court indicated that Great American's claims against Randy Jones & Associates and Mr. Pair remained pending. (*See* Doc. 228 at 10). The court was mistaken. The court had already dismissed Great American's claims against Randy Jones & Associates and Mr. Pair. (*See* Doc. 111).