## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **CATLIN SYNDICATED LIMITED,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **4:16-cv-01331-ACA** |
| | ] | |
| **RAMUJI, LLC, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION</u>

Before the court is Defendant-Cross Claimant-Third Party Plaintiff Peoples

Independent Bank's ("PIB") unopposed motion for partial summary judgment on its

claims against Defendant-Crossclaim Defendant Ramuji, LLC, and Third Party

Defendant Suresh Desai.[1]  (Doc. 293).

Ramuji owned and operated a motel in Alabama.  It took out a loan secured

by a mortgage in favor of PIB, and one of its members, Suresh Desai, executed a

guaranty on the loan.  Since a fire destroyed the motel, Ramuji and Mr. Desai have

not made any payments on the loan.  PIB has declared the loan to be in default and

has initiated foreclosure proceedings.  As relevant to this motion for summary

---

[1] On July 19, 2018, PIB added Mr. Desai to the case as a third party defendant.  (Doc. 188). On August 5, 2019, Ramuji's attorney, who also represents Mr. Desai, waived the service of summons on Mr. Desai.  (Doc. 287 at 5).  PIB filed its motion for summary judgment several days later, on August 12, 2019.  (Doc. 293).  Mr. Desai, like Ramuji, had an opportunity to respond to the motion for summary judgment, but he did not do so.  Accordingly, the motion is unopposed.

judgment, PIB has asserted crossclaims against Ramuji and third party claims against Mr. Desai, claiming that: (1) PIB is entitled to recover under a promissory note executed by Ramuji and Mr. Desai; (2) Ramuji and Mr. Desai breached contracts with PIB; and (3) Mr. Desai breached a guaranty agreement with PIB. (Doc. 188 at 47–51).

Because the undisputed evidence establishes that Ramuji and Mr. Desai breached the promissory note, mortgage, guaranty, and a commercial security agreement, the court **WILL GRANT** the motion for partial summary judgment and **WILL ENTER SUMMARY JUDGMENT** in favor of PIB and against Ramuji and Mr. Desai as to their liability on PIB's claims for recovery under the promissory note, breach of contract, and breach of the guaranty. The court will defer issuing a judgment on the exact amount of damages.

## I.   BACKGROUND

On a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted). Although Ramuji and Mr. Desai did not respond to the motion for summary judgment, the court has reviewed "all of the evidentiary materials submitted in support of the motion for summary judgment." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d

2

1099, 1101–02 (11th Cir. 2004).  The court draws its description of the facts from those evidentiary materials.

In 2004, Ramuji borrowed $731,050 from PIB, and secured the loan with a mortgage on real property.  (Doc. 289-1 at 1 ¶ 4; *id.* at 4–7).  In May 2013, Ramuji, through Mr. Desai, executed a promissory note under which it agreed to pay $507,762.50—presumably the remaining principal owed at the time—together with interest.  (*Id.* at 8–9).  Ramuji also executed a commercial security agreement granting PIB a security interest in the real property (*id.* at 13–170), and Mr. Desai executed a guaranty under which he "guarantee[d] full and punctual payment and satisfaction of the indebtedness of [Ramuji] to [PIB]" (doc. 289-1 at 10–12).  The mortgage, promissory note, commercial security agreement, and guaranty provide that PIB can recover any payments made on Ramuji's behalf, including taxes, assessments, insurance, expenses, and PIB's attorneys' fees.  (*Id.* at 9, 11, 14–15).

In April 2016, a fire destroyed the motel on the real property securing the mortgage.  (*See* Doc. 289-1 at 2 ¶ 7).  Since that time, Ramuji and Mr. Desai have not made the required payments.  (*Id.*).  As of August 9, 2019, Ramuji and Mr. Desai owe PIB $719,497.02, as well as a per diem of $125.31, continued interest, costs, fees, and additional attorneys' fees.  (*Id.* at 2 ¶ 9).

## II. DISCUSSION

PIB moves for summary judgment on its claims against Ramuji and Mr. Desai, but seeks "leave to prove damages at a later date." (Doc. 293 at 2). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d at 1101.

PIB's claims are all for breach of contract: the contracts created by the promissory note, mortgage, guaranty, and commercial security agreement. To prevail on a breach of contract claim under Alabama law, the plaintiff must establish (1) the existence of a valid contract; (2) the plaintiff's own performance under the contract; (3) the defendant's nonperformance; and (4) damages. *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009). PIB has presented undisputed evidence of valid contracts, its own performance under those contracts, and Ramuji's and Mr. Desai's failure to perform. (*See generally* Doc. 289-1). PIB has also presented undisputed evidence that Ramuji's and Mr. Desai's failure to perform has damaged it. (*Id.* at 2 ¶ 9). Accordingly, even taking the facts in the light most favorable to Ramuji and Mr. Desai, summary judgment is appropriate on PIB's claims for

recovery under the promissory note, breach of contract, and breach of Mr. Desai's guaranty.

### III.    CONCLUSION

The court **WILL GRANT** PIB's motion for partial summary judgment and **WILL ENTER SUMMARY JUDGMENT** in favor of PIB and against Ramuji and Mr. Desai as to their liability on PIB's claims for recovery under the promissory note, breach of contract, and breach of the guaranty.  At PIB's request, the court will defer issuing a judgment on the exact amount of damages.

The court will enter a separate partial judgment.

**DONE** and **ORDERED** this November 4, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE