# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **CATLIN SYNDICATED LIMITED,** | ] | |
| Plaintiff, | ] ] ] | |
| v. | ] ] | 4:16-cv-01331-ACA |
| **RAMUJI, LLC, et al.,** | ] ] ] | |
| Defendants. | ] | |

## MEMORANDUM OPINION AND ORDER

Before the court is a motion for reconsideration filed by Third-Party Defendants Randy Jones & Associates, Inc. ("RJA") and Jon Pair (collectively, the "Agency Defendants"). (Doc. 371). The Agency Defendants ask this court to reconsider its opinion and order granting in part and denying in part their motion for summary judgment against Defendant-Third Party Plaintiff Ramuji, LLC. (*See* Doc. 357).

Because the court agrees that the previous memorandum opinion failed to address an argument that the Agency Defendants raised, the court **GRANTS** the motion for reconsideration. Moreover, on reconsideration, the court agrees that summary judgment is appropriate on Ramuji's breach of contract claim. Because Ramuji signed the application containing the misrepresentations that led to the rescission of its insurance policy, Ramuji cannot show that the Agency Defendants'

actions caused its damages. Accordingly, the court **GRANTS** the Agency Defendants' motion for summary judgment on the breach of contract claim. (Doc. 279).

I. BACKGROUND

In deciding a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

The court described the facts underlying this part of the case in detail in its previous memorandum opinion, and will not repeat them all here. (*See* Doc. 357 at 4–7). Essentially, Ramuji contracted with the Agency Defendants to procure a commercial insurance policy covering a motel that Ramuji owned. Taken in the light most favorable to Ramuji, the evidence shows that although Ramuji disclosed certain judgments and liens against it, the Agency Defendants misrepresented on the insurance application that Ramuji had no judgments or liens. The Agency Defendants also failed to disclose on the application the identity of Ramuji's mortgagee, People's Independent Bank ("PIB"). The Agency Defendants had Ramuji's sole member, Suresh Desai, sign the signature page of the application, although he did not read the content of the application because they did not give those pages to him. An insurer issued a policy covering the motel, but after a fire

2

damaging the motel, the insurer learned of the misrepresentations on the application and rescinded the policy, leaving Ramuji (and PIB) without compensation from that policy.

After the insurer filed a declaratory judgment lawsuit against Ramuji, Ramuji asserted third party claims against the Agency Defendants. (Doc. 167 at 13–19). Count Three of the third party complaint was a claim for breach of contract. (*Id.* at 16–17). Ramuji alleged that although the Agency Defendants contracted with Ramuji to procure an insurance policy that would protect the motel, their failure to ensure that the application was filled out correctly resulted in the insurer's rescission of the policy, leaving both Ramuji and PIB unprotected by property insurance. (*Id.*).

The Agency Defendants and Ramuji filed cross-motions for summary judgment. (Docs. 269, 279). Despite a briefing schedule entered by the court (doc. 280), the Agency Defendants filed convoluted pleadings, including one purporting to be a reply in support of their motion and an untimely response in opposition to Ramuji's motion (doc. 304 at 1 & n.1).[1] This heavily increased the burden on the court in evaluating the cross-motions for summary judgment, making it very difficult to keep track of disputed facts and issues.[2]

---

[1] Although the court will not attempt to summarize the briefing on another set of cross-motions for summary judgment under submission at the same time as this set of cross-motions, it was even more convoluted. (*See* Docs. 266, 274, 291, 301, 310, 314 323, 324, 334, 339).

[2] For instance, the initial order entered in this case sets out in detail how to brief motions for summary judgment. (Doc. 3 at 15–19). Among those requirements, the initial order requires

3

With that background in mind, the court has reviewed the briefs again. In the Agency Defendants' motion for summary judgment, they have a brief section dedicated to the question of whether Ramuji can demonstrate causation on its breach of contract claim. (Doc. 279 at 28–30). Although most of the section relates to Ramuji's claim that the failure to add PIB as a mortgagee was a breach of the contract, one short paragraph argues that Ramuji caused its own damages by signing the application. (*Id.* at 29). The Agency Defendant's reply (which also served as its only response to Ramuji's motion for summary judgment) also mentioned the same issue in passing. (Doc. 304 at 11). In response, Ramuji argued that even if Mr. Desai had read the application and noticed the misrepresentations, the insurer would still not have issued a policy covering Ramuji's motel, and Ramuji would still be uninsured. (Doc. 299 at 38–39).

This court denied the Agency Defendants' motion for summary judgment as to the breach of contract claim. (Doc. 357 at 18–20). The court—faced with briefing that required a chart to decipher—conflated the Agency Defendants' causation and

---

the moving party to set out a statement of undisputed facts in separately numbered paragraphs, and the non-moving party to dispute any of those facts "in separately numbered paragraphs that coincide with those of the moving party's claimed undisputed facts." (*Id.* at 16–17). This requirement allows the court to quickly discern what facts are in dispute. However, because the Agency Defendants used their reply brief in support of *their* motion for summary judgment as a response brief in opposition to *Ramuji's* motion for summary judgment, their statement disputing facts was responsive only to Ramuji's response brief, not to its motion for summary judgment. (*See* Doc. 269 at 2–7; Doc. 304 at 7–10).

4

merger doctrine arguments and concluded that, because the merger doctrine did not apply to this claim, summary judgment was inappropriate. (*Id.* at 19).

I. **DISCUSSION**

The court will first address the Agency Defendants' motion for reconsideration and, after explaining why reconsideration is warranted, will move on to the motion for summary judgment on Count Three.

1. Motion for Reconsideration

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006). Motions for reconsideration should not be a "knee-jerk reaction to an adverse ruling." *Id.* (quotation marks omitted). Neither should a motion for reconsideration be "a platform to relitigate arguments previously considered and rejected." *Id.* at 1268 n.9. Rather, reconsideration is available only "when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

In their motion for reconsideration, the Agency Defendants reiterate several of arguments that this court has already considered and rejected, including the application of the merger doctrine to the breach of contract claim at issue. (*See* Doc.

371 at 4 n.3, 8–10). The court will not reconsider those arguments. *See Rueter*, 440 F. Supp. 2d at 1268 n.9.

However, the Agency Defendants also point out that they raised an argument in their briefing that this court did not address—the argument that because Ramuji signed the application, it is responsible for its own damages. (Doc. 371 at 4–5). On review of the briefing, the court agrees that the Agency Defendants raised that argument sufficiently to have preserved it—barely. Because the court should have considered that argument, the court **GRANTS** the motion for reconsideration and will reconsider the Agency Defendants' motion for summary judgment on the breach of contract claim as to that argument.

2. Motion for Summary Judgment

In deciding a motion for summary judgment, the court must determine whether, accepting the evidence in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In Alabama, when an insurance broker fails in the duties he assumes, one can sue him . . . for breach of contract." *First Alabama Bank of Montgomery, N.A. v. First State Ins. Co.*, 899 F.2d 1045, 1067 (11th Cir. 1990); *see also Highlands Underwriters Ins. Co. v. Elegante Inns, Inc.*, 361 So. 2d 1060, 1065 (Ala. 1978). To prevail on a breach of contract claim, the plaintiff must establish (1) the existence of a valid contract; (2) the plaintiff's own performance under the contract; (3) the

defendant's nonperformance; and (4) that the breach of the contract caused damages. *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009); *see Kennedy v. Boles Investments, Inc.*, 53 So. 3d 60, 74 (Ala. 2010).

The contract at issue in this case is Ramuji and the Agency Defendants' agreement, under which the Agency Defendants agreed to procure an insurance policy for Ramuji in exchange for a percentage of the insurance premium. The court has determined that disputes of fact exist from which a reasonable jury could find that the Agency Defendants breached the contract to procure insurance. But the court must now address whether a reasonable jury could find that the Agency Defendants' breach caused Ramuji's damages. Ramuji contends that the Agency Defendants' misrepresentations on the application caused the insurer to rescind the policy, leaving Ramuji and its insurer without coverage for the fire at the motel and causing its damages. As the court explained in the previous memorandum opinion, Ramuji has presented evidence from which a reasonable jury could find those facts.

However, it is undisputed that the insurance application included a signature line stating: "THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE INQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE REPRESENTS THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE."

7

(Doc. 294-7 at 11). Ramuji's agent, Mr. Desai, testified that he signed the application, even though the Agency Defendants did not give him the full application and he never read it. (Doc. 294-1 at 5–6).

As a general matter of contract law, Alabama courts hold that "[a] person who signs a contract document is on notice of the terms therein and is bound thereby, even if he or she fails to read the document. There is a general duty on the part of a person to read the documents received in connection with any transaction." *Smith v. First Commercial Bank of Huntsville, Inc.*, 962 So. 2d 221, 232 (Ala. Civ. App. 2006) (citation and quotation marks omitted). Ramuji's agent had a duty to review the application that he was signing. *See Smith*, 962 So 2d at 232. Had he done so, he would have seen that the application contained material misrepresentations and omissions, and he could have corrected them, ensuring that whatever insurer elected to issue a policy had no grounds for a later rescission. He could have prevented the Agency Defendants' breach of the contract to procure insurance from causing the damages that Ramuji suffered from the issuance of a policy that was due to be rescinded.

In light of the undisputed fact that Mr. Desai signed the application stating that he had read the application and that the answers were true to the best of his knowledge, Ramuji cannot establish that the Agency Defendants' breach of the

8

contract to procure insurance caused its damages. The Agency Defendants are entitled to summary judgment on Ramuji's breach of contract claim.

## II. CONCLUSION

The court **GRANTS** the Agency Defendants' motion for reconsideration. On reconsideration, the court **GRANTS** the Agency Defendants' motion for summary judgment on Ramuji's breach of contract claim and **WILL ENTER SUMMARY JUDGMENT** in favor of the Agency Defendants and against Ramuji on Count Three. The grant of summary judgment in favor of the Agency Defendants resolves the last remaining claim in this case. Accordingly, the court will enter a final judgment in accordance with this memorandum opinion and order.

**DONE** and **ORDERED** this February 24, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE